1 | **DYKEMA GOSSETT LLP**
DANIEL J. STEPHENSON, SBN: 270722
2 | *dstephenson@dykema.com*
ALLAN GABRIEL, SBN: 76477
3 | *agabriel@dykema.com*
VIVIAN S. LEE, SBN: 273274
4 | *vlee@dykema.com*
333 South Grand Avenue, Suite 2100
5 | Los Angeles, California 90071
Telephone: (213) 457-1800
6 | Facsimile: (213) 457-1850

7 | Attorneys for Defendant
LENOVO, INC.

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SOUTHERN DIVISION**

11 | GARRETT KACSUTA, individually
and on behalf of all others similarly
12 | situated,

Case No. 8:13-CV-00316-CJC (RNBx)

[Assigned to the Hon. Cormac J. Carney]

13 | Plaintiff,

**DEFENDANT LENOVO'S ANSWER
TO PLAINTIFF GARRETT
KACSUTA'S FIRST AMENDED
CLASS ACTION COMPLAINT**

14 | vs.

15 | LENOVO (United States), Inc., a
Delaware Corporation,

16 | Defendant.

**DEMAND FOR JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

*DYKEMA GOSSETT LLP*
*333 SOUTH GRAND AVENUE, SUITE 2100*
*LOS ANGELES, CALIFORNIA 90071*

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1    Defendant Lenovo (United States), Inc. ("Lenovo"), in answer to Plaintiff

2   Garrett Kacsuta's ("Plaintiff") First Amended Class Action Complaint ("FAC")

3   admits, denies, and alleges as follows:

4                          **NATURE OF THE ACTION**

5        1.     On information and belief, Lenovo admits that Plaintiff purchased a

6   Lenovo U310 Ultrabook laptop computer on January 29, 2013.  Lenovo lacks

7   knowledge or information sufficient to form a belief as to the truth of the remaining

8   allegations in paragraph 1 of the FAC regarding the Plaintiff's purchase of the

9   Lenovo U310 laptop computer and on that basis, denies them.

10       2.     Lenovo admits that it sells laptop computers, including the U310, U410,

11  and U510 "U Series" laptop computers.  Because the remaining allegations in

12  paragraph 2 of the FAC are vague, Lenovo lacks knowledge and information

13  sufficient to form a belief as to truth of the remaining allegations in paragraph 2 of

14  the FAC and on that basis, denies them.

15       3.     Lenovo admits that Plaintiff brings this action, but denies each and every

16  other remaining allegation in paragraph 3 of the FAC.  Lenovo alleges that the FAC

17  speaks for itself.

18       4.     Lenovo admits that it issued press releases on or about June 4, 2012 and

19  on or about August 31, 2012, but alleges that these press releases speak for

20  themselves.  Lenovo denies each and every other remaining allegation in paragraph 4

21  of the FAC.

22       5.     Lenovo denies each and every allegation of paragraph 5 of the FAC.

23       6.     Lenovo denies each and every allegation of paragraph 6 of the FAC.

24       7.     Lenovo admits that after it began selling the Lenovo U Series

25  Computers, there were complaints from some purchasers.  Lenovo admits that it

26  made an announcement on or about August 9, 2012 that it had implemented a design

27  update in connection with the U310 and U410 models manufactured on or about July

28  23, 2013.  Lenovo admits that on or about August 9, 2012, Lenovo posted a Forum

1

1   post stating that Lenovo customers with U310 and U410 manufactured before July 23

2   who experienced lower than expected wireless performance should contact Lenovo

3   support to schedule service.  Lenovo denies each and every other remaining

4   allegation in paragraph 7 of the FAC.

5       8.    Lenovo denies each and every allegation of paragraph 8 of the FAC.

6       9.    Lenovo denies each and every allegation of paragraph 9 of the FAC.

7       10.    Lenovo denies each and every allegation of paragraph 10 of the FAC.

8       11.    Lenovo responds that Plaintiff's allegations in paragraph 11 of the FAC

9   speak for themselves.

10  **THE PARTIES**

11      12.    Lenovo lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations regarding the Plaintiff's citizenship or residence, what

13  Plaintiff reviewed prior to allegedly purchasing a Lenovo U Series Computer, what

14  Plaintiff allegedly relied upon, whether he allegedly purchased his Lenovo U Series

15  Computer in the State of California, or Plaintiff's allegations pertaining to his

16  experience with his Lenovo U Series Computer and on that basis, denies them.

