Paul R. Kiesel, State Bar No. 119854
  kiesel@kbla.com
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:  310-854-4444
Fax: 310-854-0812

Paul O. Paradis, Esq.
  pparadis@hhplawny.com
Gina M. Tufaro, Esq.
PARADIS LAW GROUP, PLLC
570 7th Avenue, 20th Floor
New York, NY 10018
Tel:   212-986-4500
Fax:   212-986-4501

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT KACSUTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (United States) Inc.,<br><br>Defendant. | Case No. SACV 13-00316-CJC(RNBx)<br><br>**DECLARATION OF GINA M. TUFARO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Hearing Date: September 8, 2014<br>Time: 1:30 p.m.<br>Department: Courtroom 9B<br>Judge: Cormac J. Carney |

1

DECLARATION OF GINA M. TUFARO IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

I, GINA M. TUFARO, declare under penalty of perjury under the laws of the United States as follows:

1.     I am an attorney duly licensed to practice in the State of New York.  I have been admitted *pro hac vice* by the Court in this action.

2.     I am a partner at the law firm, Paradis Law Group, PLLC, and counsel for Plaintiffs Kacsuta and Wheeler ("Plaintiffs") in this litigation.  I have personal knowledge of the matters asserted herein and could competently testify thereto if called upon to do so.

3.     I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlement.

4.     Prior to the filing of the complaints in *Kacsuta v. Lenovo (United States) Inc.*, SACV 13-00316-CJC (RNBx) (C.D. Cal.) and *Wheeler v. Lenovo (United States) Inc.*, 13-0007150 (Sup. Ct. D.C.), Plaintiffs' counsel initiated an investigation into consumer complaints concerning the wireless or Wi-Fi capabilities of certain computers manufactured by Lenovo (United States) Inc. ("Defendant"). Plaintiffs' counsel's investigation included, among other things, hiring Engineering Experts, with which Plaintiffs' counsel has worked closely, to conduct extensive analysis and testing of certain of Defendant's computers.

5.     Settlement discussions began only after Plaintiffs' counsel had thoroughly evaluated the results of these engineering tests and the risks of continued litigation, from both a factual and legal standpoint.

6.     From September 2013 through March 2014, the parties engaged in a candid self-directed dialogue and informal discovery that was intended to better inform the parties concerning the respective strengths and weaknesses of Plaintiffs' case-in-chief and Defendant's defenses thereto.

7.     On March 17, 2014, in response to Defendant's request, Plaintiffs provided Defendant with Plaintiffs' confidential settlement demand.

**DECLARATION OF GINA M. TUFARO IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

8.     On April 4, 2014, Defendant provided Plaintiffs with Defendant's confidential settlement counter proposal.

9.     Although Plaintiffs rejected Defendant's counter proposal, the parties continued to conduct telephonic settlement negotiations.

10.    These telephonic settlement negotiations were concluded by Plaintiffs' counsel informing Defendant's counsel that Plaintiffs would not engage in further settlement discussions unless Defendant agreed to certain terms demanded by Plaintiffs, including, but not limited to, negotiating a nationwide settlement.

11.    The parties ultimately agreed to participate in a mediation session. On June 5, 2014, the parties participated in a contentious and protracted day-long mediation at JAMS in Los Angeles before the Honorable Dickran Tevrizian.

12.    At the conclusion of that mediation session, the parties reached agreement on the material terms of the proposed settlement that is reflected in the Class Action Settlement Agreement and Limited Release dated August 22, 2014 (the "Settlement Agreement"), which is attached hereto as Exhibit 1.

13.    The Parties' discussions concerning attorneys' fees and reimbursement of expenses did not begin until August 21, 2014, after the Parties had reached agreement on all of the substantive terms of the Settlement.

14.    At the Final Settlement Hearing, Class Counsel will make an application to the Court for an award of $8,889,300 for attorneys' fees and reimbursement of expenses not to exceed $300,000. Additionally, Plaintiffs will request the Court grant reimbursement awards to each of the two named Plaintiffs in the amount of $2,500 each. These amounts, if granted by the Court, will be paid by Defendant in addition to all of the other benefits provided for under the Settlement Agreement.

15.    Attached hereto as Exhibit 2 is a true and correct copy of the firm resume of Paradis Law Group, PLLC.

**DECLARATION OF GINA M. TUFARO IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

16.    Attached hereto as Exhibit 3 is a true and correct copy of the firm resume of Whitfield Bryson & Mason, LLP.

17.    Attached hereto as Exhibit 4 is a true and correct copy of the firm resume of Parker Waichman LLP.



Sworn to under penalty of perjury under the laws of the United States this 22nd day of August, 2014.

Gina M. Tufaro

---

4

**DECLARATION OF GINA M. TUFARO IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

# EXHIBIT 1

Paul R. Kiesel, State Bar No. 119854
  *kiesel@kbla.com*
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812

Paul O. Paradis, Esq.
  *pparadis@hhplawny.com*
Gina M. Tufaro, Esq.
PARADIS LAW GROUP, PLLC
570 7th Avenue, 20th Floor
New York, NY 10018
Tel:   212-986-4500
Fax:   212-986-4501

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT KACSUTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (United States) Inc.,<br><br>Defendant. | Case No. SACV 13-00316-CJC(RNBx)<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND LIMITED RELEASE** |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

RECITALS.................................................................................1

I.    DEFINITIONS..........................................................4

II.   GENERAL TERMS and CONDITIONS of SETTLEMENT..........7

      A.    Settlement Class...............................................7

      B.    Certification of Settlement Class...........................7

      C.    Settlement Consideration.....................................8

      D.    Confirmatory Discovery......................................9

III.  NON-ADMISSION of LIABILITY..................................10

IV.   PRELIMINARY APPROVAL.......................................10

V.    NOTICE PROGRAM................................................11

      A.    Class Notice....................................................11

      B.    CAFA Notice...................................................12

      C.    Cost of Notice..................................................12

VI.   CLAIMS PROCESS.................................................12

      A.    Claims Administration.......................................12

      B.    Eligibility of Settlement Class Members....................13

      C.    Cost of Settlement Administration..........................13

VII.   **REQUESTS FOR EXCLUSION FROM SETTLEMENT CLASS**..............................................13

VIII.  **OBJECTIONS and REQUESTS TO APPEAR at FAIRNESS HEARING**..............................14

IX.    **ATTORNEYS' FEES and COSTS**..............................................16

X.     **RELEASE, WAIVER and COVENANT NOT TO SUE**..............16

XI.    **FINAL APPROVAL**..............................................18

XII.   **MISCELLANEOUS PROVISIONS**..............................................19

       A.   **Authority of Signatories**..............................................19

       B.   **Binding Upon Successors**..............................................20

       C.   **Both Parties as Drafter**..............................................20

       D.   **Cooperation**..............................................20

       E.   **Counterpart Execution**..............................................20

       F.   **Governing Law**..............................................20

       G.   **Headings**..............................................21

       H.   **Integration Clause**..............................................21

       I.   **Jurisdiction**..............................................21

       J.   **Non-Waiver**..............................................21

       K.   **Notice**..............................................21

       L.   **Severability**..............................................22

       M.   **Stay of Proceedings**..............................................22

       N.   **Time for Compliance**..............................................22

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

This Class Action Settlement Agreement and Release ("Agreement")[1] is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Agreement memorializes the settlement between and among all Parties to fully resolve the Action. This Agreement is entered into by and between Garrett Kacsuta ("Kacsuta") and Michael Wheeler ("Wheeler") (collectively hereinafter "Plaintiffs"), individually and as representatives of the Settlement Class (as defined herein) and Lenovo (United States) Inc. ("Lenovo" or "Defendant")(collectively the "Parties"). This Agreement is intended by the Parties to fully and finally compromise, resolve, discharge and settle all Released Claims on the terms and conditions set forth herein, subject to approval of the Court.

## RECITALS

WHEREAS, two putative class actions have been filed against Lenovo regarding certain models of Ultrabook Computers (the "Ultrabook Computers"): *Garrett Kacsuta, et al. v. Lenovo (United States) Inc.,* Case No. SACV 13-00316-CJC (RNBx) (C.D. Cal.) and *Michael Wheeler, et al. v. Lenovo (United States) Inc.,* Case No. 2013 CA 007150 B (Sup. Ct. DC);

WHEREAS, the putative class action complaints filed by Plaintiffs in the United States District Court for the Central District of California and in the Superior Court for the District of Columbia allege claims for damages and other relief against Lenovo related to the Ultrabook Computers;

WHEREAS, prior to the filing of the initial Complaint, Plaintiffs' counsel initiated an investigation into the matters that were ultimately alleged in the initial Complaint. Subsequent to the filing of the initial Complaint, Plaintiffs' counsel retained Engineering Experts to conduct extensive testing of the wireless or "Wi-Fi" capabilities of Defendant's Ultrabook Computers. Additionally, Plaintiffs, by and through the Class Counsel listed below, have conducted a thorough examination and

---

[1] Capitalized terms used herein have the definitions in Section I., below.

KIESEL + LARSON LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  investigation of the facts and law relating to the allegations, claims and defenses
2  asserted in this Action.  Throughout the entirety of the Action, Class Counsel has
3  worked closely with Plaintiffs' Engineering Expert to diligently investigated the
4  facts and law relevant to the merits of the claims asserted in the Action.  Class
5  Counsel have received informal discovery from Lenovo, including data and
6  information regarding sales, refunds, repairs and customer complaints concerning
7  Defendant's Ultrabook Computers;

8      WHEREAS, from September 2013 through March 2014, the parties engaged
9  in a candid self-directed dialogue that was intended to better inform the parties
10  concerning the respective strengths and weaknesses of Plaintiffs' case-in-chief and
11  Defendant's defenses thereto. As a result of those communications, the parties
12  continued negotiating a settlement framework for the settlement of a nationwide
13  class and informally exchanged information in a good faith effort to resolve the
14  Action. On March 17, 2014, in response to Defendant's request, Plaintiffs provided
15  Defendant with Plaintiffs' Confidential Settlement Demand;
16

17      WHEREAS, on April 4, 2014, Defendant provided Plaintiffs with Defendant's
18  confidential settlement counter proposal.  On April 10, 2014, Plaintiff rejected
19  Defendant's counter proposal and counsel for the parties conducted further
20  telephonic settlement negotiations.  These telephonic settlement negotiations were
21  concluded by Plaintiffs' counsel informing Defendant's counsel that Plaintiffs would
22  not engage in further settlement discussions unless Defendant agreed to certain terms
23  being demanded by Plaintiffs, including, but not limited to, negotiating a nationwide
24  settlement;

25      WHEREAS, on April 28, 2014, Defendant's counsel contacted Plaintiffs'
26  counsel and confirmed that Defendant was willing to discuss a nationwide
27  settlement. On April 30, 2014, counsel for the parties conducted further telephonic
28  settlement discussions.  At the conclusion of this discussion, counsel for the parties

agreed that any further settlement discussions would require the assistance of a highly qualified mediator.   Accordingly, the parties agreed to participate in a mediation conducted by either the Hon. Gary L Taylor (Ret.) or the Hon. Dickran Tevrizian (Ret.). Ultimately, the parties elected to mediate before Judge Tevrizian;

WHEREAS, the parties thereafter participated in a contentious and protracted day-long mediation at JAMS in Los Angeles before the Honorable Dickran Tevrizian on June 5, 2014. At the conclusion of that mediation session, the parties reached agreement on the material terms of the proposed settlement reflected in this Agreement;

WHEREAS, Plaintiffs have agreed to serve as representatives of the Settlement Class, have been informed by their counsel of the duties and obligations of the Class representatives, are familiar with the pleadings and informal discovery obtained in this action and the results of the engineering and factual investigation undertaken by counsel and the engineering expert retained to assist counsel in this Action, and have been fully advised by such counsel as to the terms and effects of this Agreement, including the nature of the claims released, the potential for success if the Action were to be litigated to its conclusion, and the relief obtained by this proposed settlement.

WHEREAS, based upon extensive analysis of the facts and the law applicable to Plaintiffs' claims, the discovery undertaken prior to execution of this Agreement, and taking into account the extensive burdens and expense of litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of Plaintiffs and the Settlement Class;

WHEREAS, Lenovo and the other released parties (as defined below) have

3

denied, and continue to deny, the substantive claims set forth in the complaints in this Action, and have denied and continue to deny any and all wrongdoing and liability of any kind with respect to any and all facts and claims alleged and further deny that any Class Member has suffered any damage;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED,** by and between the parties, through their respective counsel, and subject to the approval of the Court pursuant to Fed. R. Civ. P. 23(e), that the Action be settled, compromised and dismissed, on the merits and with prejudice, and the Released Claims be finally and fully compromised, settled and dismissed as to the Released Parties, subject to and in accordance with the following terms and conditions:

## I.    DEFINITIONS

As used in this Agreement and the exhibits thereto, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

1.    "Action" means Kacsuta v. Lenovo (United States) Inc., Case No. SACV 13-00316-CJC(RNBx) pending in the United States District Court for the Central District of California.

2.    "Claims Administrator" means Berdon Claims Administration, LLC, an independent service provider whose function shall be the analysis, processing and administration of all claims filed by Settlement Class members in this Action.

3.    "Claim Form" means a document substantially in the form of the document attached to this agreement as Exhibit E.

4.    "Claim Period" means the three hundred and sixty-five (365) day period of time during which Claim Forms may be submitted to the Claims Administrator, starting from the Notice date.

5.    "Class Computer" means a Lenovo Ideapad® model U310 or U410

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

Ultrabook computer purchased in the United States at any time through the date of the entry of the Order of Final Approval.

6. "Class Counsel" means Gina M. Tufaro of the Paradis Law Group, PLLC, 570 Seventh Ave. – 20th Fl., New York, NY 10018; Gary L. Mason and Nicholas Migliaccio of Whitfield Bryson & Mason, LLP 1625 Massachusetts Ave. NW, Suite 605, Washington, D.C. 20036; and Jordan L. Chaikin of Parker Waichman LLP, 3301 Bonita Beach Road, Suite 101, Bonita Springs, Florida 34134.

7. "Class Member" means each member of the Settlement Class.

8. "Class Representative" or "Plaintiff" means Garrett Kacsuta and Michael Wheeler.

9. "Complaint" means the Second Amended Class Action Complaint filed contemporaneously herewith.

10. "Court" means the United States District Court for the Central District of California.

11. "Defense Counsel" means Dykema Gossett PLLC.

12. "Effective Date" means the later of the date upon which all appeals, if any, from the Final Order and Judgment (defined below) have been finally concluded and exhausted, with the date upon which the time to seek any appellate remedy from the Final Order and Judgment has expired.

13. "Eligible Claim" means a claim or claims by a Settlement Class Member meeting the criteria for settlement benefits under this Agreement.

14. "Final Order and Judgment" means a final judgment entered by the Court in substantially the form attached as Exhibit D to this Agreement.

15. "Immediate Family" means the original claimant's spouse, and the parents, grandparents, great-grandparents, children, grandchildren, great-grandchildren, siblings, uncles, aunts, nephews or nieces of the original claimant or the original claimant's spouse.

16.    "Notice Date" means the later of the last date of published Internet Notice, or the last date of Emailed Notice.

17.    "Parties" means a Lenovo (United States) Inc., on behalf of itself, its subsidiaries, affiliates, directors, officers, and their successor(s) and Plaintiffs on behalf of themselves and all others similarly situated.

18.    "Persons" means persons and entities, including, without limitation, any individuals, so proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, or any other persons or entities.

