**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **GARRETT KACSUTA and MICHAEL WHEELER,** | **Case No.: SACV 13-00316-CJC(RNBx)** |
| **Plaintiffs,** | |
| **v.** | **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| **LENOVO (United States) INC.,** | |
| **Defendant.** | |

## I. INTRODUCTION AND BACKGROUND

 This proposed settlement pertains to a class action filed by Mr. Garrett Kacsuta and Mr. Michael Wheeler (together, Plaintiffs) against Defendant Lenovo (United States) Inc.

1   ("Lenovo").[1]  Plaintiffs allege that Lenovo knowingly sold defective Lenovo Ideapad

2   U310 and U410 "U Series" computers (the "Class Computers"), which were marketed as

3   "ideal for any and all mobile needs."  (SAC ¶¶ 6, 32.)  The alleged design defect severely

4   limited the ability of the Class Computers to connect to Wi-Fi networks or attain Wi-Fi

5   reception speeds sufficient to engage in their intended mobile computing purposes.  (SAC

6   ¶ 6.)  The SAC alleges violations of the California Consumers Legal Remedies Act, Cal.

7   Civ. Code. § 1750 *et seq.*; Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et*

8   *seq.*; the District of Columbia Consumer Protection and Procedures Act D.C. Official

9   Code, 2012 § 28–3901 *et seq.*; breach of express warranty; and breach of implied

10  warranty of merchantability.  (SAC ¶ 12.)

11

12          In June 2014, Plaintiffs and Lenovo reached an agreement to resolve the claims of

13  all consumers who purchased the Class Computers, which is reflected in the Class Action

14  Settlement Agreement and Limited Release ("Settlement Agreement").  (Pls.' Mem. at 1,

15  3; Dkt. No. 45 ["Tufaro Decl."] Exh. 1 [Settlement Agreement].)  Plaintiffs now move

16  for an order (1) preliminarily approving the settlement; (2) conditionally certifying the

17  class for settlement purposes; (3) appointing class counsel and class representatives[2]; (4)

18  approving the proposed class notice; and (5) setting a hearing date for final approval of

19  the settlement.  (Pls.' Mem. at 2.)  Lenovo filed a notice of non-opposition to the motion.

20  (Dkt. No. 47 ["Def.'s Non-Opp'n"].)

21

22

23  _____

    [1]  On February 21, 2013, Mr. Kacsuta filed a class action complaint against Lenovo.  (Dkt. No. 1.)  Two
24  months prior, Mr. Wheeler had filed a class action complaint against Lenovo in the Superior Court for
    the District of Columbia, asserting claims similar to those in the case filed by Mr. Kacsuta.  (Dkt. No.
25  44-1, Pls.' Mem. Supp. Mot. Prelim. Settlement Approval ["Pls.' Mem."] at 2.)  In connection with this
    proposed settlement, Mr. Kacsuta filed the Second Amended Class Action Complaint ("SAC") adding
26  Mr. Wheeler as a named plaintiff.  (Dkt. No. 46 [SAC].)

27  [2]  Proposed class counsel is Paradis Law Group, PLLC; Whitfield Bryson & Mason, LLP; and Parker
28  Waichman LLP (collectively, "Class Counsel").  Proposed class representatives are Mr. Garrett Kacsuta
    and Mr. Michael Wheeler.  (Pls.' Mem. at 1.)

Having reviewed the Settlement Agreement, the proposed class notice, the proposed notice and claim forms, Plaintiffs' motion and memorandum in support thereof, and the supporting declaration and documentation, the Court finds that Plaintiffs have made a sufficient showing that the requirements of Federal Rule of Civil Procedure 23 are satisfied and the terms of the settlement are likely to be fair, adequate, and reasonable. Plaintiffs' motion is GRANTED.[3]

## II.  DISCUSSION

### A. Class Certification Requirements

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek provisional certification of a class for settlement purposes only.  The proposed class is defined as:

> All persons who have purchased a Lenovo Ideapad® model U310 or U410 Ultrabook computer (the "Class Computers") in the United States at any time through the date of entry of the Order of Final Approval

(the "Class Members").  (Pls.' Mem. at 1.)  When a plaintiff seeks conditional class certification for purposes of settlement, the Court must ensure that the requirements of Rule 23 are met as if the case were going to be fully litigated.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Staton v. Boeing Co.*, 327 F.3d 938, 952–53 (9th Cir. 2003).  Rule 23 contains two sets of requirements for certification of a class.  First, under Rule 23(a), all proposed classes must have sufficient numerosity, commonality, typicality, and adequacy.  Second, the party seeking certification must show that the action falls within one of the three "types" of classes described in the subsections of Rule

---

[3]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for September 8, 2014 at 1:30 p.m. is hereby vacated and off calendar.

