1  Timothy R. Hanigan (Bar No. 125791)
   Lang, Hanigan & Carvalho, LLP
2  21550 Oxnard Street, Ste. 760
3  Woodland Hills, California 91367
   Tel: (818) 883-5644
4  Fax: (818) 704-9372
   Email: trhanigan@gmail.com
5  *Attorneys for Class Member/Objector*
   *Douglas Quinn*
6

7
                   UNITED STATES DISTRICT COURT
8
                   CENTRAL DISTRICT OF CALIFORNIA
9

10 |                                              | Case No. SACV 13-00316-CJC(RNBx)
11 | GARRETT KACSUTA, individually and on behalf  |
12 | of all others similarly situated,            | **OBJECTION OF CLASS MEMBER DOUGLAS QUINN TO PROPOSED CLASS ACTION SETTLEMENT**
13 |          Plaintiffs,                         |
   |                                              | Fairness Hearing Date: December 15, 2014
14 | v.                                           | Time: 1:30 p.m.
15 | LENOVO (United States) Inc.,                 | Judge: Cormac J. Carney
16 |                                              | Courtroom: Courtroom 9B
   |          Defendant.                          |
17

## Objector Information And Standing

The name and case number of this action is above. Objector's full name, address and telephone number is as follows:

Douglas Quinn
99 N Post Oak Lane, # 3102
Houston, Texas 77024-7727
713-828-0001

Objector is a class member and therefore has standing to object. Objector purchased a Lenovo IdeaPad U310, Serial Number QB07392976. A copy of Objector's declaration is attached as Exhibit A and is incorporated by reference as though set forth in full. Objector purchased this computer in order to be able to object to this proposed settlement and to the proposed award of attorneys' fees as set forth below.

Objector is represented by Lang, Hanigan & Carvalho, LLP, contact information below, and Bandas Law Firm, PC., 500 N. Shoreline Blvd., Suite 1020, Corpus Christ, Texas 78401, 361-698-5200 Chris Bandas of Bandas Law Firm, PC does not presently intend on making an appearance for himself or his firm. Objector does not intend on appearing at the fairness hearing in this case either in person or through counsel.

The reasons Objector objects are below and, in addition, Objector incorporates by reference all other objections, if any, filed in opposition to this proposed settlement or to the proposed award of attorneys' fees that are not inconsistent with this objection. In addition, to the extent they are not inconsistent with the arguments and authorities contained herein, Objector incorporates by reference the arguments and authorities contained in Lenovo's Memorandum of Points and Authorities in Response to Plaintiffs' Motion for Final Approval of Settlement and

Class Counsel's Request for Attorneys' Fees (DKT#73) ("Lenovo's Memorandum").[1] Objection is made to any requirement to object that is not contained in the notice and/or that is not satisfied herein, including not limited to the requirement that the objection be personally signed by an objector represented by counsel. Objection is made to any settlement provision that purports to limit the right of class members to object or appeal.

**The Settlement Is Not Fair, Adequate and Reasonable**

Under Rule 23(3)(2) of the Federal Rules of Civil Procedure, a proposed class action settlement may only be approved if it is shown to be "fair, adequate and reasonable." "In reviewing a proposed settlement, a court should not apply any presumption that the settlement is fair and reasonable." Am. Law Institute, *Principles of the Law of Aggregate Litig.* § 3.05(c) (2010). "The burden of proving the fairness of the settlement is on the proponents." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717-18 (6th Cir. 2013) (internal quotations omitted). The proponents of this settlement have not satisfied their burden of proving fairness, and objection is made on that basis.

This is a claims-made settlement. In order to file a claim, a class member is instructed as follows:

> a. provide a copy of your purchase receipt/invoice and/or documentation sufficient to evidence your purchase of a Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer. Documentation sufficient to evidence your purchase may include a sales receipt, credit card or other account statement, shipping manifest, purchase order or other similar documentation evidencing purchase of your Lenovo Ultrabook Model U310 or Lenovo Ultrabook Model U410 computer; and

---

[1] Objector does not agree with nor does he adopt the conclusion in Lenovo's Memorandum that the proposed settlement is fair, adequate and reasonable and should be approved by the Court. Objector does adopt the arguments and authorities in opposition to Class Counsel's proposed award of attorneys' fees and expenses.