17  Lenovo denies each and every other remaining allegation in paragraph 12 of the FAC.

18      13.    Lenovo admits that it is incorporated in Delaware and maintains its

19  principal executive offices in the United States at 1009 Think Place, Morrisville,

20  North Carolina, 27560.  Lenovo admits that Lenovo Group, Ltd. acquired

21  substantially all of IBM's Personal Computing Division in 2005, and not in 2006 as

22  Plaintiff alleges.  Lenovo admits that it is at least the second-largest vendor of

23  personal computers.  Lenovo further admits that it transacted substantial business in

24  the State of California through the advertising, marketing, and sale of its products,

25  including the Lenovo U Series Notebooks.  Lenovo denies each and every remaining

26  allegation in paragraph 13 of the FAC.

27  **JURISDICTION AND VENUE**

28      14.    Lenovo admits that it is a citizen of North Carolina and Delaware.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332 and on that basis, denies them. Lenovo denies each and every other remaining allegation in paragraph 14 of the FAC.

15.    Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 regarding the Court's jurisdiction pursuant to 28 U.S.C. § 1332(d) and on that basis, denies them.

16.    Lenovo admits the allegations of paragraph 16 of the FAC that this Court has personal jurisdiction over Lenovo.

17.    Lenovo admits the allegations of paragraph 17 of the FAC that Venue is proper in this District.

## SUBSTANTIVE ALLEGATIONS

18.    Lenovo admits the allegations of paragraph 18 of the FAC.

19.    Lenovo admits the allegations of paragraph 19 of the FAC.

20.    Lenovo admits the allegations of paragraph 20 of the FAC.

21.    Lenovo admits the allegations of paragraph 21 of the FAC.

22.    Lenovo admits the allegations of paragraph 22 of the FAC, except for the allegation that all laptops, smart phones, and tables come with built-in Wi-Fi capability.

23.    Lenovo admits the allegation in paragraph 23 of the FAC that "Wi-Fi range" typically refers to the radius distance an Access Point's signal can reach. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the FAC and on that basis, denies them.

24.    Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the FAC and on that basis, denies them.

25.    In response to the allegations in paragraph 25 of the FAC, Lenovo alleges that the *2011 WBA Industry Report* entitled *Global Developments in Public Wi-Fi* speaks for itself.  Lenovo lacks knowledge or information sufficient to form a

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

belief as to the truth of the remaining allegations in paragraph 25 of the FAC and on that basis, denies them.

26.    In response to the allegations in paragraph 26 of the FAC, Lenovo alleges that the *2011 WBA Industry Report* speaks for itself.  Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the FAC and on that basis, denies them.

27.    In response to the allegations in paragraph 27 of the FAC, Lenovo alleges that the *2011 WBA Industry Report* speaks for itself.  Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the FAC and on that basis, denies them.

28.    Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the FAC and on that basis, denies them.

29.    Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the FAC and on that basis, denies them.

30.    In response to the allegations in paragraph 30 of the FAC, Lenovo admits that it issued a press release on or about January 8, 2012, but alleges that the press release speaks for itself.

31.    In response to the allegations in paragraph 31 of the FAC, Lenovo admits that it issued a press release on or about June 4, 2012, but alleges that the press release speaks for itself.

32.    Lenovo admits the allegations in paragraph 32 of the FAC.

33.    Lenovo denies each and every allegation of paragraph 33 of the FAC.

34.    Lenovo admits that after it began selling the Lenovo U Series Computers, there were complaints from some purchasers and admits that it implemented a design update that improved Wi-Fi throughput for many users. Lenovo alleges that the forums.lenovo.com, reviews.lenovo.com, and hardwarezone.com posts speak for themselves.  Lenovo denies each and every other remaining allegation in paragraph 34 of the FAC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