19.    "Released Claims" means any and all claims, damages, suits, demands, liabilities, judgments, losses and causes of action relating to the Wi-Fi Symptom experienced on Ultrabook computers purchased at any time in the United States through the date of the entry of the Order of Final Approval, whether known or unknown, matured or unmatured, sounding in law or equity, seeking damages or any other relief, that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision or in any other manner, based upon any federal or state statutory or common law including but not limited to, claims sounding in tort, contract and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, and all claims, damages, suits, demands, liabilities, judgments, losses or causes of action which have been, might have been, are now, or could be asserted by any Plaintiff or any Settlement Class Member arising out of, based upon, or related to, in whole or in part, the facts and circumstances underlying the claims and causes of action set forth in the Action.

20.    "Released Parties" means individually and collectively, as appropriate, Lenovo and all of its predecessors and successors in interest, including but not limited to, all of its respective past and present parents and subsidiaries and current and former directors, officers, employees and attorneys.

21.    "Settlement" means the settlement embodied in and contemplated by

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

6

1  this Agreement.

2      22.   "Settlement Class" means all persons who purchased a Lenovo

3  Ideapad® model U310 or U410 Ultrabook computer in the United States at any time

4  through the date of the entry of the Order of Final Approval.  Excluded from the

5  Settlement Class are the Judge and Magistrate Judge to whom this case is assigned,

6  and any members of their immediate families.

7      23.   "Settlement Class Member" means any person included within the

8  Settlement Class, which includes any person who does not timely exercise his or her

9  right to opt out of the Settlement Class pursuant to Section VII. herein.

10     24.   "Ultrabook" means a Lenovo Ideapad® model U310 or U410

11  Ultrabook computer.

12     25.   "Wi-Fi Symptom" means the persistent inability to connect to Wi-Fi

13  networks or attain Wi-Fi data transmission/reception at speeds sufficient to allow

14  the Lenovo Ideapad® model U310 or U410 Ultrabook computers' user to engage in

15  Internet browsing when the Lenovo U Series Computers are within the range of a

16  wireless Wi-Fi router.

17

18  **II.    GENERAL TERMS AND CONDITIONS OF SETTLEMENT**

19     **A.    Settlement Class**

20     For settlement purposes only, Plaintiffs propose, and Defendants consent, that

21  the Court certify the "Settlement Class" under Rule 23(b)(3) of the Federal Rules of

22  Civil Procedure, as that term is defined above.

23     **B.    Certification of Settlement Class**

24     For purposes of Settlement only, and not for purposes of liability, and subject

25  to Court approval, the Parties hereby stipulate to the certification of a nationwide

26  class in this Action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), with members of

27  the certified Class to comprise only those persons defined herein as the Settlement

28  Class.  Subject to the terms and conditions of this agreement, the parties agree not to

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

7

oppose any efforts to certify such a class. A certification pursuant to this paragraph shall not constitute, in this or any other proceeding, an admission, finding or evidence that any requirement for classification is otherwise satisfied, except for the expressly enumerated purposes in this Agreement.

## C.  **Settlement Consideration**

In consideration for the dismissal of the Action and covenants hereunder under the terms of this Agreement, the parties hereby agree as follows:

1. All Settlement Class members who submit a valid Claim Form who have not previously returned their Class Computer for repair of the wireless capability and who desire to have Lenovo repair the wireless capability of their Class Computer shall be entitled to return their Class Computer to Lenovo in order to permit Lenovo to repair the wireless capability of their Class Computer, and the warranty period for any Wi-Fi related issue shall be: (i) extended for a period of one additional year from the date of such warranty repair in situations where the original warranty has not yet expired; or (ii) renewed for a period of one additional year from the date of such warranty repair in situations where the original warranty has expired. The entire cost of such repair, including all costs associated with insured shipping of such Settlement Class member's Class Computer to Lenovo and the return of the Class Computer to the Settlement Class member will be borne exclusively by Lenovo; *alternatively*

2. All Settlement Class members who submit a valid Claim Form and Release and who *do not* elect the settlement consideration provided pursuant to Paragraph C. 1. immediately above, will receive one of the following forms of the settlement consideration upon electing which one of the following two forms of consideration they wish to receive in connection with each Class Computer purchased:

    (i)    a cash refund in the amount of one hundred dollars ($100) paid by Lenovo; or

(ii)    a two hundred fifty dollar ($250) credit certificate toward the purchase of any product listed for sale on www.lenovo.com. The $250 credit certificate shall be issued by Lenovo and be transferable within the immediate family of the original claimant and capable of being combined with any other credit, voucher, coupon, sale, or other discount of any kind and shall expire no less than two years after issuance.

3.    Effective on the Notice date, the warranty period for those Settlement Class members who select option C. 2. shall be: (a) extended for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has not yet expired; or (b) renewed for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has expired.

4.    In addition, all Settlement Class members who elect to receive one of the forms of settlement consideration provided pursuant to Paragraphs C. 2 (i) or C. 2 (ii) above, and who, through the submission of satisfactory documentary evidence, demonstrate that that they previously incurred actual out-of-pocket expenses associated with the repair of their Class Computer, shall be reimbursed for one hundred percent (100%) of the amount of such expenses by Lenovo upon the submission of a valid Claim Form and Release, accompanied by the required documentation.

### D.    **Confirmatory Discovery**

The Settlement is subject to Plaintiffs completing reasonable confirmatory discovery including: (1) providing necessary written proofs under penalty of perjury; and (2) responding to and producing documents responsive to Plaintiff's Request For the Production of Documents as follows:

(i)    sales figures by unit number;

(ii)    returns by unit number;

(iii)    the alleged "hardware fix" implemented by Defendant; and

(iv)    such other items as are mutually agreed upon to confirm the fairness,

9

reasonableness and adequacy of the settlement.

## III.   NON-ADMISSION OF LIABILITY

This Agreement is made for settlement purposes only, and neither the fact of, nor any specific provision contained in, this Agreement nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by Plaintiffs or by any other person included within the Settlement Class of any wrongdoing, fault, violation of law, or liability of any kind on the part of Lenovo.  This Agreement constitutes a compromise pursuant to Fed. R. Civ. P. 408(a).  It shall not be offered or be admissible, either in whole or in part, as evidence against Lenovo, except in any action or proceeding to enforce its terms.

## IV.   PRELIMINARY APPROVAL

Plaintiffs shall present this Agreement to the Court by way of a joint motion seeking certification of the Settlement Class and preliminary approval of the Settlement reflected in this Agreement (the "Motion for Preliminary Approval") by no later than September 8, 2014.  Lenovo shall join in Plaintiffs' request for preliminary approval of this Agreement and certification of the Settlement Class. The Motion for Preliminary Approval shall apply for an order substantially in the form of Exhibit A hereto ("Preliminary Approval Order").   The Motion for Preliminary Approval shall request:

a.   Preliminary approval of this Agreement;

b.   certification for settlement purposes of the Settlement Class, pursuant to Fed. R. Civ. P. 23(b)(3);

c.   appointment of Class Counsel as counsel for the Settlement Class;

d.   appointment of Plaintiffs as Class Representatives for the Settlement Class; and

e.   approval of the Notices in the form substantially similar to those

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

attached as Exhibits B and C hereto.

## V. NOTICE PROGRAM FOR THE SETTLEMENT CLASS

### A. Class Notice

Not later than three (3) business days after the entry of the Order of Preliminary Approval, Lenovo will search its Customer Service Database, Warranty Database and Lenovo Community Forum(s) to obtain information sufficient to create a list containing the identity and contact information (including email address(es)) of all Settlement Class members identified in either Lenovo's Customer Service Database, Warranty Database or Lenovo Community Forum(s).

Once Lenovo has promptly obtained the aforementioned information, it will promptly provide such information to Class Counsel in Microsoft Excel document format. This information will be used by the Claims Administrator to notify Settlement Class members of the proposed settlement and potential membership in the Settlement Class.

In addition, not later than 5 business days after the entry of the Order of Preliminary Approval, Class Counsel shall cause Notice to be disseminated as directed in the Order of Preliminary Approval in a form substantially similar to that attached as Exhibit B to this Agreement (the "Settlement Notice"), as follows: the Notice program shall be implemented by the Court-approved Claims Administrator proposed by Plaintiffs and subject to the approval of Lenovo. At a minimum, the Notice program shall provide for: (i) direct email notice to any Settlement Class Member for whom email addresses can be obtained with reasonable effort from Lenovo; (ii) direct mail notice to any Settlement Class Member for whom email addresses cannot be obtained with reasonable effort from Lenovo, but street addresses can be obtained with reasonable effort from Lenovo; (iii) publication of a "summary" notice in the form annexed as Exhibit C hereto which will contain a toll-free number specified in the Summary Notice; (iv) dissemination of a long form notice in the form annexed as Exhibit B hereto; (v) establishment of a Settlement

website with search engine optimization placement.  In addition, the notice program will also provide that the "Summary" notice will be posted on Lenovo's website, social media sites and the Lenovo Community Forum(s) relating to the Lenovo U Series Computers.

The Parties agree that the methods of Notice set forth in this paragraph constitute the best form of Notice to the Settlement Class that is practicable under the circumstances.

**B.     CAFA Notice**

Not later than ten (10) days after Preliminary Approval, Defendant shall have complied with the obligations set forth under 28 U.S.C. § 1715.  Defendant shall properly notify Class Counsel and the Court of their compliance with 28 U.S.C § 1715 as required by the Class Action Fairness Act.

**C.     Cost of Notice**

Lenovo shall pay all costs and expenses associated with disseminating and publishing all Notices including, but not limited to, all costs associated with providing notice to regulatory authorities as may be required by the Class Action Fairness Act, which shall be in addition to, and not deducted from, either the settlement compensation described herein, or the amount of attorney's fees and expenses awarded by the Court, regardless of whether the Settlement is finally approved.

**VI.     CLAIMS PROCESS**

**A.     Claims Administration**

A Claims Administrator shall be retained subject to the Court's approval. The Claims Administrator shall be responsible for effectuating the claims process. The Claims Administrator shall be delegated the authority to administer and process Eligible Claims during the Claim Period and to disburse Settlement benefits to

Settlement Class Members who submit timely Eligible Claims in accordance with this Settlement Agreement.

### B. Eligibility of Settlement Class Members

To qualify for Settlement Benefits, a Settlement Class Member must demonstrate proof of ownership of one or more Class Computers, comply with the requirements stated in the claim form and timely submit a claim form.

### C. Costs of Settlement Administration

All costs and expenses incurred in implementing and administering the Settlement shall be paid by Defendant. The Claims Administrator shall, under the supervision of the Court, administer the Settlement provided by this Agreement by processing and resolving claims in a rational, responsive, cost-effective, and timely manner. The Claims Administrator shall maintain detailed records of its activities under this Agreement in a computerized database and shall furnish counsel for the parties with monthly reports of the activities undertaken by the Claims Administrator in administering the Settlement.

## VII. REQUESTS FOR EXCLUSION FROM SETTLEMENT CLASS

Any person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a written request for exclusion to the Claims Administrator. Such requests must be postmarked no later than November 14, 2014. The request must: (i) identify the Class Computer purchased by the Settlement Class member by model number and serial number; (ii) clearly express the Settlement Class member's desire to be excluded or to "opt out" from the Settlement Class; (iii) include the Settlement Class members name, address and telephone number, and, if represented by counsel, counsel's name, address and telephone number; and (iv) be signed by the Settlement Class member.

1   Any Person who is a member of the Settlement Class who wishes to be
2   excluded from the Settlement Class can only opt out for him or herself, and cannot
3   opt out for any other Person. Nor can any Person who is a Settlement Class member
4   authorize any other Person to opt out on his or her behalf.

5   Any Settlement Class member who has filed an objection to the fairness,
6   reasonableness or adequacy of the proposed Settlement pursuant to Section VIII.
7   herein shall be deemed not to have opted out of the Settlement Class pursuant to this
8   paragraph.   However, in the event that a Settlement Class member makes a
9   submission to the Court and the Parties that appears to assert both an objection to
10  the fairness, reasonableness or adequacy of the proposed Settlement, and a statement
11  of intent to opt out of the Settlement Class, such submission shall be treated as a
12  statement of intent to opt out of the Settlement Class.

## VIII. OBJECTIONS and REQUESTS TO APPEAR
## AT FAIRNESS HEARING

Any Settlement Class member who has not timely filed a written request for
exclusion from the Settlement Class pursuant to Section VII. herein may object to
the fairness, reasonableness or adequacy of the proposed Settlement, Plaintiffs'
application for a reimbursement award, or Class Counsel's application for an award
of attorneys' fees, reimbursement of expenses. Each Settlement Class member who
wishes to object must do so in writing by filing a written objection with the Clerk of
the Court and mailing it to the parties respective counsel at the addresses set forth in
Section XII. K. Any such objection must be filed with the Clerk of the Court and
received by the Parties' counsel, no later than November 14, 2014. Any such
objection must: (i) identify the class computer purchased by the Settlement Class
member by model number and serial number; (ii) state in detail the legal and factual
ground(s) for the objection; (iii) include the Settlement Class members name,
address and telephone number, and, if represented by counsel, counsel's name,
address and telephone number; and (iv) be signed by the Settlement Class member.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

Settlement Class members may object either on their own, or through an attorney hired at their own expense. If the objecting Settlement Class member hires an attorney to represent him or her, that attorney must file with the Court and serve upon the Parties' respective counsel at the addresses set forth in Section XII. K. below, a notice of appearance no later than November 18, 2014.

Any objection that fails to satisfy the requirements of this paragraph, or that is not properly and timely submitted, will be deemed ineffective, and will be deemed by the Parties to have been waived, and the Parties reserve their right to argue that the Settlement Class member asserting such objection is therefore not entitled to have his or her objection heard or otherwise considered by the Court.

Settlement Class members or their counsel who wish to appear at the Fairness Hearing must make such request by notifying the Clerk of the Court and the Parties' respective counsel in writing at the addresses set forth in Section XII. K. herein ("Notice of Intention to Appear"). Any such request must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than November 18, 2014 and must state the name, address and telephone number of the Settlement Class member, as well as the name, address and telephone number of the person who will appear on his or her behalf. Any such request must further indicate that the Settlement Class member has timely objected to the Settlement in compliance with the requirements of this Section of this Agreement. Any request for appearance that fails to satisfy the requirements of this paragraph, or that has not been properly or timely submitted, may be deemed ineffective and shall be deemed to constitute a waiver of such settlement class members' rights to appear and to be heard on the Settlement at the Fairness Hearing.

## IX.   **ATTORNEYS' FEES AND COSTS**

The parties did not conduct any negotiations concerning the amount of attorneys' fees or expenses to be reimbursed until ***after*** the Parties had reached agreement on the ***entirety*** of the Settlement.

15

1    Plaintiffs will seek an award of attorneys' fees in the amount of $8,889,300
2    and will also ask the Court to award reimbursement of expenses incurred in
3    connection with the prosecution of the litigation in an amount not to exceed
4    $300,000.   In addition, Plaintiffs will also seek reimbursement awards from the
5    Court in the amount of $2,500 for each of the two named Plaintiffs.

6    Lenovo has agreed that, should the Court finally approve the Settlement and
7    award attorneys' fees and expense reimbursement to Class Counsel and the two
8    named Plaintiffs, Lenovo will pay the amount of attorneys' fees and expenses
9    awarded by the Court to Class Counsel within three business days after the
10   settlement is finally approved by the Court.   Lenovo will pay the amount awarded
11   by the Court directly to Paradis Law Group, PLLC, who shall be responsible for
12   allocating the attorneys' fees and expenses among Class Counsel as agreed by Class
13   Counsel.