23(b).  In this case, Plaintiffs seeks certification pursuant to Rule 23(b)(3).  The Court concludes that Plaintiffs have presented sufficient evidence to show that the proposed class satisfies the requirements of Rule 23(a) and Rule 23(b)(3).

## 1.    Rule 23(a) Requirements

Rule 23(a) contains four requirements applicable to all proposed classes: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative party are typical of the claims or defenses of the class (typicality); and (4) the representative party will fairly and adequately protect the interests of the absent class members (adequacy).  Fed. R. Civ. P. 23(a).

### i.    Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable."  Here, the class contains approximately 83,000 members.  (Pls.' Mem. at 16.)  This is sufficient to satisfy the numerosity requirement of Rule 23.

### ii.    Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,' " which "does not mean merely that they have all suffered a violation of the same provision of law."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  The "claims must depend upon a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the

validity of each one of the claims in one stroke." *Id.* This requirement is met here as all Class Members share the common contention that the Class Computers suffered a design defect affecting the Wi-Fi capability. (Pls.' Mem. at 17.) Class Members further share the common claim that Lenovo had knowledge of the alleged defect. (Pls.' Mem. at 17.) The truth or falsity of these common contentions necessarily resolves all Class Members' claims in one stroke.

### iii.   Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Representative claims are "typical" if they are "reasonably coextensive with those of the absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Named plaintiffs must be members of the class they represent. *Id.* Here, Plaintiffs allege to have purchased defective Class Computers and are thus members of the proposed class. (SAC ¶¶ 1–2.) Like all members of the proposed class, Plaintiffs seek damages for the injury they suffered as a result of purchasing these Class Computers. Plaintiffs' claims are reasonably coextensive with those of the Class Members; thus the typicality requirement is satisfied.

### iv.   Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This factor requires (1) a lack of conflicts of interest between the proposed class and the proposed representative plaintiff(s), and (2) representation by qualified and competent counsel that will prosecute the action vigorously on behalf of the class. *Staton*, 327 F.3d at 957. The concern in the context of a class action settlement is to ensure that there is no collusion between the defendant,

class counsel and class representatives to pursue their own interests at the expense of the interests of the rest of the members of the class.  *Id*. at 958 n.12.

First, there is no evidence that Plaintiffs have any conflicts of interest with the Class Members.  Plaintiffs have the same incentives as the proposed settlement class to obtain relief for the purchase of Lenovo's allegedly defective computers.  There is no evidence of side agreements between the parties.  Second, Plaintiffs have retained competent counsel.  Class Counsel have extensive experience in handling large, complex litigation.  (*See* Tufaro Decl. Exhs. 2–4, ["Firm Resumes"].)  Class Counsel appear to have worked diligently in pursuing the potential claims of this action by, *inter alia*, initiating an investigation into consumer complaints of purchasers of Class Computers, hiring engineering experts to conduct testing of certain Lenovo computers, and engaging in protracted settlement discussions with Lenovo.  (Tufaro Decl. ¶¶ 4, 6.)  Plaintiffs have shown that both parts of the adequacy test are satisfied.

## 2.      Rule 23(b) Requirements

In addition to the requirements of Rule 23(a), a proposed class must satisfy one of the three requirements under Rule 23(b).  Here, Plaintiffs seek certification pursuant to 23(b)(3), which allows certification if:

> (3) the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

      (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

      (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The predominance requirement overlaps with Rule 23(a)(2)'s commonality requirement, but it is a more demanding inquiry. *Hanlon*, 150 F.3d at 1019. The "main concern in the predominance inquiry . . . [is] the balance between individual and common issues." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009). Here, the common issues significantly outweigh any individual questions. The same alleged course of conduct by Lenovo—the knowing sale of defective Class Computers—forms the basis of the claims asserted by all Class Members. In addition, Class Members seek common remedies, including a permanent injunction requiring Lenovo to establish a common fund for repairs and damages and restitution for injuries suffered. (SAC at 58.)