3

CASE NO. SACV 13-00316-CJC(RNBx)
OBJECTION OF CLASS MEMBER DOUGLAS QUINN TO PROPOSED CLASS ACTION SETTLEMENT

    b. provide the information required in the "Declaration" section below, then date and sign the "Declaration" section under penalty of perjury.

The declaration must state, among other things, that "[t]he computer(s) identified in the preceding paragraph has/have experienced a persistent inability to connect to Wi-Fi networks and/or to attain Wi-Fi data transmission/reception at speeds sufficient to allow me to engage in Internet browsing while the computer(s) are within the range of a wireless Wi-Fi router."

  Thus, in order to file a claim, a class member must sign a claim form attaching proof of purchase documents for the subject computer and must make the above declaration under penalty of perjury. As an initial matter, the proposed settlement is unfair because, according to Lenovo, most class members cannot qualify to file a claim. This is especially troubling because this case involves allegations of a design defect in the subject computers. Lenovo gets a broad release from anyone who purchased a computer with a design defect but asserts less than half of the class will even qualify for a payment. *See infra*. Objection is made that no consideration is provided for the majority of the class members who provide a valuable release to Lenovo but get nothing in return.[2] Anyone who purchased an allegedly defective computer should receive something in return for giving up the right to sue Lenovo regardless of whether that defect has manifested or not by the end of the claims period and regardless of whether the class member retained a proof of purchase.

  The settlement is unreasonable also because the claims process is so difficult and the language of the required sworn declaration so broad and ambiguous (e.g., what constitutes a "persistent" inability or "sufficient" speed?) that it will discourage valid claims from the

---

[2] Objection is also made to the adequacy of Class Counsel and the Class Representatives for agreeing to a settlement whereby any, let alone a majority, of the class members are completely ineligible for any relief. Lenovo's Memorandum at 2-3.

minority of claimants that may have a right to make a claim. It was clearly calculated to do so, as Lenovo opines that the ultimate payout to class members may be as low as $1.06 million. One would expect the payout and claims rate to be far lower even than this projection given the unreasonable claims process and requirements described above. This is a terribly unfair result in this case that renders the settlement unfair, inadequate and unreasonable. To date, not surprisingly, only a relatively tiny number of claims have been filed. *See generally* Lenovo's Memorandum.

Moreover, in the absence of an appeal, the claims period is far too short in this case. The design defect may cause Wi-Fi problems that manifest for the first time after the claims period ends. These problems are entirely uncompensated under the proposed settlement. Moreover, according to Lenovo, "a significant percentage of class members were not harmed, or did not experience harm above the specified threshold, and are not eligible for any remedy." Lenovo's Memorandum at 2. Indeed, even Lenovo acknowledges that a class member may be harmed in the past, but the harm may not be sufficient to qualify for benefits under the proposed settlement. Lenovo acknowledges that "[f]irst, the majority of class members are not even eligible to make a claim due to the eligibility requirements. Class Counsel has not attempted to quantify this. Second, it is well known that in consumer claims-made settlements, fewer than 10% of class members typically make claims. Again, Class Counsel makes no attempt to quantify this. Third, the repair option is the least attractive option of the three, and adds no significant value." Lenovo's Memorandum at 3. Lenovo wishes to have it both ways: to obtain approval of this settlement but to also substantially reduce the proposed award of fees and expenses. In the end, this gambit will not work. Lenovo's argument makes clear that this is an exceptionally weak settlement and as such is unfair, unreasonable and inadequate.

CASE NO. SACV 13-00316-CJC(RNBx)
OBJECTION OF CLASS MEMBER DOUGLAS QUINN TO PROPOSED CLASS ACTION SETTLEMENT

minority of claimants that may have a right to make a claim. It was clearly calculated to do so, as Lenovo opines that the ultimate payout to class members may be as low as $1.06 million. One would expect the payout and claims rate to be far lower even than this projection given the unreasonable claims process and requirements described above. This is a terribly unfair result in this case that renders the settlement unfair, inadequate and unreasonable. To date, not surprisingly, only a relatively tiny number of claims have been filed. *See generally* Lenovo's Memorandum.