4

1    35.    Lenovo denies the existence of a defect in the Lenovo U Series
2    Computers.  Lenovo lacks knowledge or information sufficient to form a belief as to
3    the truth of the allegations in paragraph 35 of the FAC and on that basis, denies them.
4    36.    Lenovo denies the existence of a defect in the Lenovo U Series
5    Computers.  Lenovo lacks knowledge or information sufficient to form a belief as to
6    the truth of the remaining allegations in paragraph 36 of the FAC and on that basis,
7    denies them.
8    37.    Lenovo lacks knowledge or information sufficient to form a belief as to
9    the truth of the allegations in paragraph 37 of the FAC and on that basis, denies them.
10   38.    Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social
11   Media (Services), posted a Forum post in connection with the design update made to
12   U310 and U410 models manufactured after on or about July 23, 2012, but alleges that
13   Forum post speaks for itself.  Lenovo lacks knowledge or information sufficient to
14   form a belief as to the truth of the remaining allegations in paragraph 38 of the FAC
15   and on that basis, denies them.
16   39.    Lenovo lacks knowledge or information sufficient to form a belief as to
17   the truth of the allegations in paragraph 39 of the FAC and on that basis, denies them.
18   40.    Lenovo lacks knowledge or information sufficient to form a belief as to
19   the truth of the allegations in paragraph 40 of the FAC and on that basis, denies them.
20   41.    Lenovo lacks knowledge or information sufficient to form a belief as to
21   the truth of the allegations in paragraph 41 of the FAC and on that basis, denies them.
22   42.    Lenovo denies the existence of a defect in the Lenovo U Series
23   Computers.  Lenovo lacks knowledge or information sufficient to form a belief as to
24   the truth of the remaining allegations in paragraph 42 of the FAC and on that basis,
25   denies them.
26   43.    Lenovo lacks knowledge or information sufficient to form a belief as to
27   the truth of the allegations in paragraph 43 of the FAC and on that basis, denies them.
28   44.    Lenovo lacks knowledge or information sufficient to form a belief as to

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

5

the truth of the allegations in paragraph 44 of the FAC and on that basis, denies them.

45. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the FAC and on that basis, denies them.

46. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the FAC and on that basis, denies them.

47. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the FAC and on that basis, denies them.

48. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the FAC and on that basis, denies them.

49. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the FAC and on that basis, denies them.

50. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the FAC and on that basis, denies them.

51. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the FAC and on that basis, denies them.

52. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the FAC and on that basis, denies them.

53. Lenovo denies the existence of a defect in the Lenovo U Series Computers. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the FAC and on that basis, denies them.

54. Lenovo denies the existence of a defect in the Lenovo U Series Computers. Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the FAC and on that basis, denies them.

55. Lenovo denies each and every allegation in paragraph 55 of the FAC.

56. Lenovo denies each and every allegation in paragraph 56 of the FAC.

57. Lenovo denies each and every allegation in paragraph 57 of the FAC.

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

58.     Lenovo admits that it provides the opportunity for people with interest in its products to share knowledge and information about Lenovo's products online on a portion of Lenovo's website called the "Lenovo Community."  Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the FAC and on that basis, denies them.

59.     Lenovo denies each and every allegation in paragraph 59 of the FAC.

60.     Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the FAC and on that basis, denies them. Lenovo alleges that the Forum posts speak for themselves.

61.     In response to the allegations in paragraph 61 of the FAC, Lenovo admits that a Lenovo staff member posted a Forum post on or about July 8, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 61 of the FAC.

62.     In response to the allegations in paragraph 62 of the FAC, Lenovo admits that a Lenovo staff member posted a Forum post (Message 26, and not Message 25 as alleged by Plaintiff) on or about July 10, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 62 of the FAC.

63.     In response to the allegations in paragraph 63 of the FAC, Lenovo admits that a Lenovo staff member posted a Forum post on or about July 11, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 63 of the FAC.

64.     In response to the allegations in paragraph 64 of the FAC, Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted a Forum post on or about July 12, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 64 of the FAC.

65.     In response to the allegations in paragraph 65 of the FAC, Lenovo

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted a Forum post on or about July 16, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 65 of the FAC.

66.    In response to the allegations in paragraph 66 of the FAC, Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted a Forum post on or about July 17, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 66 of the FAC.

67.    In response to the allegations in paragraph 67 of the FAC, Lenovo admits that a Lenovo staff member posted a Forum post on or about July 20, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 67 of the FAC.

68.    In response to the allegations in paragraph 68 of the FAC, Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted a Forum post on or about July 24, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 68 of the FAC.