14   Plaintiffs shall file their application for an award of attorneys' fees and
15   reimbursement of expenses not later than October 1, 2014 and Lenovo shall file any
16   opposition thereto not later than October 31, 2014.   Plaintiffs shall file any Reply
17   brief in further support of such application by not later than November 24, 2014.

18

19   **X.    RELEASE,  WAIVER AND COVENANT NOT TO SUE**

20   As of the Effective Date, and in consideration of this Agreement and the
21   benefits extended to the Settlement Class, Plaintiffs, on behalf of themselves and the
22   Settlement Class Members, and each Settlement Class Member, on behalf of himself
23   or herself and his or her respective successors and assigns hereby fully releases and
24   forever discharges the Released Parties from the Released Claims.

25   Plaintiffs, on behalf of themselves and the Settlement Class Members, fully
26   understand that if any fact relating to any matter covered by this Agreement is later
27   found to be other than, or different from, the facts now believed by Plaintiffs to be
28   true, Plaintiffs, on behalf of themselves and the Settlement Class Members,
     expressly accept and assume the risk of such possible differences in fact and

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

16

acknowledge that this Agreement shall nevertheless remain fully binding and effective.

Upon entry of the Final Order and Judgment, Plaintiffs shall have, and each and every Settlement Class Member shall be deemed to have, on behalf of the Settlement Class Member and the Settlement Class Members' respective successors and assigns, covenanted and agreed to: (i) forever refrain from instituting, maintaining or proceeding in any action against the Released Parties with respect to any Released Claims; (ii) release and forever discharge the Released Parties from each and every such Released Claim; and (iii) this Agreement being pleaded as a full and complete defense to, and being used as the basis for a temporary restraining order or preliminary or permanent injunction against, any action, suit or other proceeding which has been or may be instituted, prosecuted, continued to be prosecuted, or attempted, asserting any Released Claim.   Consequently, each Plaintiff and each Settlement Class Member expressly waive, and are conclusively deemed to have waived, all rights under California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASES, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each Plaintiff and each Settlement Class Member likewise expressly waives, and is conclusively deemed to have waived, all rights under any similar federal or state statute or regulation.  In addition, Lenovo releases, discharges and waives any and all claims that Lenovo had or may have had, asserted or not, against Plaintiffs or Plaintiffs' Counsel.

## XI.    **FINAL APPROVAL**

The Parties shall request that the Court conduct a fairness hearing not later

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

than December 8, 2014. At the Fairness Hearing, the Parties shall join the request that the Court enter an order and judgment pursuant to Fed. R. Civ. P. 54 (a) in the form of Exhibit D to this Agreement (the "Final Order and Judgment"), which will finally approve the terms of this Agreement, dismiss the Action, discharge the Released Parties of and from all further liability to Plaintiffs and Settlement Class Members with respect to the Released Claims (but not as to any obligations created or owed pursuant to this Agreement), and permanently bar and enjoin Plaintiffs and Settlement Class Members from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in, or receiving any benefits from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or cause of action, formally or informally, that asserts, arises from, concerns, or is in any way related to the Released Claims, except as required by law. The actual form of the Final Judgment and Order entered by the Court may include provisions as to which the Parties may subsequently agree, or which the Court may direct, that are not inconsistent with any of the express terms or conditions of this Agreement.

Following entry of the Final Order and Judgment by the Court, no default by any Person in the performance of any covenant or any obligation arising under this Agreement shall affect the dismissal of this Action, the discharge and release of the Released Parties, or any other provision of this Agreement. The above notwithstanding, nothing in this paragraph shall prevent a Party from seeking enforcement of or compliance with the terms of this Agreement, or the intervention of the Court to compel any such default be cured.

If: (a) the preliminary approval of this Agreement and the Settlement described herein or the Final Judgment and Order is not obtained from the Court in substantially the form attached as Exhibit D hereto; or (b) the Court fails to grant final approval to the Settlement; and either Defendant or Plaintiffs in their discretion so elect, this Agreement shall be null and void, shall have no further force and effect, and shall not be offered in evidence or used in any litigation for any purpose,

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

including the existence, certification, or maintenance of any purported class. The canceling and terminating Party may make such election only by furnishing written notice of an intent not to proceed with the terms and conditions of this Agreement to the other Parties within fifteen (15) business days of the event constituting the basis for the election to terminate. In the event of such election, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law, shall not be used in any manner for any purposes, and all parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court. If the Agreement is terminated, any and all orders entered by the Court pursuant to the provisions of the Agreement shall be vacated *nunc pro tunc*.

In the event this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with its terms, all orders entered as of the date on which this Settlement was executed shall become operative and fully effective, as if the proceedings relating to this Settlement had not occurred.

## XII.  MISCELLANEOUS PROVISIONS

### A.  Authority Of Signatories

Each person signing this Agreement represents and warrants that he or she has full authority to sign this Agreement on behalf of the Party for whom he or she is signing and warrants that he or she has the ability to bind that Party to the obligations and commitments set forth herein.

### B.  Binding Upon Successors

This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, predecessors, successors, and assigns.

19

**C.   Both Parties As Drafter**

The Parties stipulate and agree that this Agreement was negotiated on an "arms-length" basis between parties of equal bargaining power, and drafted jointly by the Parties and, accordingly, no ambiguity in this Agreement shall be construed in favor of or against any of the Parties.

**D.   Cooperation**

The Parties to this Agreement and their counsel agree that they shall act in good faith and exercise their best efforts to secure approval of this Agreement and full participation by all members of the Settlement Class and that they will take such other reasonable steps as are necessary to implement this Agreement.

**E.   Counterpart Execution**

This Agreement may be executed in any number of counterparts. A facsimile or electronically transmitted signature shall be deemed to constitute an original signature for purposes of this Agreement. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument. This Agreement will be binding when it has been executed and delivered by the last signatory hereto to execute a counterpart.

**F.   Governing Law**

The construction, interpretation, operation, effect, validity and enforcement of this Agreement and all documents necessary to effectuate it shall be governed by the laws of the State of California without regard to principles of conflict of laws, except to the extent that federal law requires that federal law govern.

**G.   Headings**

Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KiESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## H.    Integration Clause

This Agreement, including all exhibits hereto, contains a full, complete, and integrated statement of each and every term and provision agreed to between and among the Parties and supersedes any prior representations, writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement may not be orally modified in any respect and may be modified only by the written agreement of the Parties. In the event a dispute arises between the Parties over the meaning or intent of any provision of this Agreement, the Parties agree that prior drafts, notes, memoranda, discussions or any other oral communications or documents regarding the negotiations, meaning or intent of this Agreement shall not be offered or admitted into evidence.

## I.    Jurisdiction

The Court retains exclusive and continuing jurisdiction over the Action, the Parties, Settlement Class Members, and the Claims Administrator in order to interpret and enforce the terms, conditions and obligations under this Agreement.

## J.    Non-Waiver

The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

## K.    Notice

Except as otherwise described in the settlement notice attached as Exhibits B and C to this Agreement, all notices and other communications referenced in this Agreement shall be addressed to the Parties' counsel at their respective addresses as set forth below:

Notices to Plaintiffs or the Settlement Class Members

Gina M. Tufaro, Esq.
Paradis Law Group, PLLC
570 Seventh Avenue – 20th Floor
New York, New York 10018

Notices to Lenovo

Dan Stephenson, Esq.
Dykema Gossett PLLC
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071

**L.    Severability**

In the event any one or more of the provisions contained in this Agreement shall be held invalid, illegal, or unenforceable for any reason, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Agreement

**M.    Stay of Proceedings**

The Parties also agree to hold all proceedings in the Action in abeyance, including any and all discovery, except such steps and proceedings as are necessary to implement and complete the settlement embodied in this Agreement.  In addition, the Parties will promptly stipulate to a stay of all proceedings in *Michael Wheeler, et al. v. Lenovo (United States) Inc.,* Case No. 2013 CA 007150 B (Sup. Ct. DC). Should this Court finally approve the Action, the Parties will stipulate to the dismissal of the *Wheeler* Action with prejudice.

**N.    Time for Compliance**

If the date for performance of any act required by or under this Agreement is to be performed on a particular day or within a specified period of time that falls on a Saturday, Sunday or legal or Court holiday, such act may be performed upon the

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

next business day, with the same effect as if it had been performed on the day or within the computer time specified by or under this Agreement.

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Agreement to be executed on its, his, her or their behalf by its, his, her or their duly authorized counsel of record, all as of the day set forth below.

DATED: August 22, 2014                **KIESEL LAW LLP**

By: _____
Paul R. Kiesel
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone:  (310) 854-4444
Facsimile:  (310) 854-0812

DATED: August 22, 2014       By: _____
Paul O. Paradis, Esq.
Gina M. Tufaro, Esq.
**PARADIS LAW GROUP, PLLC**
570 7th Avenue, 20th Floor
New York, NY 10018
Telephone:  (212) 986-4500
Facsimile:  (212) 986-4501

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

23

1

2  DATED: August 22, 2014          By: _____

3                                      Gary E. Mason

4                                      Nicholas A. Migliaccio
                                       **WHITFIELD BRYSON & MASON LLP**
5                                      1625 Massachusetts Ave., NW, Suite 605
                                       Washington, D.C. 20036
6                                      Telephone: (202) 429-2290
                                       Facsimile: (202) 429-2294
7

8

9

10

11  DATED: August 22, 2014          By: _____
                                       Jordan L. Chaikin
12                                     **PARKER WAICHMAN LLP**
                                       3301 Bonita Beach Road, Suite 101
13                                     Bonita Springs, Florida 34134
                                       Telephone: (239) 390-1000
14                                     Facsimile: (239) 390-0055
15

16

17                                     Attorneys for Plaintiff  Garrett Kacsuta and
                                       Michael Wheeler, individually and on behalf
18                                     of all others similarly situated.

19

20

21

22

23

24

25

26

27

28

24

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

DATED: August 22, 2014          DYKEMA GOSSETT PLLC


                                By: _____
                                    Dan Stephenson, Esq.
                                    **DYKEMA GOSSETT PLLC**
                                    333 South Grand Avenue
                                    Suite 2100
                                    Los Angeles, CA 90071
                                    Telephone: (213) 457-1780
                                    Facsimile: (213) 457-1850

                                    Attorneys for Lenovo (United States) Inc.




DATED: August 22, 2014          LENOVO


                                By: _____
                                    Rachel A. Adams
                                    VP, Deputy General Counsel
                                    LENOVO
                                    1333 New Hampshire Ave, NW
                                    Washington, DC 20036
                                    Telephone: (202) 419-3580
                                    radams@lenovo.com

                                    For Lenovo (United States) Inc.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

25

EXHIBIT A

1   Paul R. Kiesel, State Bar No. 119854
2       *kiesel@kbla.com*
    KIESEL LAW LLP
3   8648 Wilshire Boulevard
4   Beverly Hills, California 90211-2910
    Tel:    310-854-4444
5   Fax:   310-854-0812
6
7   Paul O. Paradis, Esq.
8       *pparadis@hhplawny.com*
    Gina M. Tufaro, Esq.
9   PARADIS LAW GROUP, PLLC
10  570 7th Avenue, 20th Floor
    New York, NY 10018
11  Tel:    212-986-4500
12  Fax:   212-986-4501
13
    Attorneys for Plaintiffs
14
                **UNITED STATES DISTRICT COURT**
15
                **CENTRAL DISTRICT OF CALIFORNIA**
16

| | |
|---|---|
| GARRETT KACSUTA, individually and on behalf of all others similarly situated, | Case No. SACV 13-00316-CJC(RNBx) |
| | [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE |
| Plaintiff, | |
| v. | |
| LENOVO (United States) Inc., | Hearing Date: September 8, 2014 |
| | Time: 1:30 p.m. |
| Defendant. | Department: Courtroom 9B |
| | Judge: Cormac J. Carney |

17
18
19
20
21
22
23
24
25
26
27
28

1
[PROPOSED]ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

**EXHIBIT A**

WHEREAS, plaintiffs Garrett Kacsuta ("Kacsuta") and Michael Wheeler ("Wheeler") (collectively hereinafter "Plaintiffs"), moved this Court for an Order, pursuant to Federal Rule of Civil Procedure 23(e), seeking preliminary approval of a class action settlement, and directing the dissemination of class notice (the "Motion"); and

WHEREAS, defendant Lenovo (United States) Inc. ("Lenovo" or "Defendant") joins Plaintiffs in seeking this same relief; and

WHEREAS, the Court reviewed the submissions of the parties, held a hearing on September 8, 2014 (the "Preliminary Approval Hearing"), and found that the parties are entitled to the relief they seek;

IT IS ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

1.      This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all parties before it pursuant to 28 U.S.C. § 1332(d)(2)(A).

2.      The proposed Class Settlement Agreement and Release dated August 22, 2014 (the "Settlement Agreement"), submitted with the Motion, is preliminarily approved.

3.      Based upon the submissions of the parties, and for purposes of this Settlement only, the Court conditionally makes the following findings:

　　　a.  The members of the Settlement Class are so numerous as to make joinder impracticable.

　　　b.  There are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members for purposes of the Settlement.

　　　c.  Plaintiffs' claims and the defenses thereto are typical of the claims of

2

[PROPOSED]ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

**EXHIBIT A**

the Settlement Class Members and the defenses thereto for purposes of the Settlement.

d.  Plaintiffs and their counsel have, and will continue to, fairly and adequately protect the interests of the Settlement Class Members in this action with respect to the Settlement.

e.  The proposed Settlement is superior to all other available methods for fairly and efficiently resolving this action.

f.  Accordingly, for settlement purposes only, the Court conditionally certifies a Settlement Class comprised of all persons who purchased a Lenovo Ideapad® model U310 or U410 Ultrabook computer in the United States at any time through the date of the entry of the Order of Final Approval.  Excluded from the Settlement Class are the Judge and Magistrate Judge to whom this case is assigned, and any members of their immediate families.

4.    This matter is preliminarily certified as a class action for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). If the Court does not finally approval the Settlement,  Lenovo retains the right to assert that this action may not be certified as a class action for liability purposes, and no party shall rely on this preliminary approval as support for the certification of a class in this or any other action.

5.    The Court hereby appoints Kacsuta and Wheeler as representatives of the Settlement Class.

6.    Gina M. Tufaro of the Paradis Law Group, PLLC, 570 Seventh Ave. – 20th Fl., New York, NY 10018; Gary L. Mason and Nicholas Migliaccio of Whitfield Bryson & Mason, LLP 1625 Massachusetts Ave. NW, Suite 605, Washington, D.C. 20036; and Jordan L. Chaikin of Parker Waichman LLP, 3301

Bonita Beach Road, Suite 101, Bonita Springs, Florida 34134 are appointed as Class Counsel.

7.     The Settlement Agreement shall be used for settlement purposes only. The fact of, or any provision contained in, the Settlement Agreement or any action taken pursuant to it shall not constitute an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and members of the Settlement Class in the present action or of any wrongdoing or liability of any kind on the part of Lenovo. The Settlement Agreement shall not be offered or be admissible in evidence by or against Lenovo (or any Released Parties as defined in the Settlement Agreement) or cited or referred to in any other action or proceeding, except (a) in any action or proceeding brought by or against the parties to enforce or otherwise implement the terms of the Settlement Agreement, or (b) in any action involving Plaintiffs, members of Settlement Class, or any of them, in which the allegations are based on the same factual bases and allegations set forth in this case, to support a defense of res judicata, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion, or similar defense.