A class action may be superior "[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). It is also superior when "no realistic alternative" to a class action exists. *Id.* at 1234–35. Given the common issues presented by all Class Members, adjudicating these claims on an individual basis for approximately 83,000 members would be unrealistic and unnecessarily repetitive. There do not appear to be other actions by Class Members against Lenovo. This class action would not be difficult to manage, as it is relatively easy for each Class Member to provide proof of purchase through "a sales receipt, credit card or account statement, shipping manifest, purchase order, or other similar documentation." (Tufaro Decl. Exh. 1-E ["Claim Form"].) A class action is the superior method of adjudicating this controversy. The

Court finds that the predominance and superiority requirements of Rule 23(b)(3) are satisfied.

### B. Fairness of the Proposed Settlement

Plaintiffs also seek preliminary approval of the proposed settlement with Lenovo. Rule 23(e) "requires the district court to determine whether a proposed settlement is fundamentally fair, reasonable, and accurate." *Staton*, 327 F.3d at 959 (quoting *Hanlon*, 150 F.3d at 1026). To determine whether this standard is met, a district court must consider a number of factors, including " 'the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; . . . and the reaction of the class members to the proposed settlement.' " *Id.* (quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)). At the preliminary approval stage, a full "fairness hearing" is not required; rather, the inquiry is whether the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

Having reviewed the negotiation process and substantive terms of the Settlement Agreement, the Court finds no obvious deficiencies or grounds to doubt its fairness. On June 5, 2014, after months of investigation into the claims, informal discovery, and dialogue, the parties participated in a full day of mediation overseen by the Honorable Dickran Tevrizian (Ret.). (Tufaro Decl. ¶¶ 5–6, 11–12.) At the conclusion of the mediation session, the parties agreed on the material terms of the proposed Settlement Agreement. (Tufaro Decl. ¶ 12; Settlement Agreement.) The drafting of the Settlement

Agreement was a product of continued telephonic and written negotiations under the continued guidance of the Hon. Tevrizian. (Pls.' Mem. at 11.) Attorneys' fees and costs were not discussed until after the parties agreed to the substantive terms of the settlement. (Tufaro Decl. ¶ 13.) There is no evidence of collusion during the parties' settlement negotiations.

Moreover, the Court finds that the benefits provided to the proposed settlement class appropriately balance the risks of continued litigation. Lenovo has vigorously contested liability in this action, including filing a motion to dismiss, (Dkt. No. 25), and asserting twenty-two affirmative defenses in its answer, (Dkt. No. 34). Plaintiffs may face an unfavorable result at trial, especially in light of this Court's order granting in part Lenovo's motion to dismiss several of Mr. Kacsuta's claims from the First Amended Complaint. (Dkt. No. 32.) Specifically, Mr. Kacsuta's claims relating to express warranty, the Song-Beverly Act, and implied in law contract were all dismissed. (Dkt. No. 32.) Only Mr. Kacsuta's consumer fraud and unfair competition claims remained, which carry the burden of showing scienter by Lenovo.[4]

The other factors laid out in *Staton* also weigh in favor of the settlement. The approximate class size is 83,000 members, yielding an estimated settlement amount of $49,385,000. (Pls.' Mem. at 14.) Class Counsel conducted investigations to assess the strengths and weaknesses of the claims and defenses, including hiring engineering experts to conduct analysis and testing of certain Lenovo computers. (Tufaro Decl. ¶¶ 4–6.) The parties also engaged in confirmatory discovery into the sales figures by unit number, returns by unit numbers, and an alleged hardware fix implemented by Lenovo. (Pls.' Mem. at 13.) Based on Class Counsel's extensive investigation, legal research, and

---

[4] The SAC, which adds Plaintiff Wheeler to the action, contains claims for breach of express warranty and implied warranty of merchantability asserted only on behalf of class members who purchased a Class Computer in the District of Columbia. (SAC ¶ 12.)

overall evaluation of this action and Class Counsel's significant experience in complex class action litigation, it is the view of Class Counsel that the proposed settlement is in the best interest of the proposed settlement class.  (Pls.' Mem. at 13.)