Moreover, in the absence of an appeal, the claims period is far too short in this case. The design defect may cause Wi-Fi problems that manifest for the first time after the claims period ends. These problems are entirely uncompensated under the proposed settlement. Moreover, according to Lenovo, "a significant percentage of class members were not harmed, or did not experience harm above the specified threshold, and are not eligible for any remedy." Lenovo's Memorandum at 2. Indeed, even Lenovo acknowledges that a class member may be harmed in the past, but the harm may not be sufficient to qualify for benefits under the proposed settlement. Lenovo acknowledges that "[f]irst, the majority of class members are not even eligible to make a claim due to the eligibility requirements. Class Counsel has not attempted to quantify this. Second, it is well known that in consumer claims-made settlements, fewer than 10% of class members typically make claims. Again, Class Counsel makes no attempt to quantify this. Third, the repair option is the least attractive option of the three, and adds no significant value." Lenovo's Memorandum at 3. Lenovo wishes to have it both ways: to obtain approval of this settlement but to also substantially reduce the proposed award of fees and expenses. In the end, this gambit will not work. Lenovo's argument makes clear that this is an exceptionally weak settlement and as such is unfair, unreasonable and inadequate.

## Class Counsel's Request For Approval
## Of Its Attorneys' Fee And Expense Award Should Be Denied

Class Counsel and Lenovo correctly cite the applicable law concerning the award of attorneys' fees and expenses in the Ninth Circuit. As Class Counsel explains, there are two recognized ways of determining a reasonable fee in the context of a class action settlement: percentage of recovery and lodestar. Class counsel proposes a lodestar analysis with a percentage of recovery cross-check. This is a permissible methodology, but in light of the glaring deficiencies in this settlement, if any lodestar multiplier is applied it should be a negative number. It is true that 25% is the "benchmark" in the Ninth Circuit, but that should be a benchmark based on what the class actually receives. *See eg., In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947-49 (9th Cir. 2011). The suggestion that the class may receive anywhere near $50 million is absurd. Here, Class Counsel seeks a fee and expense award that is orders of magnitude greater than what the class will likely receive. The proposed award of fees and expenses should be calculated as a reasonable percentage of what the class actually receives and the lodestar multiplier should be a negative number. As explained in Lenovo's Memorandum, the proposed award of attorneys' fees and expenses is grossly excessive. For the sake of brevity, Lenovo's arguments and authorities in opposition to such fees and expenses are adopted here in opposition to the proposed award of fees and expenses.

Dated: November 20, 2014          Respectfully submitted,

By:  */s/ Timothy R. Hanigan*
Timothy R. Hanigan (Bar No. 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street
Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372
Email: trhanigan@gmail.com

1 | For the foregoing reasons, I object to this settlement.

2 | DATED: November 20, 2014.

Douglas Quinn
99 N Post Oak Lane, # 3102
Houston, Texas 77024-7727
713-828-0001

7

CASE NO. SACV 13-00316-CJC(RNBx)
OBJECTION OF CLASS MEMBER DOUGLAS QUINN TO PROPOSED CLASS ACTION SETTLEMENT

# CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system. I also certify that all participants in the case have served via facsimile

CLASS COUNSEL FOR PLAINTIFFS AND
THE SETTLEMENT CLASS:

**VIA FACSIMILE: (212) 986-4501**
Gina M. Tufaro, Esq.
Paradis Law Group, PLLC
570 Seventh Ave. - 20th Fl.,
New York, NY 10018

COUNSEL FOR LENOVO:

**VIA FACSIMILE: (213) 457-1850**
Dan Stephenson, Esq.
Dykema Gossett PLLC
333 South Grand Avenue - Suite 2100
Los Angeles, CA 90071

I declare under penalty of perjury under the laws of the United States of America that then foregoing is true and correct. Executed this 20th day of November, 2014, at Woodland Hills, CA.

/s/ *Timothy R. Hanigan*
Timothy R. Hanigan