69.    In response to the allegations in paragraph 69 of the FAC, Lenovo alleges that the Ultrabook News article published on or about August 8, 2012, entitled, "Lenovo IdeaPad U310/U410 WiFi Issues" speaks for itself.

70.    In response to the allegations in paragraph 70 of the FAC, Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted a Forum post on or about August 9, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 70 of the FAC.

71.    In response to the allegations in paragraph 71 of the FAC, Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services),

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

8

posted a Forum post on or about August 9, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 71 of the FAC.

72.    In response to the allegations in paragraph 72 of the FAC, Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted a Forum post on or about August 9, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 72 of the FAC.

73.    In response to the allegations in paragraph 73 of the FAC, Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted a Forum post on or about August 14, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 73 of the FAC.

74.    In response to the allegations in paragraph 74 of the FAC, Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted a Forum post on or about August 14, 2012, but alleges that the Forum post speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 74 of the FAC.

75.    Lenovo denies each and every allegation in paragraph 75 of the FAC.

76.    Lenovo admits that Mark Hopkins, Program Manager of Lenovo Social Media (Services), posted on the Forum posts that this "is a hardware fix" and that the "fix involves some RF shielding."  Lenovo denies each and every other remaining allegation in paragraph 76 of the FAC.

77.    Lenovo denies each and every allegation in paragraph 77 of the FAC.

78.    Lenovo denies each and every allegation in paragraph 78 of the FAC, but alleges that the ultrabooknews.com, forums.lenovo.com, reviews.lenovo.com, Amazon.com, slickdeals.net, and facebook.lenovo.com posts speak for themselves.

79.    Lenovo denies each and every allegation in paragraph 79 of the FAC.

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

80.     Lenovo admits the allegations in paragraph 80 of the FAC, but alleges that the Lenovo Limited Warranty speaks for itself.

81.     Lenovo denies each and every allegation in paragraph 81 of the FAC, but alleges that the ultrabooknews.com, forums.lenovo.com, reviews.costsco.com, Amazon.com, and facebook.com/Lenovo posts speak for themselves.

82.     Lenovo denies each and every allegation in paragraph 82 of the FAC.

83.     Lenovo denies the existence of a defect in the Lenovo U Series Computers.  Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and on that basis, denies them.

84.     Lenovo denies the existence of a defect in the Lenovo U Series Computers.  Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 and on that basis, denies them.

## CLASS ACTION ALLEGATIONS

85.     Lenovo admits that Plaintiff purports to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Lenovo denies each and every other remaining allegation in paragraph 85 of the FAC.

86.     Lenovo responds that Plaintiff's allegations in paragraph 86 of the FAC speak for themselves.

87.     Lenovo denies each and every allegation in paragraph 87 of the FAC.

88.     Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the FAC and on that basis, denies them. Lenovo denies each and every other remaining allegation in paragraph 88 of the FAC.

89.     Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the FAC and on that basis, denies them.

90.     Lenovo denies each and every allegation in paragraph 90 of the FAC.

91.     Lenovo responds that Plaintiff's allegations in paragraph 91 of the FAC speak for themselves.

92.     Lenovo responds that Plaintiff's allegations in paragraph 92 of the FAC

speak for themselves.

## COUNT I

**(By Plaintiff, Individually and on Behalf of All Class Members that Purchased A Lenovo U Series Computer in the State of California, for Violations of the California Consumers Legal Remedies Act,**

**CAL. CIV. CODE §§ 1750 *et seq.*)**

93.     In response to the allegations in paragraph 93 of the FAC, Lenovo realleges and incorporates herein by this reference their responses to the allegations contained in the foregoing paragraphs.

94.     Lenovo denies each and every allegation in paragraph 94 of the FAC. Lenovo alleges that the CLRA speaks for itself.

95.     Lenovo responds that Plaintiff's allegation in paragraph 95 of the FAC speaks for itself.

96.     Lenovo admits that the Lenovo U Series Computers are "goods" under Cal. Civ. Code § 1761(a) and that Plaintiff purports to be a "consumer" under Cal. Civ. Code. § 1761(d).  Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and on that basis, denies them.