8.     A final hearing (the "Fairness Hearing") shall be held before this Court on  December 8, 2014 at 1:30 p.m., to determine whether (a) this action meets each of the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a), and may properly be maintained as a class action on behalf of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement Agreement should receive final approval as fair, reasonable, adequate, and is in the best interests of the Settlement Class in light of any objections presented by Settlement Class Members and the parties' responses to any such objections; (c) orders granting final approval of the Settlement Agreement, entering final judgment and dismissing the Second Amended Complaint (with claims concerning the Class Computers identified

in the Settlement Agreement to be dismissed with prejudice), as provided in the Settlement Agreement, should be entered; and (d) the applications of Class Counsel for the payment of attorneys' fees and expenses for, and service awards to, Plaintiffs are reasonable and should be approved. The Fairness Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the parties or the members of the Settlement Class.

9.      Settlement Class Members or their counsel who wish to appear at the Fairness Hearing must make such request by notifying the Clerk of the Court and the parties' respective counsel in writing at the following addresses:

Plaintiffs' Counsel

Gina M. Tufaro, Esq.
Paradis Law Group, PLLC
570 Seventh Avenue – 20th Floor
New York, New York 10018

Lenovo's Counsel

Dan Stephenson, Esq.
Dykema Gossett PLLC
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071

Any such request must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than November 18, 2014 and must state the name, address and telephone number of the Settlement Class Member, as well as the name, address and telephone number of the person who will appear on his or her behalf. Any request for appearance that fails to satisfy the requirements of this paragraph, or that has not been properly or timely submitted, may be deemed ineffective and shall be deemed to constitute a waiver of such Settlement Class

Members' rights to appear and to be heard on the Settlement at the Fairness Hearing.

10.     Any person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a written request for exclusion to the Claims Administrator at:

Lenovo Laptop Wi-Fi Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Toll-free Phone: 800-766-3330
Facsimile: 516-931-0810
Website: www.berdonclaims.com

by no later than November 14, 2014. The request must: (i) identify the Class Computer purchased by the Settlement Class Member by model number and serial number; (ii) clearly express the Settlement Class Member's desire to be excluded or to "opt out" from the Settlement Class; (iii) include the Settlement Class Members name, address and telephone number, and, if represented by counsel, counsel's name, address and telephone number; and (iv) be signed by the Settlement Class Member.

a. Any Person who is a member of the Settlement Class who wishes to be excluded from the Settlement Class can only opt out for him or herself, and cannot opt out for any other Person.   Nor can any Person who is a Settlement Class Member authorize any other Person to opt out on his or her behalf.

b. Any Settlement Class Member who has filed an objection to the fairness, reasonableness or adequacy of the proposed Settlement shall be deemed not to have opted out of the Settlement Class pursuant to this paragraph.  However, in the event that a Settlement Class Member makes a submission to the Court and the parties that

6
[PROPOSED]ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

**EXHIBIT A**

appears to assert both an objection to the fairness, reasonableness or adequacy of the proposed Settlement, and a statement of intent to opt out of the Settlement Class, such submission shall be treated as a statement of intent to opt out of the Settlement Class.

11.   Any Settlement Class Member who has not timely filed a written request for exclusion from the Settlement Class may object to the fairness, reasonableness or adequacy of the proposed Settlement.   Each Settlement Class Member who wishes to object to any term of this agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to the parties' respective counsel at the addresses set forth in Paragraph 9 herein.   Any such objection must be filed with the Clerk of the Court and received by the parties' counsel, no later than November 14, 2014. Any such objection must: (i) identify the Class Computer purchased by the Settlement Class Member by model number and serial number; (ii) state in detail the legal and factual ground(s) for the objection; (iii) include the Settlement Class Members name, address and telephone number, and, if represented by counsel, counsel's name, address and telephone number; and (iv) be signed by the Settlement Class Member.

a.   Settlement Class Members may object either on their own, or through an attorney hired at their own expense. If the objecting Settlement Class Member hires an attorney to represent him or her, that attorney must file with the Court and serve upon the parties' respective counsel at the addresses set forth in Paragraph 9, a notice of appearance no later than November 18, 2014.

b.   Any objection that fails to satisfy the requirements of this paragraph, or that is not properly and timely submitted, will be deemed ineffective, and will be deemed by the parties to have been waived, and the parties reserve their right to argue that the Settlement Class

7

[PROPOSED]ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

**EXHIBIT A**

Member asserting such objection is therefore not entitled to have his or her objection heard or otherwise considered by the Court.

12.    The Court finds that the manner and content of (a) the Settlement Notice, and (b) the Summary Notice, will provide the best notice practicable to the Settlement Class under the circumstances. All costs incurred in connection with the preparation and dissemination of any notices to the Settlement Class shall be borne by Lenovo.

13.    If the Settlement Agreement is finally approved, the Court shall enter a separate order finally approving the Settlement Agreement, entering judgment and dismissing the Second Amended Complaint. Such order and judgment shall be fully binding with respect to all members of the Settlement Class.

14.    Not later than three (3) business days after the entry of the Order of Preliminary Approval, Lenovo will search its Customer Service Database, Warranty Database and Lenovo Community Forum(s) to obtain information sufficient to create a list containing the identity and contact information (including email address(es)) of all Settlement Class Members identified in either Lenovo's Customer Service Database, Warranty Database or Lenovo Community Forum(s).

15.    Once Lenovo has promptly obtained the aforementioned information, it will promptly provide such information to Class Counsel in Microsoft Excel document format.  This information will be used by the Settlement Administrator to notify Settlement Class Members of the proposed settlement and potential membership in the Settlement Class.

16.    In addition, not later than 5 business days after the entry of this Order of Preliminary Approval, Class Counsel shall cause Notice to be disseminated as follows:

8
[PROPOSED]ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

**EXHIBIT A**

a.  the Notice program shall be implemented by the Court-approved Settlement Administrator proposed by Plaintiffs and subject to the approval of Lenovo.

b.  At a minimum, the Notice program shall provide for:

    i.    direct email notice to any Settlement Class Member for whom email addresses can be obtained with reasonable effort from Lenovo;

    ii.    direct mail notice to any Settlement Class Member for whom email addresses cannot be obtained with reasonable effort from Lenovo, but street addresses can be obtained with reasonable effort from Lenovo;

    iii.    publication of a Summary Notice which will contain a toll-free number specified;

    iv.    dissemination of a long form notice; and

    v.    establishment of a Settlement website with search engine optimization placement.

    vi.    In addition, the notice program will also provide that the Summary Notice will be posted on Lenovo's website, social media sites and the Lenovo Community Forum(s) relating to the Class Computers.

17.    The Parties shall file and serve papers in support of final approval of the Settlement by October 1, 2014.

18.    Class counsel shall file any applications for an award of attorneys' fees, costs and litigation expenses, and reimbursement awards for Plaintiffs' expenses, by October 1, 2014.

---

9

[PROPOSED]ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

**EXHIBIT A**

19.     Class counsel shall file a single memorandum of law that addresses: (i) arguments in favor of final approval of the Settlement; and (ii) Class Counsel's application for an award of attorneys' fees, costs and litigation expenses, and reimbursement awards for Plaintiffs' expenses.  Such memorandum of law shall not exceed 50 pages in length.

20.     The Parties shall file and serve reply papers in further support of final approval of the Settlement; and/or Class Counsel's application for an award of attorneys' fees, costs and litigation expenses, and reimbursement awards for Plaintiffs' expenses by no later than November 24, 2014.

21.     The Fairness Hearing shall be held at 1:30 p.m. on December 8, 2014 in Courtroom 9B of the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, California.

22.     Pending further orders by this Court, all proceedings in this case – other than proceedings pursuant to this Order - shall be stayed and all members of the Settlement Class who do not request exclusion from the Settlement Class in the manner required by this Order shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on or relating to personal injury or wrongful death), in any jurisdiction or court against Lenovo relating to or arising out of the subject matter of this action.

Dated: September ___, 2014                    SO ORDERED:


                                   _____

                                   HON. CORMAC J. CARNEY
                                   United States District Judge


10

[PROPOSED]ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

**EXHIBIT A**

EXHIBIT B

<u>**Garrett Kacsuta v. Lenovo (United States) Inc.**</u>
**Case No. SACV 13-00316-CJC(RNBx)**
**Owners of Certain Models of Lenovo Brand Ultrabook Computers**
**May Claim Settlement Benefits.**

**This Class Action Settlement May Affect Your Rights**
*A Court authorized this Notice. This is not a solicitation from a lawyer.*

- The settlement resolves a lawsuit over whether certain Lenovo (United States), Inc. ("Lenovo") brand Ultrabooks computers contain a design defect that impacted the Wi-Fi performance of the computers.

- The two sides disagree on whether Lenovo did anything wrong.

- If you purchased either a:
  - ○ Lenovo Ideapad ® model U310; or
  - ○ Lenovo Ideapad ® model U410

  computer "Class Computers" at any time, you are a Settlement Class Member and may be eligible to make a claim and seek the relief described herein:

- All claims must be made during a 365-day claim period that begins on ____2014 and ends on ____(the "Claims Bar Date"). If the case is appealed, the claim period may be delayed.

  Read this Notice carefully because your legal rights could be affected.

---

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**Obtain settlement benefits.** Submit the attached claim form (also available on www._____ ).

**Opt Out** - Write to counsel for Plaintiffs and Lenovo if you do not want to be included in the settlement. You have a right to opt out of the settlement only if you purchased one of the Class Computers and have not objected to the settlement.

**Object -** Write to the Court and to counsel for Plaintiffs and Lenovo if you disagree with the settlement. As set forth in the answers to questions 17 through 19 below, you may attend a hearing on the fairness of the settlement after giving appropriate notice. You have a right to object to the settlement only if you purchased one of the Class Computers and have not opted out of the settlement.

**Do Nothing** - Get no settlement benefits. Give up rights.

These rights and options – **and the deadlines by which to exercise them** – are explained in this Notice.

---

**EXHIBIT B**
1

The Court that is supervising this case has granted preliminary approval of the settlement, but still has to decide whether to grant final approval. The final approval hearing will take place on December 8, 2014. Settlement benefits will be distributed only if and after the Court grants final approval of the settlement and any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

**Page**

**BASIC INFORMATION** ............................................................................................4

1. Why was this Notice issued? ...................................................……………......4

2. What is this lawsuit about? ...............................................................……4

3. Why is this a class action? ..............................................................……………...4

4. Why is there a settlement? ...........................................................………………..5

**WHO IS IN THE SETTLEMENT?** ..........................................................................5

5. How do I know if I am part of the settlement? ..........................................................5

6. What Lenovo brand Ultrabook computers are included? ...................…...........................5

7. Are there exceptions to being included in the settlement? ...........................……………......5

8. What if I am not sure whether I am included in the settlement? ...................………………..5

**THE SETTLEMENT BENEFITS:**
**WHAT YOU GET AND HOW YOU GET IT** ........................................................... 5

9.What does the settlement provide?..........................................................................5

10. How can I receive settlement benefits for a persistent Wi-Fi problem that I had in the past?...5

11. What claims against Lenovo am I releasing? ..........................................................6

**THE LAWYERS REPRESENTING PLAINTIFFS** ..............................................................7

12. Do I have a lawyer in this case? ............................................................................7

13. How will the lawyers be paid? ...........................................................................7

**EXCLUDING YOURSELF FROM THE SETTLEMENT**…………………………………...7

14. What do I do if I do not want to be included in the settlement? .....................................7

15. What happens if I don't opt out before November 14, 2014? ................ ……………………..8

**OBJECTING TO THE SETTLEMENT** ......................................................................8

**EXHIBIT B**
2

16. How do I tell the Court that I like or don't like the settlement? ...................................……....8

17. When and where will the Court decide whether to approve the settlement? ...................................................................................................................... 9

18. Do I have to come to the hearing? ........................................................................9

19. May I speak at the hearing? ...............................................................................9

**IF YOU DO NOTHING** .......................................................................................... 9

20. What happens if I do nothing at all? .............................................................……....9

21. How do I get more information? ......................................................................……..10

**EXHIBIT B**

## BASIC INFORMATION

**1.   Why was this Notice issued?**

The Court issued this Notice because you have a right to know about a proposed settlement of a class action lawsuit that the Court has preliminarily approved. You also are entitled to know how you may make a claim for certain benefits of the settlement and about all of your options. If the Court grants final approval and any appeals are resolved (this date will be referred to as "the Settlement Effective Date"), valuable benefits will be distributed to certain qualifying persons who made a claim within the Claim Period.

**2.   What is this lawsuit about?**

The people who filed the class action are called the "plaintiffs" and Lenovo is the "defendant." A lawsuit filed in federal court in California, captioned *Kacsuta v. Lenovo (United States) Inc.* Case No. SACV 13-00316-CJC(RNBx) (C.D. Cal.), alleges that Lenovo sold certain Ultrabook computers that contained a design defect that affects the Wi-Fi performance of the computers. Plaintiffs assert legal claims on behalf of themselves and all members of the "Settlement Class," defined below. Those claims include claims that Lenovo violated the California Consumer Legal Remedies Act, the California Unfair Competition Law, and that Lenovo breached express and implied warranties to purchasers of the Ultrabook computers. Lenovo denies these claims, as well as any wrongdoing in the sale, distribution or marketing of the Class Computers. More information can be found at_____, by writing to Plaintiffs' Class Counsel: Gina M. Tufaro of the Paradis Law Group, PLLC, 570 Seventh Ave. – 20th Fl., New York, NY 10018; Gary L. Mason of Whitfield Bryson & Mason, LLP 1625 Massachusetts Ave. NW, Suite 605, Washington, D.C. 20036; or Jordan L. Chaikin of Parker Waichman LLP, 3301 Bonita Beach Road, Suite 101, Bonita Springs, Florida  34134, or by calling 1-(800) _____. A copy of the Settlement Agreement will be available at www._____, and is also on file with the Court.

**3. Why is this a class action?**

In a class action, one or more person(s) called "Class Representatives" sue on behalf of themselves and others with similar claims. All of these people together are called a "Class," and individually, are called "Class Members." The Court appointed Plaintiffs as Class Representatives for purposes of this settlement. The "Settlement Class Members" are all people who purchased one of the Class Computers and who do not properly or timely exercise their rights to opt out of the settlement.

**4. Why is there a settlement?**

The Court did not decide in favor of either Plaintiffs or Lenovo. Instead, both sides agreed to a settlement. The Class Representatives and the attorneys that have been appointed by the Court to represent the Class believe that the settlement is in the best interests of all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

**5. How do I know if I am part of the settlement?**

You may be entitled to settlement benefits if you purchased either a Lenovo Ideapad® model U310 computer or Lenovo Ideapad® model U410 computer. Please see the Answer to Question 10 below to determine whether you qualify for settlement benefits.

**6. What Lenovo Ultrabooks are included in the settlement?**

Lenovo Ideapad® model U310 and U410 Ultrabook computers.

**7. Are there exceptions to being included in the settlement?**

Excluded from the Class are the Judge and Magistrate Judge to whom this case is assigned, and any members of their immediate families.

**8. What if I am not sure whether I am included in the settlement?**

If you are not sure whether you are included in the Settlement Class, you may visit www. _____, for more information, or call _____ , and ask for assistance.