The substantive terms of the Settlement Agreement suggest that the settlement is reasonable on its face.  In exchange for the Class Members' release of all claims against Lenovo, the Settlement Agreement provides the following benefit options: (1) repair to the wireless capability of a Class Member's Class Computer (available only for Class Members who have not previously returned their Class Computer to Lenovo); (2) a cash refund in the amount of $100 paid by Lenovo; or (3) a $250 credit certificate issued by Lenovo toward the purchase of any product listed for sale on www.lenovo.com.  (Pls.' Mem. at 4; Settlement Agreement at 16–17.)  To receive any of these benefits, Class Members must submit a Claim Form and Settlement Declaration ("Claim Form"), attached as Exhibit E to the Settlement Agreement, along with "a sales receipt, credit card or other account statement, shipping manifest, purchase order or other similar documentation evidencing purchase of" a Class Computer.  (Claim Form.)  Class Members have 365 days to claim benefits under the Settlement Agreement (the "Claims Period"); the Claims Period will not begin to run until the later of the last date of published Internet notice, or the last date of emailed notice.[5]

Class Members who elect option (1) are entitled to a one year extension of an existing warranty or a one year renewal of an expired warranty for any Wi-Fi related issue.  (Settlement Agreement at 8.)  The entire cost of repair, including the costs for insured shipping of the Class Computer to Lenovo and return to the Class Member will be paid for exclusively by Lenovo.  (Pls.' Mem. at 5).  This component of the settlement is valued at $49,385,000.  (Pls.' Mem. at 5).  Class Members who elect either (2) or (3)

---

[5]  *See infra* Part II.D for discussion on notice procedure.

will have their original warranty extended for a period of 120 days from the date of final approval of the settlement or, if the original warranty has expired, a renewed warranty for a 120-day period. (Pls.' Mem. at 6.) The $250 credit certificate is transferable within the immediate family, can be combined with any other credit, voucher, coupon, sale, or discount, and will expire no less than two years after issuance. (Pls.' Mem. at 5–6.) The cash and credit certificate component of the Settlement Agreement is valued at as much as $20,750,000. (Pls.' Mem. at 6.) Class Members who elect either (2) or (3) may also receive reimbursement for 100% of previously incurred out-of-pocket expenses associated with repair of their Class Computer upon submission of "satisfactory documentation evidencing such out-of-pocket expenses." (Pls.' Mem. at 6; Claim Form.)

Courts must evaluate the reasonableness of any attorneys' fee award contained in a proposed class action settlement. *Staton*, 327 F.3d at 963. Courts "must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper." *Id.* at 964 (internal citation omitted). Although the courts "have discretion to choose which calculation method they use," there must be a sufficient basis on the record explaining why the award is reasonable. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942–43 (9th Cir. 2011) (vacating attorneys' fees award where district court made "(1) no explicit calculation of a reasonable lodestar amount; (2) no comparison between the settlement's attorneys' fees award and the benefit to the class or degree of success in the litigation; and (3) no comparison between the lodestar amount and a reasonable percentage award"). As an initial matter, Class Counsel has indicated that it will seek an award of attorneys' fees in the amount of $8,889,300 and reimbursement of litigation expenses in the amount not to exceed $300,000.[6] (Tufaro Decl. ¶14; Settlement Agreement at 16.) Plaintiffs will also seek reimbursement awards from the Court in the amount of $2,500 for each of the named plaintiffs. (Settlement

---

[6] The Court notes Lenovo's objection to Plaintiffs' preliminary statements concerning attorneys' fees and costs. (*See* Def.'s Non-Opp'n at 3–4.)