97.     In response to the allegations in paragraph 97 of the FAC, Lenovo alleges that the CLRA speaks for itself.

98.     Lenovo denies each and every allegation in paragraph 98 of the FAC.

99.     In response to Plaintiff's allegations in paragraph 99 regarding the reasonable consumer, Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the FAC and on that basis, denies them.  Lenovo denies each and every other remaining allegation in paragraph 99 of the FAC.

100.     In response to Plaintiff's allegations in paragraph 100 regarding Plaintiff's reliance, Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the FAC and on that basis, denies

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

them.  Lenovo denies each and every other remaining allegation in paragraph 100 of the FAC.

101.   Lenovo denies each and every allegation in paragraph 101 of the FAC.

102.   Lenovo denies each and every allegation in paragraph 102 of the FAC.

<u>**COUNT II**</u>

**(By Plaintiff, Individually and on Behalf of All Class Members that Purchased A Lenovo U Series Computer in the State of California, for Violations of the California Consumers Legal Remedies Act,**

**CAL. CIV. CODE §§ 1750 *et seq*.)**

103.   In response to the allegations of paragraph 103 of the FAC, Lenovo realleges and incorporates herein by this reference their responses to the allegations contained in the foregoing paragraphs.

104.   Lenovo denies each and every allegation in paragraph 104 of the FAC. Lenovo alleges that the CLRA speaks for itself.

105.   Lenovo responds that Plaintiff's allegation in paragraph 105 of the FAC speaks for itself.

106.   Lenovo admits that the Lenovo U Series Computers are "goods" under Cal. Civ. Code § 1761(a) and that Plaintiff purports to be a "consumer" under Cal. Civ. Code. § 1761(d).  Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 and on that basis, denies them.

107.   In response to the allegations in paragraph 107 of the FAC, Lenovo alleges that the CLRA speaks for itself.

108.   Lenovo denies each and every allegation in paragraph 108 of the FAC.

109.   In response to Plaintiff's allegations in paragraph 109 regarding the reasonable consumer, Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the FAC and on that basis, denies them.  Lenovo denies each and every other remaining allegation in paragraph

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

12

109 of the FAC.

110.    In response to Plaintiff's allegations in paragraph 110 regarding Plaintiff's reliance, Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the FAC and on that basis, denies them.  Lenovo denies each and every other remaining allegation in paragraph 110 of the FAC.

111.    Lenovo denies each and every allegation in paragraph 111 of the FAC.

112.    Lenovo admits that on or about March 13, 2013, Plaintiff wrote to Lenovo to purportedly provide Lenovo notice pursuant to Cal. Civ. Code § 1782(a).  Lenovo, however, denies that Plaintiff's letter complied with the notice requirements set forth in the Cal. Civ. Code § 1782(a).  Lenovo alleges that Plaintiff's March 13, 2013 CLRA Letter speaks for itself.  Lenovo denies each and every other remaining allegation in paragraph 112 of the FAC.

113.    Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the FAC and on that basis, denies them.

114.    Lenovo denies each and every allegation in paragraph 114 of the FAC.

## COUNT III

**(By Plaintiff, Individually and on Behalf of All Class Members that Purchased A Lenovo U Series Computer in the State of California for Violations of the Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200 *et seq*.)**

115.    In response to the allegations of paragraph 115 of the FAC, Lenovo realleges and incorporates herein by this reference their responses to the allegations contained in the foregoing paragraphs.

116.    Lenovo denies each and every allegation in paragraph 116 of the FAC.

117.    In response to the allegations in paragraph 117 of the FAC, Lenovo alleges that the UCL speaks for itself.

118.    In response to the allegations in paragraph 118 of the FAC, Lenovo

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

13

1    alleges that the UCL speaks for itself.

2    119.    Lenovo denies each and every allegation in paragraph 119 of the FAC.

3    120.    Lenovo denies each and every allegation in paragraph 120 of the FAC.

4    121.    Lenovo lacks knowledge or information sufficient to form a belief as to
5    the truth of the allegations in paragraph 121 of the FAC and on that basis, denies
6    them.

7    122.    Lenovo responds that Plaintiff's allegations in paragraph 122 of the FAC
8    speak for themselves.