## THE SETTLEMENT BENEFITS:
## <u>WHAT YOU GET AND HOW YOU GET IT</u>

**9. What does the settlement provide?**

All Settlement Class members who submit a valid Claim Form who have not previously returned their Class Computer for repair of the wireless capability and who desire to have Lenovo repair the wireless capability of their Class Computer due to persistent Wi-Fi connectivity problems shall be entitled to return their Class Computer to Lenovo in order to permit Lenovo to repair the wireless capability of their Class Computer, and the warranty period for any Wi-Fi related issue shall be: (i) extended for a period of one additional year from the date of such warranty repair in situations where the original warranty has not yet expired; or (ii) renewed for a period of one additional year from the date of such warranty repair in situations where the original warranty has expired.  The entire cost of such repair, including all costs associated with insured shipping of such Settlement Class member's Class Computer to Lenovo and the return of the Class Computer to the Settlement Class member will be borne exclusively by Lenovo; *alternatively*

All Settlement Class members who submit a valid short form Claim Form and Release and who ***do not*** elect the settlement consideration provided in the Paragraph immediately above, will receive one of the following forms of the settlement consideration upon electing which one of the following two forms of consideration they wish to receive in connection with each Class Computer purchased:

       (i)      a cash refund in the amount of one hundred dollars ($100) paid by Lenovo; or

       (ii)     a two hundred fifty dollar ($250) credit certificate toward the purchase of any product listed for sale on www.lenovo.com.

**EXHIBIT B**

5

The $250 credit certificate shall be issued by Lenovo and be transferable within the immediate family of the original claimant and capable of being combined with any other credit, voucher, coupon, sale, or other discount of any kind and shall expire no less than two years after issuance.

Additionally, the warranty period for those Settlement Class members who select to receive settlement benefits under this paragraph shall be: (a) extended for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has not yet expired; or (b) renewed for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has expired.

**10. How can I receive settlement benefits for a persistent Wi-Fi problem that I had in the past?**

In addition, all Settlement Class members who elect to receive one of the forms of settlement consideration specified in Answer 9 above, and who, through the submission of satisfactory documentary evidence, demonstrate that that they previously incurred actual out-of-pocket expenses associated with the repair of their Class Computer for a persistent Wi-Fi problem, shall be reimbursed for one hundred percent (100%) of the amount of such expenses by Lenovo upon the submission of a valid short form Claim Form and Release, accompanied by the required documentation.

**11. What claims against Lenovo am I releasing?**

If you are a Settlement Class Member, when the settlement becomes final – even if you do not claim the benefits described in Answer 9 -- you will be releasing Lenovo and its officers, directors, employees, and related corporate entities, from any liability for all claims associated with this case, and you will be bound by the release included in the Settlement Agreement. A copy of the Settlement Agreement containing the release is available at _____.

**THE LAWYERS REPRESENTING PLAINTIFFS**

**12. Do I have a lawyer in this case?**

Yes. Gina M. Tufaro of the Paradis Law Group, PLLC, 570 Seventh Ave. – 20th Fl., New York, NY 10018; Gary L. Mason of Whitfield Bryson & Mason, LLP 1625 Massachusetts Ave. NW, Suite 605, Washington, D.C. 20036; and Jordan L. Chaikin of Parker Waichman LLP, 3301 Bonita Beach Road, Suite 101, Bonita Springs, Florida 34134 have been appointed by the Court to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13. How will the lawyers be paid?**

Plaintiffs' counsel will ask the Court to award attorneys' fees in the amount of $8,889,300 and to award reimbursement of expenses incurred in litigating this case in an amount not to exceed $300,000. The Court may award a different amount. If the Court does award attorneys' fees and reimbursement of expenses, Lenovo has agreed to pay whatever amounts are awarded by the Court. Separate and apart from the settlement consideration described in Answer 9 and Answer 10 above, Lenovo will separately pay the fees and expenses that the Court awards, as well as the costs to provide notice to the Settlement Class and to administer the settlement. These

**EXHIBIT B**

6

amounts will not come out of the funds for benefits to Settlement Class Members and others. No Settlement Class Member will pay anything.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14. What do I do if I do not want to be included in the settlement?**

You have a right to exclude yourself or "opt out" of the settlement.  To opt out, you must personally sign and mail a request for exclusion to the following address:

Lenovo Laptop Wi-Fi Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Toll-free Phone: 800-766-3330
Facsimile: 516-931-0810
Website: www.berdonclaims.com

You must personally sign the exclusion request and identify the Class Computer that you purchased (by serial and model number). You must also clearly state that you wish to be excluded from the Settlement Class. Your request must: (i) identify the Class Computer that you purchased by model number and serial number; (ii) clearly express your desire to be excluded or to "opt out" from the Settlement Class; (iii) include your name, address and telephone number, and, if represented by counsel, counsel's name, address and telephone number; and (iv) be signed by you.

**Your exclusion request must be mailed to the address set forth above and must be postmarked no later than November 14, 2014 or it will not be accepted. If you do not specifically request to be excluded by following these directions, you will automatically be a member of the Settlement Class.**

If you opt out of the Settlement Class, you will not be eligible for any settlement benefits, and will waive all rights to object to the settlement. Similarly, if you file an objection to the settlement with the Court (see Question 16 below), you will not be able to exclude yourself from the Settlement Class.

**15. What happens if I don't opt out before** November 14, 2014**?**

If the proposed settlement is approved and you are a Settlement Class Member who does not properly and timely exclude yourself from the Settlement Class, all claims that you may have now or in the future against Lenovo with respect to Wi-Fi problems and the Class Computers will be **WAIVED AND RELEASED,** and you will be prohibited from bringing any such claims in the future on your own behalf.

**EXHIBIT B**
7

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I like or don't like the settlement?**

If you are a Settlement Class Member, you can express your objection to the settlement. The Court will consider your views. To object, you must send a letter to the Court saying that you object to the terms of the settlement. Your objection must: (i) identify the Class Computer that you purchased by model number and serial number; (ii) state in detail the legal and factual ground(s) for your objection; (iii) include your name, address and telephone number, and, if represented by counsel, counsel's name, address and telephone number; and (iv) be signed by you.  If you are represented by your own separate counsel, that attorney will also need to file his or her appearance with the Court by no later than November 18, 2014

To object, you must file the objection with the Clerk of the Court no later than November 14, 2014 at:

CLERK OF THE COURT,
United States District Court for the Central District of California,
411 West Fourth Street, Room 1053,
Santa Ana, California 92701

Please include the phrase *"Kacsuta v. Lenovo (United States) Inc,* Case No. SACV 13-00316-CJC(RNBx)" below the Court's address on the envelope containing your objection.

You must also deliver the objection to Plaintiffs' and Lenovo's counsel at the following addresses, so that it is *received* by no later than November 14, 2014

CLASS COUNSEL FOR PLAINTIFFS AND THE SETTLEMENT CLASS:

Gina M. Tufaro
Paradis Law Group, PLLC
570 Seventh Ave. - 20th Fl.,
New York, NY 10018

COUNSEL FOR LENOVO:

Dan Stephenson, Esq.
Dykema Gossett PLLC
333 South Grand Avenue - Suite 2100
Los Angeles, CA 90071

If you file an objection to the settlement with the Court, you will waive all rights to exclude yourself from the Settlement Class.

**17. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing before the Honorable Cormac J. Carney at 1:30 p.m. on December 8, 2014 in Courtroom 9B of the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, California. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court also may decide how much to pay Plaintiffs' counsel. After

the hearing, the Court will decide whether to grant final approval of the settlement. We do not know how long these decisions will take.

**18. Do I have to attend the hearing?**

No. Plaintiffs' counsel will answer any questions that Judge Carney may have. However, you are welcome to come at your own expense. You also may pay your own lawyer to attend the Fairness Hearing on your behalf. If you file an objection, you do not have to come to Court to discuss it. As long as your written objection is received before the deadline, and you have followed the directions contained in the Answer to Question 16 above, the Court will consider the information provided in your written objection.

**19. May I speak at the hearing?**

That will be up to Judge Carney. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Kacsuta v. Lenovo (United States) Inc.* Case No. SACV 13-00316-CJC(RNBx)" You must include your name and address, as well as the name, address and telephone number of any attorney who will appear at the Fairness Hearing on your behalf. Your request must also indicate that you timely objected to the Settlement pursuant to the directions contained in the Answer to Question 16 above. Your letter must also identify the Class Computer that you purchased (by serial and model number). You must also include your signature and the specific reasons why you wish to speak at the Fairness Hearing, as well as any ground(s) for your objection.

Your Notice of Intention to Appear must be filed with the Clerk of the Court at the address listed in the Answer to Question 16 above no later than November 18, 2014. Please include the phrase "*Kacsuta v. Lenovo (United States) Inc.* Case No. SACV 13-00316-CJC (RNBx)" below the Court's address on the envelope containing your notice. Your notice must also be received by plaintiffs' counsel and Lenovo's counsel at the addresses listed in the Answer to Question 16 above no later than November 18, 2014.

<u>IF YOU DO NOTHING</u>

**20. What happens if I do nothing at all?**

If you do nothing, you will be a member of the Settlement Class. You will not get any settlement awards. Moreover, any and all claims you have relating to Wi-Fi problems in the Class Computers will be released.

**21. How do I get more information?**

If you think you may be a Settlement Class Member or may have purchased a Class Computer and would like more information about the lawsuit or the terms of the proposed settlement, you may review the pleadings, records and other papers on file in this lawsuit, including the Court's Order regarding the Preliminary Approval of Class Settlement and the proposed Settlement Agreement, which may be inspected on weekdays, during normal business hours, at the Clerk's Office, United States District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, California. The Preliminary Approval Order and Settlement Agreement will also be available on _____. For information on any matters contained in this Notice, you may write to or call Plaintiffs' counsel:

**EXHIBIT B**

9

Gina M. Tufaro, Esq.,
Paradis Law Group, PLLC
570 7th Avenue, 20th Floor
New York, NY 10018
Telephone: (212) 986-4500.

**PLEASE DO NOT CONTACT THE COURT DIRECTLY WITH QUESTIONS ABOUT THE SETTLEMENT.**

Dated: September __,  2014

EXHIBIT C

**IF YOU PURCHASED A LENOVO IDEAPAD ® ULTRABOOK COMPUTER,
YOU MAY BE ELIGIBLE TO RECEIVE BENEFITS
FROM A CLASS ACTION SETTLEMENT**

## WHAT'S THIS CASE ABOUT?

A lawsuit filed in federal court in California, captioned *Kacsuta v. Lenovo (United States) Inc.* Case No. SACV 13-00316-CJC(RNBx) (C.D. Cal.), alleges that Lenovo sold certain Ultrabook computers that contained a design defect that affects the Wi-Fi performance of the computers. Plaintiffs assert legal claims on behalf of themselves and all members of the "Settlement Class," defined below. Those claims include claims that Lenovo violated the California Consumer Legal Remedies Act, the California Unfair Competition Law, and that Lenovo breached express and implied warranties to purchasers of the Ultrabook computers. Lenovo denies these claims, as well as any wrongdoing in the sale, distribution or marketing of the Class Computers. More information can be found at_____, by writing to Plaintiffs' Class Counsel: Gina M. Tufaro of the Paradis Law Group, PLLC, 570 Seventh Ave. – 20th Fl., New York, NY 10018; Gary L. Mason of Whitfield Bryson & Mason, LLP 1625 Massachusetts Ave. NW, Suite 605, Washington, D.C. 20036; or Jordan L. Chaikin of Parker Waichman LLP, 3301 Bonita Beach Road, Suite 101, Bonita Springs, Florida 34134, or by calling 1-(800) _____. A copy of the Settlement Agreement will be available at www._____, and is also on file with the Court.

## WILL THERE BE A HEARING?

The Court will hold a fairness hearing at 1:30 p.m on December 8, 2014 to consider whether to approve the settlement. The hearing will be held at the U.S. District Court for the Central District of California, 411 West Fourth Street, Santa Ana, California, in Courtroom 9B. You may appear at the Fairness Hearing, but it is not required.

## WHO IS INCLUDED?

You may be entitled to settlement benefits if you purchased either a Lenovo Ideapad® model U310 computer or Lenovo Ideapad® model U410 computer (the "Class Computers"), and you experienced a persistent inability to connect to the Internet.

## WHAT BENEFITS DOES THE SETTLEMENT PROVIDE?

All Settlement Class members who submit a valid Claim Form who have not previously returned their Class Computer for repair of the wireless capability of their Class Computer and who desire to have Lenovo repair the wireless capability of their Class Computer shall be entitled to return their Class Computer to Lenovo in order to permit Lenovo to repair the wireless capability of their Class Computer, and the warranty period for any Wi-Fi

1
**Exhibit C**

related issue shall be: (i) extended for a period of one additional year from the date of such warranty repair in situations where the original warranty has not yet expired; or (ii) renewed for a period of one additional year from the date of such warranty repair in situations where the original warranty has expired. The entire cost of such repair, including all costs associated with insured shipping of such Settlement Class member's Class Computer to Lenovo and the return of the Class Computer to the Settlement Class member will be borne exclusively by Lenovo; alternatively

All Settlement Class members who submit a valid short form Claim Form and Release and who do not elect the settlement consideration provided in the Paragraph immediately above, will receive one of the following forms of the settlement consideration upon electing which one of the following two forms of consideration they wish to receive in connection with each Class Computer purchased:

      i.     a cash refund in the amount of one hundred dollars ($100) paid by Lenovo; or

      ii.    a two hundred fifty dollar ($250) credit certificate toward the purchase of any product listed for sale on www.lenovo.com. The $250 credit certificate shall be issued by Lenovo and be transferable within the immediate family of the original claimant and capable of being combined by said family member with any other credit, voucher, coupon, sale, or other discount of any kind and shall expire no less than two years after issuance.

Additionally, the warranty period for those Settlement Class members who select to receive settlement benefits under this paragraph shall be: (a) extended for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has not yet expired; or (b) renewed for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has expired.

In addition, all Settlement Class members who elect to receive the one of the forms of settlement consideration specified above, and who, through the submission of satisfactory documentary evidence, demonstrate that that they previously incurred actual out-of-pocket expenses associated with the repair of their Class Computer, shall be reimbursed for one hundred percent (100%) of the amount of such expenses by Lenovo upon the submission of a valid short form Claim Form and Release, accompanied by the required documentation.

## WHAT ARE THE ATTORNEYS' FEES?

Plaintiffs' counsel will ask the Court to award attorneys' fees in the amount of $8,889,300 and to award reimbursement of expenses incurred in litigating this case in an amount not to exceed $300,000. The Court may award a different amount. If the Court does award attorneys' fees and reimbursement of expenses, Lenovo has agreed to pay whatever amounts are awarded by the Court. Separate and apart from the settlement consideration described above, Lenovo will separately pay the fees and expenses that the Court awards, as well as the costs to provide notice to the Settlement Class and to administer the settlement. These amounts will not come out of the funds for benefits to Settlement Class Members and others. No Settlement Class Member will pay anything.

## WHAT ARE YOUR OPTIONS?

If you experienced Wi-Fi persistent connectivity problems on a Class Computer, you can:

1. Submit a claim for the settlement benefits.

2. Object.  Written objections must be filed with the Court and copies mailed to counsel by November 14, 2014.  The detailed notice provides full details on how to object and can be found on the settlement website at \_\_\_\_.