Agreement at 16.)  If granted by the Court, these amounts will be paid separately by Lenovo and thus will not affect the benefits to the Class Members.  (Pls.' Mem. at 8; Tufaro Decl. ¶ 14.)  The amount of attorneys' fees sought equals 18% of the value of the Settlement Agreement, which Plaintiffs' expert has valued at $49,385,000.  (Pls.' Mem. at 14.)  The Court notes that the Ninth Circuit has "established 25% of the common fund as the benchmark award for attorney fees."  *Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).  Here, not only does the percentage fall below this benchmark, such fees will not be deducted from any settlement award ultimately afforded to Class Members.  Nevertheless, the Court will expect Class Counsel to explain and provide detailed evidence as to why such an award is fair and just.

The Court concludes that the proposed settlement is sufficiently fair and adequate on its face to warrant preliminary approval and distribution of notice to the potential class members.  The Court's final judgment on the fairness and adequacy of the settlement will be reserved until the fairness hearing after Class Members have had an opportunity to object.

## C. Approval of Class Counsel and Representatives

Plaintiffs move to appoint the law firms of Paradis Law Group, PLLC; Whitfield Bryson & Mason, LLP; and Parker Waichman LLP as class counsel.  When appointing class counsel, the Court must consider the work performed by counsel so far in the action, counsel's experience in handling class actions and complex litigation, counsel's knowledge of the applicable law, and the resources that counsel will commit to representing the class.  *See* Fed. R. Civ. P. 23(g)(1)(A).  Here, Class Counsel have actively investigated the claims of the class, vigorously litigated this action, and invested significant time and resources in negotiations with Lenovo.  They have also successfully served as counsel in many large class actions.  (*See* Firm Resumes.)  The Court is

satisfied that Paradis Law Group, PLLC; Whitfield Bryson & Mason, LLP; and Parker Waichman LLP will adequately represent the interests of the class.

Plaintiffs also ask the Court to appoint named plaintiffs Garrett Kacsuta and Michael Wheeler as representatives of the proposed settlement class.  The Ninth Circuit has stated that representation is "adequate" where the representative's interests are not antagonistic to those of absent class members, there is a sharing of interests between representatives and absentees, and the action does not appear to be collusive.  *In re Northern Dist. of California, Dalkon Shield IUD Liab. Prod. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982); *see also Staton*, 327 F.3d at 957 (whether a proposed lead plaintiff is adequate depends on "(1) [whether the] representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) [whether the] representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class").  "In addition, the class representative must have a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Ferrari v. Gisch*, 225 F.R.D. 599 (C.D. Cal. 2004) (*citing Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

Here, the Court finds that the interests of the named plaintiffs are aligned with those of the absent class members and the action does not appear to be collusive.  Plaintiffs Kacsuta and Wheeler both purchased Class Computers and suffered the same alleged injury as the absent class members.  Thus, Plaintiffs' interests are directly aligned with the interests of Class Members, ensuring vigorous advocacy.  Plaintiffs have participated in dialogues with Lenovo since September 2013 and have even rejected a prior unsatisfactory settlement proposal by Lenovo.  (Tufaro Decl. ¶¶ 6, 9.)  Accordingly, Mr. Kacsuta and Mr. Wheeler are adequate plaintiffs and will be appointed as class representatives.

//

**D. Notice of the Proposed Settlement**

Plaintiffs also seek approval of the proposed form and manner of notice of the settlement to be sent to Class Members.  Rule 23(c)(2)(B) provides that for Rule 23(b)(3) classes, as here, the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The notification procedure outlined in the Settlement Agreement satisfies that standard.  (*See* Settlement Agreement at 11–12.)  No later than three business days after the entry of this Order, Lenovo will search its Customer Service and Warranty Databases and Lenovo Community Forum(s) to create a list containing the identity and contact information of all discoverable Class Members. (Settlement Agreement at 11.)  Lenovo will promptly provide this information to Class Counsel and the information will be used by the independent service provider Berdon Claims Administration, LLC to notify Class Members of the proposed settlement and potential membership.  Where email addresses are reasonably obtainable by Lenovo, notice will be provided by direct email notice.  Where email cannot be reasonably obtained, direct first-class mail notice will be sent to the Class Member if the street address can be reasonably obtained.  (Settlement Agreement at 11.)