9    **<u>COUNT IV</u>**

10   **(By Plaintiff, Individually and on Behalf of All Class Members Who Purchased a**

11   **Lenovo U Series Computer, at Retail, in the State of California for Breach Of**

12   **Implied Warranty Under the Song-Beverly Consumer Warranty Act,**

13   **CAL. CIV. CODE §§ 1792 *et seq.*)**

14   123.    Pursuant to the Court's July 16, 2013 Order Granting In Part
15   Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

16   124.    Pursuant to the Court's July 16, 2013 Order Granting In Part
17   Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

18   125.    Pursuant to the Court's July 16, 2013 Order Granting In Part
19   Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

20   126.    Pursuant to the Court's July 16, 2013 Order Granting In Part
21   Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

22   127.    Pursuant to the Court's July 16, 2013 Order Granting In Part
23   Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

24   128.    Pursuant to the Court's July 16, 2013 Order Granting In Part
25   Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

26   129.    Pursuant to the Court's July 16, 2013 Order Granting In Part
27   Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

28   130.    Pursuant to the Court's July 16, 2013 Order Granting In Part

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

14

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

## COUNT V

**(Alternatively, By Plaintiff, Individually and on Behalf of All California Class Members Who Purchased A Lenovo U Series Computer in the State of California for Breach of Implied-In-Law Contract Under California Law)**

131.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

132.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

133.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

134.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

135.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

136.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

137.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

138.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

## COUNT VI

**(By Plaintiff, Individually and on Behalf of a Nationwide Class Comprised of Persons Who Purchased A Lenovo U Series Computer for Breach Of Express Warranty Under N.C. GEN. STAT. § 25-2-313)**

139.   Pursuant to the Court's July 16, 2013 Order Granting In Part Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

140.   Pursuant to the Court's July 16, 2013 Order Granting In Part

15

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1    Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

2        141.   Pursuant to the Court's July 16, 2013 Order Granting In Part

3    Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

4        142.   Pursuant to the Court's July 16, 2013 Order Granting In Part

5    Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

6        143.   Pursuant to the Court's July 16, 2013 Order Granting In Part

7    Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

8        144.   Pursuant to the Court's July 16, 2013 Order Granting In Part

9    Defendant's Motion to Dismiss [Dkt. No. 32], no response from Lenovo is required.

10                    **AFFIRMATIVE DEFENSES**

11        As and for separate and affirmative defenses to the First Amended Class

12   Action Complaint, without admitting any of Plaintiff's allegations or conceding the

13   burden of proof as to any issue found to be an element of any of Plaintiff's claims

14   rather than an element of an affirmative defense, Lenovo alleges the following

15   affirmative defenses:

16                **FIRST AFFIRMATIVE DEFENSE**

17                    (Failure To State A Claim)

18        145.   As a separate and first affirmative defense to the FAC and each

19   purported cause of action contained therein, Lenovo alleges that the FAC and each

20   purported cause of action fails to state a claim sufficient to constitute a cause of

21   action against Lenovo upon which relief can be granted.

22               **SECOND AFFIRMATIVE DEFENSE**

23          (Failure to Plead Fraud Based Claims With Particularity

24               Pursuant to Fed. R. Civ. P. 9(b))

25        146.   As a separate and second affirmative defense to the FAC and each

26   purported cause of action contained therein, Lenovo alleges that Plaintiff's claims are

27   barred because Plaintiff has failed to allege its claims based in fraud with the requisite

28   particularity pursuant to Federal Rule of Civil Procedure 9(b).

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

147.   As a separate and third affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that Plaintiff and/or other putative class members lack standing to assert the claims or injuries alleged and/or have not been injured or damaged as a result of Lenovo's actions.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Condition Precedent Pursuant To The Notice Requirements Under Cal. Civ. Code § 1782)

148.   As a separate and fourth affirmative defense to the second cause of action for relief in Plaintiff's FAC, and to each alleged fact contained therein, Lenovo alleges that the Plaintiff's second cause of action fails due to Plaintiff's and/or the putative class members' failure to comply with notice and demand requirements set forth under Cal. Civ. Code § 1782.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith/Bona Fide Error)

149.   As a separate and fifth affirmative defense to the FAC and to the second and third purported causes of action contained therein, without admitting any alleged violation of the California Consumer Legal Remedies Act, Lenovo asserts that any alleged violation was not intentional, but rather resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error, and Lenovo made appropriate correction once notified of the error.

## SIXTH AFFIRMATIVE DEFENSE

### (Conduct Not "Likely to Mislead")

150.   As a separate and sixth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that the challenged conduct or asserted omissions in the FAC are not "likely to mislead" an ordinary consumer, and thus has not resulted in any actual injury.