3. Opt out of the settlement.  Written request for exclusion must be mailed to

Lenovo Laptop Wi-Fi Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Toll-free Phone: 800-766-3330
Facsimile: 516-931-0810
Website: www.berdonclaims.com

and postmarked no later than November 14, 2014.  If you opt out of the settlement, you will no longer be a Settlement Class Member, and you will not be bound by the settlement and cannot file a claim.  The detailed notice provides full details on how to opt out and can be found on the settlement website at _____.

4. Do nothing.  If you do nothing, you will not receive any settlement benefits, and you give up rights.

3
**Exhibit C**

## HOW DO I GET MORE INFORMATION?

For further details, visit the settlement website at www. or write to Plaintiffs' Class Counsel:

Gina M. Tufaro, Esq.,
Paradis Law Group, PLLC
570 7th Avenue, 20th Floor
New York, NY 10018
Telephone: (212) 986-4500.

## PLEASE DO NOT CONTACT THE COURT DIRECTLY WITH QUESTIONS ABOUT THE SETTLEMENT.

EXHIBIT D

1   Paul R. Kiesel, State Bar No. 119854
2     *kiesel@kbla.com*
    KIESEL LAW LLP
3   8648 Wilshire Boulevard
4   Beverly Hills, California 90211-2910
    Tel:   310-854-4444
5   Fax:   310-854-0812

6

7   Paul O. Paradis, Esq.
8     *pparadis@hhplawny.com*
    Gina M. Tufaro, Esq.
9   PARADIS LAW GROUP, PLLC
10  570 7th Avenue, 20th Floor
    New York, NY 10018
11  Tel:   212-986-4500
12  Fax:   212-986-4501

13  Attorneys for Plaintiffs
14                  **UNITED STATES DISTRICT COURT**
15                  **CENTRAL DISTRICT OF CALIFORNIA**
16

| | |
|---|---|
| GARRETT KACSUTA, individually and on behalf of all others similarly situated, | Case No. SACV 13-00316-CJC(RNBx) |
| | [PROPOSED] |
| Plaintiff, | ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND ORDER OF DISMISSAL |
| v. | |
| LENOVO (United States) Inc., | Hearing Date: December 8, 2014 |
| | Time: 1:30 p.m. |
| Defendant. | Department: Courtroom 9B |
| | Judge: Cormac J. Carney |

17
18
19
20
21
22
23
24
25
26
27
28

---

1

[PROPOSED]ORDER GRANTING MOTION FOR FINAL APPROVAL

---

**EXHIBIT D**

1    WHEREAS, plaintiffs Garrett Kacsuta ("Kacsuta") and Michael Wheeler

2  ("Wheeler") (collectively hereinafter "Plaintiffs") moved for an Order, pursuant to

3  Federal Rule of Civil Procedure 23(e), seeking final approval of a class action

4  settlement, and entry of final judgment dismissing the claims alleged in the Second

5  Amended Complaint (the "Motion"); and

6    WHEREAS, defendant Lenovo (United States) Inc. ("Lenovo" or

7  "Defendant") joined in the Motion and sought the same relief; and

8    WHEREAS, the Court reviewed the submissions of the parties, all properly

9  and timely filed objections to the Settlement, and the parties' responses to such

10 objections, and held a Fairness Hearing, pursuant to Federal Rule of Civil

11 Procedure 23(e)(2), on December 8, 2014 (the "Fairness Hearing"), and good

12 cause appearing;

13    IT IS ORDERED that the Motion is GRANTED, subject to the following

14 terms and conditions:

15    1.    With respect to the capitalized terms set forth herein, the Court, for

16 purposes of this Final Judgment and Order of Dismissal with Prejudice ("Final

17 Order"), adopts the definitions set forth in the Settlement Agreement.

18    2.    This Court has continuing and exclusive jurisdiction over the

19 Settlement and all parties hereto for the purpose of construing, enforcing and

20 administering the Settlement Agreement.

21    3.    The Court finally certifies, for settlement purposes only, the following

22 Settlement Class:

23        all persons who purchased a Lenovo Ideapad® model U310 or
24        U410 Ultrabook computer in the United States at any time
          through the date of the entry of this Order.
25

26    4.    With respect to the Settlement Class, this Court finds that: (a) the

27 members of the Settlement Class are so numerous their joinder is impracticable;

28

2

[PROPOSED]ORDER GRANTING MOTION FOR FINAL APPROVAL

**EXHIBIT D**

(b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the action.

5.     Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. These materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and (a) provided the best practicable notice, (b) were reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Class Actions, the terms of the Settlement Agreement, and of their right to appear or object to or exclude themselves from the Settlement Class, (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully complied with the applicable laws of the United States. Accordingly, the Court determines that all members of the Settlement Class are bound by this Order and by the final judgment to be entered pursuant thereto.

6.     The Court dismisses with prejudice all claims currently pending before it belonging to Plaintiffs and members of the Settlement Class who did not request exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement.

**EXHIBIT D**

7.     The Settlement Agreement and Release dated August 22, 2014 (the "Settlement Agreement") was arrived at after extensive arm's length negotiations conducted in good faith by counsel for the parties, and is supported by the majority of the members of the Settlement Class.  Accordingly, pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement Agreement as fair, reasonable and adequate in light of the complexity, expense and duration of the litigation, and the risks inherent and involved in establishing liability and damages, and in maintaining the class action as to liability issues through trial and appeal.

8.     The promises and commitments of the parties under the terms of the Settlement Agreement constitute fair value given in exchange for the releases of the Released Claims against the Released. The following claims are therefore released against Lenovo:

> any and all claims, damages, suits, demands, liabilities, judgments, losses and causes of action relating to the Wi-Fi Symptom experienced on Ultrabook computers purchased at any time in the United States through the date of the entry of the Order of Final Approval, whether known or unknown, matured or unmatured, sounding in law or equity, seeking damages or any other relief, that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision or in any other manner, based upon any federal or state statutory or common law including, but not limited to, claims sounding in tort, contract and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, and all claims, damages, suits, demands, liabilities, judgments, losses or causes of action which have been, might have been, are now, or could be asserted by any Plaintiff or any Settlement Class Member arising out of, based upon, or related to, in whole or in part, the facts and circumstances underlying the claims and causes of action set forth in the Action.

9.     All members of the Settlement Class who did not make a valid request for exclusion from the Settlement Class in the time and manner provided in the

---

4

[PROPOSED]ORDER GRANTING MOTION FOR FINAL APPROVAL

**EXHIBIT D**

Settlement Agreement are barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Lenovo and/or the Released Parties based upon, relating to, or arising out of, any of the Released Claims.  However, all members of the Settlement Class who did make a valid request for exclusion from the Settlement Class in the time and manner provided in the Settlement Agreement are not barred, permanently enjoined, or restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Lenovo and/or the Released Parties based upon, relating to, or arising out of, any of the Released Claims.

10.    By operation of this Final Order and upon the occurrence of the Effective Date, Lenovo and/or the Released Parties shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished and discharged each and all members of the Settlement Class, Plaintiffs and Class Counsel from all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of this litigation or the Released Claims.

11.    For good cause shown, the Court awards reimbursement payments to Plaintiffs in the amount of $_____ each for the time and expense each of these Plaintiffs expended in connection with the prosecution of the actions, which shall be paid by Lenovo.

12.    For good cause shown, the Court awards Class Counsel: (i) reasonable attorney fees in the amount of $_____; and (ii) expenses in the amount of $_____.  The attorneys' fees and reimbursement of expenses awarded by the Court shall be paid by Lenovo within three (3) business days after this Order has been entered.  Lenovo will pay the amount awarded by the Court directly to

[PROPOSED]ORDER GRANTING MOTION FOR FINAL APPROVAL

**EXHIBIT D**

Paradis Law Group, PLLC, who shall be responsible for allocating the attorneys' fees and expenses among Class Counsel as agreed by Class Counsel.

13.    The Settlement Agreement shall not be offered or be admissible in evidence by or against Lenovo or cited or referred to in any other action or proceeding, except (1) in any action or proceeding brought by or against the parties to enforce or otherwise implement the terms of the Settlement Agreement, or (2) in any action involving Plaintiffs, members of the Settlement Class, or any of them, to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

14.    If, for any reason, the Effective Date of Settlement Agreement does not occur, this Final Judgment shall be deemed vacated and shall have no force or effect whatsoever.

15.    The Clerk is directed to enter this Final Order forthwith.


Dated: December ___, 2014                    SO ORDERED:


                                        _____

                                        HON. CORMAC J. CARNEY

                                        United States District Judge

[PROPOSED]ORDER GRANTING MOTION FOR FINAL APPROVAL

**EXHIBIT D**

EXHIBIT E

Lenovo Laptop Wi-Fi Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Toll-free Phone: 800-766-3330
Facsimile: 516-931-0810
Website: www.berdonclaims.com

## Claim Form and Settlement Declaration

| ++++++ Claim #: [Pre=Populated] | Name / Address Change, if any: +++++++ |
|---|---|
| First, Last | _____ |
| Company | _____ |
| Address 1 | _____ |
| Address 2 | _____ |
| City, State Zip Code | _____ |

If this claim is to be paid in the name of a company, please check this box and provide the full name of the company here: _____

### Instructions

    1.    To file a claim, you must:

    a. attach a copy of your purchase receipt/invoice and/or documentation sufficient to evidence your purchase of a Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer.  Documentation sufficient to evidence your purchase may include a sales receipt, credit card or other account statement, shipping manifest, purchase order or other similar documentation evidencing purchase of your Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer; and

    b. Provide or update the information required in the "**Declaration**" section below, then date and sign the "**Declaration**" section under penalty of perjury.

    2.    If you previously **RETURNED** your Lenovo Ultrabook Model 310 or Lenovo Ultrabook Model 410 computer to Lenovo or an authorized Lenovo service center for a Wi-Fi repair, and the repair was unsatisfactory, you may elect to receive either:

    _____    a.    a cash refund in the amount of one hundred dollars ($100) paid by Lenovo; or

_____    b.    a two hundred fifty dollar ($250) credit certificate that may be applied toward the purchase of any product listed for sale on www.lenovo.com.  The $250 credit certificate shall be issued by Lenovo and be transferable within the immediate family of the original claimant and capable of being combined with any other credit, voucher, coupon, sale, or other discount of any kind and shall expire no less than two years after issuance.

In addition to the foregoing, the warranty period for those Settlement Class members who elect to receive the settlement consideration offered in Paragraph 2a. or 2b. above shall be: (a) extended for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has not yet expired; or (b) renewed for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has expired.

To indicate you selection, please place an "X" in the box next to either 2a. or 2b. above.

3.    If you **HAVE NOT PREVIOUSLY RETURNED** your Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer to Lenovo or an authorized Lenovo service center for a Wi-Fi repair, you may:

_____    a.    Return your Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer to Lenovo to permit Lenovo to repair the wireless capability of your Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer.  The entire cost of such repair, including all costs associated with insured shipping of such Settlement Class member's Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer to Lenovo and the return of such computer to the Settlement Class member will be borne exclusively by Lenovo.

For those Settlement Class members who elect to have Lenovo repair the wireless capability of their Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computers, the warranty period for any Wi-Fi related issue shall be: (i) extended for a period of one additional year from the date of such warranty repair in situations where the original warranty has not yet expired; or (ii) renewed for a period of one additional year from the date of such warranty repair in situations where the original warranty has expired; or

_____    b.    elect to receive a cash refund in the amount of one hundred dollars ($100) paid by Lenovo; or

_____        c.        elect to receive a two hundred fifty dollar ($250) credit certificate that may be applied toward the purchase of any product listed for sale on www.lenovo.com.  The $250 credit certificate shall be issued by Lenovo and be transferable within the immediate family of the original claimant and capable of being combined by said family member with any other credit, voucher, coupon, sale, or other discount of any kind and shall expire no less than two years after issuance.

In addition to the foregoing, the warranty period for those Settlement Class members who elect to receive the settlement consideration offered in Paragraph 3b. or 3c. above shall be: (a) extended for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has not yet expired; or (b) renewed for a period of 120 days from the date of final approval of the settlement in situations where the original warranty has expired.

To indicate you selection, please place an "X" in the box next to either 3a., 3b. or 3c. above.

4.     Any Settlement Class members who elect to receive the settlement consideration offered in Paragraphs 2 or 3 above who also previously incurred any actual out-of-pocket expenses associated with the repair of the Wi-Fi of their Lenovo Ultrabook Model 310 or Lenovo Ultrabook Model 410 computer are also entitled to be reimbursed by Lenovo for one hundred percent (100%) of the amount of such expenses upon the submission of a valid Claim Form accompanied by satisfactory documentation evidencing such out-of-pocket expenses.

_____        Please check this box if you are seeking reimbursement for actual out-of-pocket expenses associated with the repair of the Wi-Fi of your Lenovo Ultrabook Model 310 or Lenovo Ultrabook Model 410 computer and have attached documentation to this Claim Form evidencing such expenses.

5.     Once you have completed this claim form and sign the declaration section, to file a claim you must electronically submit or mail this Claim Form postmarked no later than [DATE] to: Lenovo Ultrabook Computer Litigation Settlement Administrator, P.O. Box ____, [ADDRESS].  If you submit this Claim Form electronically, it must be received by 11:59 PM on [Date], and be delivered to the: Lenovo Ultrabook Computer Litigation Settlement Administrator [ADDRESS].

## **Declaration**

I, [PRE-PRINT NAME], hereby declare under penalty of perjury as follows:

1.     I have personal knowledge of the matters stated herein and I could and would testify competently to these matters if called upon to do so.

2.     I purchased [insert number of computers purchased] Lenovo Ultrabook Model U_10 computer(s) bearing the following serial number(s) _____ on [insert DATE] in the United States of America.

3.     The computer(s) identified in the preceding paragraph has/have experienced a persistent inability to connect to Wi-Fi networks and/or to attain Wi-Fi data transmission/reception at speeds sufficient to allow me to engage in Internet browsing while the computer(s) are within the range of a wireless Wi-Fi router.

4.     _____ I **PREVIOUSLY RETURNED** my Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer to Lenovo or an authorized Lenovo service center for a Wi-Fi repair.

5.     _____ I have **NOT** **PREVIOUSLY RETURNED** my Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer to Lenovo or an authorized Lenovo service center for a Wi-Fi repair.

Under penalty of perjury under the laws of United States of America, I declare that the foregoing is true and correct. By submitting this claim form, I also hereby submit and consent to the jurisdiction of the United States District Court for the Central District of California in this matter.

_____         _____
Date: (mm/dd/yyyy)                        Signature

# THIS DECLARATION IS MADE UNDER PENALTY OF PERJURY

# EXHIBIT 2

# PARADIS LAW GROUP, PLLC

570 Seventh Avenue, 20th Floor
New York, NY 10018
Telephone: 212-986-4500
Facsimile: 212-986-4501

### Firm Résumé

Paradis Law Group, PLLC ("PLG" or the "Firm") specializes in large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer protection, commercial law, investor arbitration, unfair employment practices and antitrust. The Firm's attorneys have litigated hundreds of cases in both state and federal courts throughout the United States, and are committed to protecting shareholders and victims of corporate and consumer wrongdoing.

Throughout the course of the past thirty years, the attorneys of PLG have been appointed lead or co-lead counsel in cases resulting in billions of dollars in recoveries on behalf of investors and aggrieved parties. As demonstrated below, the attorneys of PLG have served as a lead counsel in some of the largest securities and consumer fraud class action settlements.

## THE FIRM'S RECENT ACHIEVEMENTS

In re Bank of America Corp. Stockholder Derivative Litigation, CA. No. 4307-VCS (Del. Ch.). Attorneys of PLG were appointed co-lead counsel in stockholder derivative action brought on behalf of Bank of America against the members of the Board of Directors of Bank of America in connection with the acquisition of Merrill Lynch & Co. The efforts of attorneys from PLG resulted in a settlement of $62.5 million.

The NVIDIA GPU Litigation, Case No. C 08-04312 (N.D. Cal.). Attorneys of PLG represented a class of purchasers of certain computers alleging consumer fraud claims arising out of purchases of NVIDIA's defective graphics processing units. In connection with the settlement of these claims, class members were entitled to receive either a replacement computer, repair of a computer or reimbursement for repair. A settlement fund of $2 million was established.

In re Ticketmaster Sales Practice Litig., 09-cv-0912 (C.D. Cal.). Attorneys of PLG were appointed Co-Lead Counsel to represent a class of purchasers of tickets from TicketsNow.com alleging consumer fraud violations based upon deceptive ticket sales practices. The litigation was resolved for compensation valued at $16.5 million.

In re: Toyota Motor Corp. Hybrid Brake Marketing, Sales Practices and Products Liability Litigation, 2:10-CV-00946 (C.D. Ca). Attorneys of PLG were appointed interim lead counsel to represent a class of purchasers of certain defective Toyota vehicles.

In re Philips/Magnavox Television Litigation, 09-cv-3072 (D. N.J.). Attorneys of PLG were appointed interim co-lead counsel to represent a class of purchasers of certain defective

Philips/Magnavox flat screen televisions.  On September 2, 2010, the court denied in material part Philips' motion to dismiss the complaint.  In connection with the settlement of the action, a $4 million settlement fund was created to reimburse class members for the cost of repairs to their televisions.

Conseco Annuity Assurance Co., et al. v. Citigroup, H-03-2240 (S.D. Tx.).  Attorneys of PLG represented Conseco Annuity Assurance Company, IHC Health Plans, Inc., and other purchasers of $2.4 billion Credit Linked Notes issued by Citigroup in a class action alleging securities fraud that was consolidated with Newby v. Enron, et al. The litigation was successfully resolved as a part of a $2 billion settlement with Citigroup.

Hudson Soft Co., Ltd. v. Credit Suisse First Boston, Inc., H-03-0860 (S.D. Tx.).  Attorneys of PLG represented Sapporo, Japan-based Hudson Soft Co., Ltd. in an individual action alleging violation of the federal securities laws by Credit Suisse First Boston, Inc. ("CSFB") in connection with the sales of credit-linked notes issued by CSFB. Litigation was successfully resolved for a confidential sum.

In re Abbott Labs. Derivative S'holders Litig., No. 99 C 7246 (N.D. Ill.). Attorneys of PLG represented stockholders of Abbott Laboratories in a stockholder derivative action that was successfully resolved for corporate governance changes.

Corwin v. Abbott Laboratories, No. 2-03-1283 (Ill. App. Ct. – 2d Dist.).  Attorneys of PLG represented stockholders of Abbott Laboratories in a mandamus action calling for the production of the Company's books and records relating to the actions of certain officers in connection with Medicaid fraud.  This action proceeded through trial where the trial court ruled in favor of plaintiffs.  The trial court's ruling was upheld on appeal.

Daugherity v. International Business Machines Corp., No. 23,162 (Tex. – 21st Dist.). Attorneys of PLG represented purchasers of defective computer hard disk drives in an action against International Business Machines Corp. that was successfully resolved in a settlement valued at $35 million.

Danis v. USN Commun. Inc., No. 98 C 7482, (N. D. Ill.).  Attorneys of PLG represented purchasers of USN, Inc. securities in a class action alleging securities fraud. Litigation was successfully resolved for $44.7 million.

In re Salomon Bros. Treasury Litig., 91 Civ. 5471 (S.D.N.Y.).  Attorneys of PLG represented purchasers of United States Treasury securities in a class action alleging securities fraud, anti-trust and racketeering violations. Litigation was successfully resolved for $100 million.

## PROMINENT CASES

The success of the attorneys of PLG in prosecuting large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer protection, unfair employment practices and antitrust is demonstrated by the significant results the Firm has

Paradis Law Group, PLLC

achieved for its clients and others. The following is only a representative list of some of the more notable cases that have been, or are currently being, litigated by the attorneys of PLG:

In re Bank of America Corp. Stockholder Derivative Litigation, CA. No. 4307-VCS (Del. Ch.).

In re American Honda Motor Co. Oil Filter Products Liability Litig., 06-cv-1737 (C.D. Cal.);

In re Philips/Magnavox Television Litigation, 09-cv-3072 (D.N.J.);

In re: Toyota Motor Corp. Hybrid Brake Marketing, Sales Practices and Products Liability Litigation, 2:10-CV-00946 (C.D. Cal.);

Marchese v. Cablevision Systems Corporation, 10-cv-2190 (D.NJ)

## THE FIRM'S LAWYERS

The Firm's attorneys have successfully prosecuted both complex individual and class actions involving some the largest corporations in the world.

## PARTNERS

## PAUL O. PARADIS

Paul O. Paradis is the Partner responsible for Firm's Complex Litigation practice and Investigation Group, and is one of the Firm's senior litigators. Throughout his career, Mr. Paradis has specialized in handling highly complex multi-party litigation in federal and state courts across the United States.

Prior to becoming a Partner of the Firm, Mr. Paradis was a Partner at Abbey Spanier Rodd Abrams & Paradis, LLP from 2001 through 2007. Prior to that time, Mr. Paradis was a Senior Partner at Wolf Popper LLP from 1998 to 2001. Mr. Paradis began his legal career at Pomerantz Haudek Block & Grossman as an associate, and became a Partner of the firm in 1996, where he remained until 1998. Prior to practicing law, Mr. Paradis was employed as a portfolio manager at a major Wall Street financial institution.

Mr. Paradis is admitted to the Bar of the State of New York, the State of New Jersey, the United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey, and Eastern District of Michigan. He received his B.S. from Bentley College in 1986, and his J.D. (cum laude) from New York Law School in 1990, where he was a member of the New York Law School Law Review.

## MICHAEL A. SCHWARTZ

Michael A. Schwartz is a senior litigator. Like Mr. Paradis, throughout Mr. Schwartz's career, Mr. Schwartz has specialized in handling highly complex multi-party litigation in federal and state courts across the United States.

Prior to becoming a Partner of the Firm, Mr. Schwartz was a Partner at Wolf Popper LLP from 1998 to 2007. Mr. Schwartz began his legal career at Pomerantz Haudek Block & Grossman as an associate.

Mr. Schwartz is admitted to the Bar of the State of New York, the United States District Courts for the Southern District of New York, the United States Courts of Appeals for the First and Third Circuits. He received his B.S. from Brooklyn College in 1988, and his J.D. from Brooklyn Law School in 1992.

## GINA M. TUFARO

Ms. Tufaro is a Partner of the Firm specializing in complex civil litigation.

Ms. Tufaro received her B.A. (magna cum laude) from Rutgers University in 1999 and her J.D. (magna cum laude) from New York Law School in 2002 where she served as Managing Editor of The Journal of Human Rights. Ms. Tufaro is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second, Fifth, Seventh and Ninth Circuits. Published works include: Will Carnivore Devour the Fourth? An Exploration into the Constitutionality of the FBI Created Program, 18 N.Y.L.J. Hum. Rts. 305.

Prior to becoming a Partner of the Firm, Ms. Tufaro was an associate at Abbey Spanier Rodd Abrams & Paradis, LLP where she specialized in complex class and individual actions brought on behalf of victims of corporate, consumer and securities fraud.

## ASSOCIATES

## MARK BUTLER

Mr. Butler received his B.A. from Syracuse University in 2007, where he graduated *cum laude*, and received his J.D. from New York Law School in 2010, where he served as a Senior Editor of the *New York Law School Law Review* and graduated *magna cum laude*. He was also a Dean's List recipient in Fall 2007 and Spring 2008 and was a High Honors Dean's List Recipient in Fall 2008, Spring 2009, Fall 2009, and Spring 2010. Mr. Butler is admitted to the New York State Bar.

**PETER DEMATO**

Mr. Demato received his B.S. from Stonybrook University in 2010 and received his J.D. from Brooklyn Law School in 2013 where he was a member of the *Brooklyn Journal of Corporate, Financial and Commercial Law*. He was also a recipient of the CALI Excellence for the Future Award in Criminal Law in 2010 and the CALI Excellence for the Future Award in Corporate Finance in 2012. Mr. Demato is admitted to the New York State Bar.

**MARK MAHAN**

Mr. Mahan received his B.A. from William Patterson University in 2008 and received his J.D. from Rutgers University School of Law - Newark in 2011 where he served as an editor on the *Rutgers Law Review*. He also served as a Teaching Assistant for Legal Writing at the law school. Mr. Mahan is admitted to the New York State Bar.


**PROFESSIONALS**

**THOMAS J. HALL**

Thomas J. Hall is a Forensic Engineer responsible for investigative and technical analysis of defective consumer products.

Prior to working for the Firm, Mr. Hall owned and managed MaxG Technology LLC, a technical consulting and training company, specializing in Vehicle Braking and Stability technology for the transportation industry. Mr. Hall was formerly the Chief Engineer for Global Brake Systems - General Motors for the Robert Bosch Chassis Systems Division. Prior to that, Mr. Hall was the Engineering Manager for System Design and Validation at ITT Automotive, Continental Teves.

Mr. Hall's experience also includes development of ABS, TCS and Stability Control Systems, responsibility for application of system engineering principles and process to the brake industry and development and promotion of brake system proposals and advance braking technologies.

Mr. Hall holds a B.S. in mechanical engineering from the University of Michigan and a M.S. in Finance from Walsh College.

# EXHIBIT 3



# FIRM RESUME

## FIRM PROFILE

With offices located in Washington, D.C., Raleigh, N.C., and Madisonville, Kentucky Whitfield Bryson & Mason LLP is dedicated to representing plaintiffs in class actions, mass torts and individual actions in courts throughout the United States. Founded in January 2012, the firm was created by a merger of three firms with decades of experience representing plaintiffs.

For the past ten years, Mason LLP exclusively represented plaintiffs in class actions and mass torts and obtained settlements totaling more than $1 billion in a variety of contexts, including consumer fraud, toxic torts, civil rights and antitrust price fixing. Bryson Law was recognized nationally as a leading construction negligence law firm and recovered tens of millions of dollars for homeowners and homeowner associations throughout the United States. For more than 15 years, Whitfield & Cox has represented plaintiffs and recovered tens of millions of dollars for victims of mining accidents, auto and truck accidents, medical malpractice and other negligent conduct throughout the Commonwealth of Kentucky.

## FIRM RESUME
### Attorney Profiles

**Gary E. Mason**
**Founding and Managing Partner**

Gary is a nationally recognized leader of the class action bar. Focusing on consumer class actions and mass torts, Gary has recovered more than $1.5 billion in the 22 years he has represented plaintiffs.

With his broad experience, Gary is nationally known for representing consumers in class actions involving a wide range of defective products, including Chinese drywall, fire retardant plywood, polybutylene pipe, high-temperature plastic venting, hardboard siding, pharmaceutical products, consumer electronics and automobiles.

Gary has served in leadership positions in many consumer class actions in State and Federal Courts nationwide as well as in Multi-District Litigation (see Practice Highlights, below).

Gary graduated magna cum laude, Phi Beta Kappa, from Brown University in 1984 and earned his law degree from Duke University Law School. He then clerked for the Honorable Andrew J. Kleinfeld, U.S. District Court Judge, in Anchorage, Alaska.

**John C. Whitfield**
**Founding Partner**

For nearly 30 years, John has been one of Kentucky's premier trial attorneys. He has represented numerous injured parties in the Paducah, Ohio Valley and Western Kentucky areas. He has concentrated primarily on complex civil litigation cases, and over his career has brought to settlement or judgment over 30 cases in excess of a million dollars each.

John is certified as a civil trial specialist by the National Board of Trial Advocacy* and has represented individuals in all walks of life against negligent workplace practices, reckless physicians, predatory businesses, and inattentive automobile and truck drivers.

Throughout his career, John has represented scores of patients who have been the victims of medical negligence, obtaining verdicts and settlements in both state and federal courts. He has handled cases for landowners victim to fraudulent mine royalty practices, for homeowners whose homes and business contained defective concrete, and for Kentucky residents who were overcharged for premium insurance taxes. In addition, John's trial experience extends to the defense of individuals in criminal cases.

John is a frequent lecturer of litigation subjects with the Kentucky Justice Association and American Association for Justice, and has been recognized as a Kentucky Super Lawyer. He is AV rated by the Martindale-Hubbell rating service.

**Daniel K. Bryson**
**Founding Partner**

Dan is one of the nation's most respected and experienced attorneys in the areas of construction defects involving mass torts, class actions or individual lawsuits.

For over 20 years, Dan has focused his practice on complex civil litigation, successfully representing thousands of homeowners in a wide variety of defective construction product suits, class actions, and various mass torts and recovering more than $1.25 billion for his clients in numerous states throughout the country.

Dan frequently collaborates with other attorneys in order to assemble the most effective team possible. He is a frequent lecturer on a variety of defective construction products and consumer mass tort related disputes. Dan has been quoted by a variety of media outlets including the Wall Street Journal, Washington Post, and New York Times. He has been named as a member of the Legal Elite and Super Lawyers in North Carolina on numerous occasions. Dan is the past chair of the NC Bar Association, Construction Law Section.

He has also been involved with a number of AAJ litigation groups and committees through the years and is currently the Co-Chair of the AAJ Chinese Drywall Litigation Group and a member of the Plaintiffs' Steering Committee for the Multi-District Litigation involving Chinese Drywall.

3

A settlement approaching $1 billion was recently announced involving one of the primary defendants, Knauf Plasterboard Tianjin. Dan served on the trial team in Federal Court in Louisiana for the first two Chinese Drywall bellwether cases.

Dan was recently assigned to the Science Committee of the DePuy MDL matter "In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation."

**Nicholas A. Migliaccio**
**Founding Partner**

Nick represents plaintiffs in a variety of cases including claims for wage and hour violations, civil rights violations, defective products, environmental torts, and unfair and deceptive trade practices.

Nick joined his previous law firm, Mason LLP, as an associate in 2003 and became a partner in 2011. Prior to that, he was an associate at Environmental Protection International in Washington, D.C.

Nick earned his undergraduate degree *cum laude* from the State University of New York at Binghamton, and went on to earn his law degree from Georgetown University Law Center where he served as an editor of the Georgetown International Environmental Law Review. He is admitted to practice in New York; the District of Columbia; the United States Courts of Appeal for the Third, Fourth and Sixth Circuits; the United States District Courts for the Districts of Maryland, the District of Columbia, and the Southern District of New York.

**Scott Harris**
**Associate**

Scott Harris has been with Whitfield Bryson & Mason since its inception.

Scott's practice is focused on fighting for individuals and homeowners in complex litigation, including construction defect, mass tort, product liability, and wrongful death litigation. Scott has played a key role in securing substantial verdicts and settlements in a variety of cases, including a multi-million dollar verdict in favor of homeowners for a developer's unfair and deceptive advertising and shoddy road construction, a legal malpractice case, and several defective condominium construction cases.

Scott earned his law degree from Wake Forest University School of Law in 2006 and his Bachelor of Arts from Hampden-Sydney College, in 2001. While at Hampden-Sydney College, Scott was Chairman of the Honor Committee and a member of the national leadership honor society, Omicron Delta Kappa.

**Matthew Lee**
**Associate**

4

Matt has been with Whitfield Bryson & Mason since its inception. Matt's practice is focused on fighting for individuals and homeowners in complex litigation, including construction defect, mass tort, product liability, and wrongful death cases. Matt has played a key role in securing substantial verdicts and settlements in a variety of cases, including a multi-million dollar verdict in favor of homeowners for a developers' unfair and deceptive advertising and shoddy road construction, a confidential pre-trial settlement on behalf of an individual in a defamation matter, and two substantial wrongful death settlements.

Matt earned his law degree from Wake Forest University School of Law in 2006 and his Bachelor of Arts from The Catholic University of America, *cum laude*, in 2001. While at Wake Forest, Matt was the Zeliff Trial Competition Champion, a member of the AAJ Trial Team that advanced to the regional finals in 2006, the AAJ Student Chapter President, and was selected as a member of the Order of Barristers. Matt is also a recent graduate of Leadership Raleigh 25 with the Greater Raleigh Chamber of Commerce.

**Jason Rathod**
**Associate**

Jason litigates complex class actions related to consumer protection, worker rights, civil rights and public fee recovery.

His consumer protection practice focuses on defective products. His worker rights practice focuses on the improper denial of minimum wages and overtime pay. His civil rights practice focuses on violations of due process rights. and his public recovery practice focuses on the recovery of taxes and fees for local governments improperly evaded by corporations.

After graduating with honors from Grinnell College. Jason traveled to six countries on a Watson Fellowship, studying the Indian Diaspora. At the Duke University School of Law, he was an articles editor of the Duke Law Journal and did legal work for the Self-Employed Women's Association in Ahmedabad, India. He has also published a law review article and note on racial discrimination.

5

**Notable Cases**

*Craig v. Rite Aid Corporation*, Civil No. 08-2317 (M.D. Pa.) (FLSA collective action and class action settled for $20.9 million)

*In re: TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) (combined settlement totaling nearly $1.1 billion in suit alleging the illegal formation of an international cartel to restrict competition in the LCD panel market).

*In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047, No. 2:09-md-02047 (E.D. La.) (litigation arising out of defective drywall) (appointed Co-Chair, Insurance Committee).

*In re Google Buzz Privacy Litigation*, CV 10-00672 (N.D. Cal.) (court-appointed Lead Class Counsel; $8.5 million *cy pres* settlement).

*Cordes et al v. IPEX, Inc.*, No. 08-cv-02220-CMA-BNB (D. Col.) (class action arising out of defective brass fittings; court-appointed member of Plaintiffs' Steering Committee).

*Sutton, et al v. The Federal Materials Company, Inc., et al*, No. 07-CI-00007 (Kty. Cir. Ct) ($10.1 million class settlement for owners of residential and commercial properties constructed with defective concrete).

*Stillman v. Staples, Inc.*, Civil No. 07-849 (D.N.J. 2009) (FLSA collective action, plaintiffs' trial verdict for $2.5 million; national settlement approved for $42 million).

*Lew v. Pizza Hut of Maryland, Inc.*, Civil No. CBB-09-CV-3162 (D. Md.) (FLSA collective action, statewide settlement for managers-in-training and assistant managers, providing recompense of 100% of lost wages).

*In re: Dept. of Veterans Affairs (VA) Data Theft Litig.*, MDL 1796 (D.D.C.) (Co-lead counsel representing veterans whose privacy rights had been compromised by the theft of an external hard drive containing personal information of approximately 26.6 million veterans and their spouses; creation of a $20 million fund for affected veterans and a cy pres award for two non-profit organizations).

*Ersler, et. al v. Toshiba America et. al*, 07-civ- 2304 (D.N.J.) (settlement of claims arising from allegedly defective television lamps).

*Nnadili, et al. v. Chevron U.S.A., Inc*, No. 02-cv-1620 (D.D.C.) ($6.2 million settlement for owners and residents of 200 properties located above underground plume of petroleum from former Chevron gas station).

*In re General Motors Corp. Speedometer Products Liability Litigation*, MDL 1896 (W.D. Wash.) (national settlement for repairs and reimbursement of repair costs incurred in connection with defective speedometers).

*Penobscot Indian Nation et al v United States Department of Housing and Urban Development*, N. 07-1282 (PLF) (D.D.C. 2008) (represented charitable organization which successfully challenged regulation barring certain kinds of down-payment assistance; Court held that HUD's promulgation of rule violated the Administrative Procedure Act).

*Nichols v. Progressive Direct Insurance Co., et al.*, No. 2:06cv146 (E.D. Ky.) (Class Counsel; class action arising from unlawful taxation of insurance premiums; statewide settlement with Safe Auto Insurance Company and creation of $2 million Settlement Fund; statewide settlement with Hartford Insurance Company and tax refunds of $1.75 million ).

*Staton v. IMI South, et al.* (Kentucky Cir. Ct) (class settlement for approximately $30 million for repair and purchase of houses built with defective concrete).

*Maytag Neptune Washing Machines* (class action settlement for owners of Maytag Neptune washing machines).

*Roberts v. Fleet Bank (R.I.), N.A.*, Civil Action No. 00-6142 (E. D. Pa.) ($4 million dollar settlement on claims that Fleet changed the interest rate on consumers' credit cards which had been advertised as "fixed.")

*Bruce, et. al. v. County of Rensselaer et. al.*, Case no. 02-CV-0847 (N.D.N.Y.) (class settlement of claims that corrections officers and others employed at the Rensselaer County Jail (NY) engaged in the practice of illegally strip searching all individuals charged with only misdemeanors or minor offenses).

*Baugh v. The Goodyear Tire & Rubber Company* (class settlement of claims that Goodyear sold defective tires that are prone to tread separation when operated at highway speeds;  Goodyear agreed to provide a combination of both monetary and non-monetary consideration to the Settlement Class in the form of an Enhanced Warranty Program and Rebate Program).

*Stalcup, et al. v. Thomson, Inc* . (Illinois Cir. Ct.) (class settlement of clams that certain GE, PROSCAN and RCA televisions may have been susceptible to temporary loss of audio when receiving broadcast data packages that were longer than reasonably anticipated or specified).

*Hurkes Harris Design Associates, Inc., et al. v. Fujitsu Computer Products of America, Inc.* (settlement provides $42.5 million to pay claims of all consumers and other end users who bought certain Fujitsu Desktop 3.5" IDE hard disk drives).

*Lubitz v. Daimler Chrysler Corp.* (national settlement for repairs and reimbursement of repair costs incurred in connection with defective brake system; creation of $12 million fund; 7th largest judgment or settlement in New Jersey in 2007).

*Turner v. General Electric Company*, No. 2:05-CV-186 (M.D. Fl) (settlement of claims arising from allegedly defective refrigerators).

*Galanti v. Goodyear Tire & Rubber Co.*, No. 03-209 (D.N.J. 2003) (national settlement and creation of $330 million fund for payment to owners of homes with defective radiant heating systems).

*In re Synthetic Stucco Litigation*, Civ. Action No. 5:96-CV-287-BR(2) (E.D.N.C.) (member of Plaintiffs' Steering Committee; settlements with four EIFS Manufacturers for North Carolina homeowners valued at more than $50 million).

*In re Synthetic Stucco (EIFS) Products Liability Litigation*, MDL No. 1132 (E.D.N.C.) (represented over 100 individuals homeowners in lawsuits against homebuilders and EIFS manufacturers).

*Posey, et al v Dryvit Systems, Inc.*, Case No. 17,715-IV (Tenn. Cir. Ct) (Co-Lead Counsel; national class action settlement provided cash and repairs to more than 7,000 claimants).

*In re Swanson Creek Oil Spill Litigation*, No. 00-1429 (D. Md.) (Lead Counsel; $2.25 million settlement of litigation arising from largest oil spill in history of State of Maryland).

# EXHIBIT 4

# P\W **Parker** | **Waichman** LLP
### A NATIONAL LAW FIRM

NEW YORK | LONG ISLAND | NEW JERSEY | WASHINGTON, D.C. | FLORIDA

27300 Riverview Center Boulevard
Suite 103
Bonita Springs, Florida 34134
Phone: 239-390-1000
Fax: 239-390-0055
800-LAW-INFO (529-4636)
www.yourlawyer.com

## Parker Waichman LLP                    1-800-LAW-INFO

**Main Office:**
6 Harbor Park Drive
Port Washington, New York 11050
516-466-6500
516-466-6665 fax

**Manhattan Office:**
111 John Street, 14th Floor
New York, New York 10038
212-267-6700

**Florida Office:**
27300 Riverview Center Blvd., Suite 103
Bonita Springs, Florida 34134
239-390-1000
239-390-0055 fax

**New Jersey Office:**
2300 Woodbridge Avenue
Edison, New Jersey 08817
732-985-8888

**Jerrold S. Parker** is a founding partner of the national law firm **Parker Waichman LLP** and has served on numerous plaintiffs' steering committees and sub-committees in highly complex multi-district litigations over the past two decades.

**Parker Waichman LLP** is nationally recognized as a leader in the field of personal injury negligence law and mass tort litigation. Our personal commitment to our clients and good, old-fashioned hard work by our attorneys and support staff are the major factors in gaining their respect and loyalty.  We pride ourselves on staying abreast of trends and developments in the law so that our clients can reap the benefits of any changes in the law or new interpretations of existing law. We have met the challenges presented by today's landmark cases by winning precedent setting victories, by advocating new theories of liability and recovery and by fostering ground breaking legislation in some of the most significant cases of our time.

**Parker Waichman LLP** litigates cases involving mass torts, class actions, motor vehicle accidents, defective products, medical and other professional malpractice, defective and dangerous drugs, defective medical devices, construction site accidents, general negligence, nursing home negligence and abuse, municipal liability, toxic substances, lead poisoning, sexual abuse, clergy abuse, negligent supervision, insurance bad faith, consumer fraud, and whistleblower cases.  We are involved in litigation involving environment disasters such as Hurricane Katrina Levee failures and toxic-trailers scandal as well as complex litigation involving chemical exposure, spills, contamination, fires and explosions.  We are advocates for veterans of our armed forces providing legal representation to guide them through the complex regulations of a Veteran's Disability case.  We work with clients nationwide assisting them in successfully negotiating the complex administrative process of social security disability claims.  We are proud recipient of a Martindale-Hubbell rating of "AV® Preeminent™ 5.0 out of 5", the firms' founding partners are members of the Million Dollar Advocates Forum, and a founding partner has been voted by peers into Best Lawyers® for Personal Injury Litigation.  We pride ourselves on being one of the most

technologically advanced law firms in the country, and our-state-of-the-art computerized case management system, which we designed from the ground up, integrates every aspect of law office management.

The firms' partners and associates have been appointed to numerous committees and sub-committees in various multi-district litigations.  These include memberships in the Executive Committee of the Plaintiffs' Steering Committee, Prozac Multi-District Litigation No. 907; Plaintiffs' Steering Committee for the World Trade Center Bombing Litigation; New York State Diet Drug – Steering Committee for Fen-Phen; New York State Steering Committee for Rezulin Litigation; Plaintiffs' Steering Committee and Discovery Subcommittee – Zyprexa Multi-District Litigation No. 1596; Nursing Home Litigation Group of the American Association for Justice, Million Dollar Advocates Forum; American Association for Justice Leader's Forum; Member of the Executive Committee of the Plaintiffs' Steering Committee, MDL #1742, In re Ortho Evra Products Liability Litigation; Co-Chair, American Association for Justice (AAJ), Ortho Evra Litigation Group, Plaintiffs' Steering Committee Kugel Mesh Multi-District Litigation No. 1842; Plaintiffs' Steering Committee for the New York State Bausch & Lomb, ReNu with MoistureLoc Litigation as well as the Plaintiffs' Steering Committee Gadolinium Multi-District Litigation No. 1909; Co-Chair, Discovery Committee Vytorin Multi-District Litigation No. 1938; Plaintiffs' Steering Committee and Trial Team Member Chinese-Manufactured Drywall Multi-District Litigation No. 2047;  Co-Lead Plaintiffs' Steering Committee for Denture Cream Multi-District Litigation No. 2051; Discovery and Expert Sub-Committees of the Plaintiffs' Steering Committee for the Denture Cream Multi-District Litigation No. 2051; Discovery and Law & Briefing Sub-Committees for Denture Cream Multi-District Litigation No. 2051;  Plaintiffs' Steering Committee for Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Multidistrict Litigation No. 2100; Discovery Sub-Committee for Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Multidistrict Litigation No. 2100; Plaintiffs' Steering Committee for Heparin Multi-District Litigation No. 1953; Plaintiffs' Steering Committee for Digitek Multi-District Litigation No. 1968; Member of the Executive Committee of the Plaintiffs' Steering Committee for Bayer Multi-District Litigation No. 2023; Bellwether Preparation Committee for Ortho Evra Products Liability Litigation Multi-District Litigation No. 1742; Expert Committee for Kugel Mesh Products Liability Multi-District Litigation No. 1842; Bayer Discovery Committee for Gadolinium Products Liability Litigation Multi-District Litigation No. 1909; the Law and Briefing and Discovery Sub-Committees of the Plaintiffs' Steering Committee for the Guidant Multi-District Litigation No.05-1708; Plaintiffs' Steering Committee Kaba Keyless Pushbutton Lock Multi-District Litigation No. 2220; Law and Briefing, Damages and Client Relations Committee for Apple IPhone 3G and 3GS Marketing and Sales Practices Multi-District Litigation No. 2116; Law and Pleading and Discovery Committees for Light Tobacco Marketing Litigation Sales Practices Multi-District Litigation No. 2068; Plaintiffs' Steering Committee, Ford Navistar Diesel Engine Products Liability Multi-District Litigation No. 2223; Plaintiffs' Steering Committee In re Dial Complete Marketing and Sales Practices Multi-District Litigation No. 2263; Plaintiffs' Steering Committee In re Colgate-Palmolive Softsoap Antibacterial Soap Hand Soap Marketing and Sales Practices Multi-District Litigation No. 2320;

Plaintiff's Steering Committee American Medical Systems, Inc., Pelvic Repair Systems Products Liability Litigation No. 2325 (through 2103); Plaintiff's Steering Committee Boston Scientific Corp., Pelvic Repair Systems Products Liability Litigation No. 2326n (through 2013); and Plaintiff's Steering Committee Ethicon, Inc., Pelvic Repair Systems Products Liability Litigation No. 2327 (through 2013); Plaintiffs' Steering Committee In re MI Windows and Doors, Inc., Products Liability Multi-District Litigation No. 2333; Plaintiff's Steering Committee for Biomet M2a Magnum Hip Implant Products Liability Litigation No. 2391; Co-Lead Plaintiff's Steering Committee Mirena IUD Products Liability Litigation No. 2434;  Plaintiff's Steering Committee, In Re Long Island Power Authority Hurricane Sandy Litigation, No. 602288/2012; Plaintiff's Executive Committee, In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation No. 2382; Plaintiff's Steering Committee for Atlas Roofing Corporation Chalet Single Product Liability Litigation MDL No. 2495 and Plaintiff's Steering Committee for In Re Pella Corporation Architect and Designer Series Windows Marketing, Sales Practices and Products Liability Litigation MDL No. 2514.

**Parker Waichman LLP** maintains offices in New York, New Jersey and Florida and is staffed by 25 attorneys and more than 85 paralegals, legal assistants and other support staff.