In addition to sending notice by email or first-class mail, the parties will establish a settlement website containing information about the settlement, including the proposed long form notice, attached as Exhibit B to the Settlement Agreement ("Long Form Notice"), a copy of the Settlement Agreement, orders of this Court relating to the settlement, and answers to commonly asked questions.  (Pls.' Mem. at 22; Settlement Agreement at 11.)  Furthermore, a summary notice, attached as Exhibit C to the Settlement Agreement ("Short Form Notice"), will be posted on Lenovo's website, social media sites, and the Lenovo Community Forum(s) relating to the Lenovo U Series

Computers.  (Settlement Agreement at 11–12.)  The Short Form Notice contains a toll-free number[7] and adequately explains the terms of the settlement.

The notice must "clearly and concisely state, in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that the class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."  Fed. R. Civ. P. 23(c)(2)(B).  The Long Form Notice, which is to be disseminated to Class Members, provides clear information about the proposed settlement, a summary of the terms, amount of requested attorneys' fees and expenses, the terms of the released claims, the process of objecting to the settlement, and the consequences of inaction.[8]  The Claim Form to be provided along with the Long Form Notice is similarly acceptable.  The Court finds the notice procedure appropriate under Federal Rule of Civil Procedure 23(c)(2)(B) because it complies with standards of fairness, completeness, and neutrality.  The Court directs that notice be distributed to the potential class members according to the terms and timeline provided in the Settlement Agreement and the Schedule attached at the end of this order.

---

[7]  The Court notes that the toll-free number is located on page three under "What are Your Options?" No. 3 "Opt out of the settlement."  The Court suggests that the toll-free number be re-listed on page four under "How Do I Get More Information?"  The Court makes this same suggestion for the Long Form Notice.

[8]  The Court notes minor errors in the "What This Notice Contains" on page 2 of the Long Form Notice. The page numbers are mis-numbered for certain sub-sections; for instance "Why is there a settlement?" begins on page 4, not page 5; "How can I receive settlement benefits for a persistent Wi-Fi problem that I had in the past?" begins on page 6, not page 5; "The Lawyers Representing Plaintiffs" begins on page 6, not page 7.  Counsel should ensure that these, and other errors, are corrected before disseminating the Long Form Notice.

**III.   CONCLUSION**

For the foregoing reasons, the Court GRANTS preliminary approval of the settlement; provisionally certifies the class for settlement purposes only; appoints Paradis Law Group, PLLC; Whitfield Bryson & Mason, LLP; and Parker Waichman LLP as Class Counsel; approves Plaintiffs Garrett Kacsuta and Michael Wheeler as class representatives; directs the distribution of notice to the class; and sets further deadlines as set forth in the attached schedule.  The final approval hearing shall be held on **Monday, December 8, 2014 at 1:30 p.m.**

DATED:     September 4, 2014

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

**SCHEDULE**

| Event | Time for Compliance |
|---|---|
| Lenovo searches Customer Service Database, Warranty Database, and Lenovo Community Forum(s) | No more than three (3) business days after the date of this Order |
| Class Counsel causes notice to be disseminated in accordance with the Notice Program in the Settlement Agreement | No more than five (5) business days after the entry of this Order |
| Deadline for parties to file papers in support of final approval of settlement | October 1, 2014 |
| Deadline for Class Counsel to file applications for attorneys' fees, litigation costs and expenses, and reimbursement awards for Plaintiffs' expenses | October 1, 2014 |
| Deadline for Settlement Class Members to submit written request to opt-out to the Claims Administrator | November 14, 2014 |
| Deadline for Settlement Class Member to file written objection with the Clerk of the Court | November 14, 2014 |
| Deadline for Notice of Appearance for objecting Class Member's attorney | November 18, 2014 |
| Deadline for Settlement Class Members to file request with Clerk of the Court to appear at the Fairness Hearing | November 18, 2014 |
| Deadline for parties to file and serve reply papers in further support of final approval of settlement and/or Class Counsel's applications for attorneys' fees, costs, expenses, and reimbursement awards | November 24, 2014 |
| Final Fairness and Approval Hearing | December 8, 2014 at 1:30 p.m. |