17

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## SEVENTH AFFIRMATIVE DEFENSE

### (Misuse)

151.    As a separate and seventh affirmative defense to the FAC and each purported cause of action contained therein, Lenovo asserts that any damages suffered by Plaintiff were proximately caused and occasioned by the misuse or improper use of the product in question, and therefore Plaintiff's claims are barred.

## EIGHTH AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

152.    As a separate and eighth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo asserts that the FAC may be barred, in whole or in part, due to Plaintiff's and/or the putative class members' spoliation of evidence.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

153.    As a separate and ninth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that as a result of Plaintiff's own conduct, he has waived any claim for relief in conjunction therewith, and thus, is barred or precluded from maintaining such action or obtaining any judgment or relief whatsoever against Lenovo.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

154.    As a separate and tenth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the FAC by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

155.    As a separate and eleventh affirmative defense to the FAC and each

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

purported cause of action contained therein, Lenovo alleges that Plaintiff's UCL and CLRA claims are barred by the Economic Loss Rule.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

156.   As a separate and twelfth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that Plaintiff's claims, if any, are barred for his failure, and/or the failure of the persons and/or entities acting on its behalf, to mitigate any purported damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

157.   As a separate and thirteenth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that Plaintiff's claims, if any, are barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Injury or Damages)

158.   As a separate and fourteenth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that Plaintiff has not suffered any injury or any damages as a result of conduct attributable to Lenovo.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Causation and/or Comparative Fault)

159.   As a separate and sixteenth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that damages sustained by Plaintiff, if any, were caused by, or the result of, acts and/or omissions or circumstances over which Lenovo has no responsibility or control.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

160.   As a separate and fifteenth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that Plaintiff would be

19

unjustly enriched if allowed to recover on the FAC.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

161.   As a separate and seventeenth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo alleges that any putative class member who received a hardware update, replacement, settlement, or payment from Lenovo as a result of any alleged defect, as well as those who did not incur any out of pocket costs, are barred from any recovery by the doctrine of accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

162.   As a separate and eighteenth affirmative defense to the FAC and each purported cause of action contained therein, Plaintiff's class claims are barred in whole or in part because this action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

163.   As a separate and nineteenth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo asserts that the injury or damage suffered by Plaintiff, if any there be, would be adequately compensated in an action at law for damages, and as a result, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Threat of Future Harm)

164.   As a separate and twentieth affirmative defense to the FAC and each purported cause of action contained therein, Lenovo asserts that Plaintiff is not entitled to injunctive relief because there is no threat of future harm to him and/or any putative class members.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Injunction Tantamount to Damages)

165.   As a separate and twenty-first affirmative defense to the FAC and each purported cause of action contained therein, Lenovo asserts that Plaintiff is not entitled to an injunction in the form of a common fund to repair the purported class members' computers because the Plaintiff and/or the purported class members cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Reservation of Other Affirmative Defenses)

166.   Lenovo reserves the right to amend this Answer to assert additional affirmative and other defenses as may be established by the evidence in this case.

WHEREFORE, Defendant Lenovo prays for judgment as follows:

1.   That Plaintiff's First Amended Class Action Complaint shall be dismissed with prejudice;

2.   That Plaintiff take nothing by this action;

3.   That Lenovo shall be awarded costs of suit herein;

4.   That Lenovo shall be awarded attorneys' fees and prejudgment interest; and

5.   For other such relief as the Court deems just and proper.

Dated:    July 30, 2013            DYKEMA GOSSETT LLP

By: */s/ Daniel J. Stephenson*
Daniel J. Stephenson
Allan Gabriel
Vivian S. Lee
Attorneys for Defendant
LENOVO (UNITED STATES), INC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

# **DEMAND FOR JURY TRIAL**

Defendant Lenovo, Inc. hereby demands a trial by jury.

Dated:     July 30, 2013                    DYKEMA GOSSETT LLP

By: */s/ Daniel J. Stephenson*
    Daniel J. Stephenson
    Allan Gabriel
    Vivian S. Lee
    Attorneys for Defendant
    LENOVO (UNITED STATES), INC.

DEFENDANT LENOVO'S ANSWER TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT