**DYKEMA GOSSETT LLP**
DANIEL J. STEPHENSON, SBN: 270722
dstephenson@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850

Attorneys for Defendant
LENOVO, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| GARRETT KACSUTA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LENOVO (United States), Inc. a Delaware Corporation,<br><br>　　　　Defendant. | Case No. 8:13-CV-00316-CJC (RNBx)<br><br>[Assigned to the Hon. Cormac J. Carney]<br><br>**LENOVO'S RESPONSE TO OBJECTIONS OF CLASS MEMBERS WEIWEI WU AND DOUGLAS QUINN**<br><br>Hearing:　　December 15, 2014<br>Time:　　　1:30 p.m.<br>Judge:　　　Hon. Cormac J. Carney<br>Courtroom:　9B |

November 21, 2014 was the deadline for submission of objections by class members to the settlement of this class action. By the deadline, only two persons had submitted objections: (1) WeiWei Wu, whose objection was dated September 26, 2014 and filed with the Court on October 15, 2014 (the "Wu Objection"), and (2) Douglas Quinn, whose objection was filed on November 20, 2014 (the "Quinn Objection").

Defendant Lenovo (United States) Inc. (Lenovo) responds as follows to these objections:

## A. RESPONSE TO OBJECTIONS OF DOUGLAS QUINN

Douglas Quinn purchased a Lenovo U310 computer for the sole purpose of objecting to this settlement and Class Counsel's fee request. (Quinn Objection at 2.) The paperwork attached to his Declaration shows that his computer was ordered on November 17, 2014 and delivered on November 19. His Objection was filed on November 20. Mr. Quinn's attorneys – the firms of Lang, Hanigan & Carvalho and the Bandas Law firm – have been described by other courts as "'professional' or 'serial' objectors." *Roberts v. Electrolux Home Prods.*, 2014 U.S. Dist. LEXIS 130163, *31 (C.D. Cal. Sept. 11, 2014); *In re Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533, fn. 4 (N.D.Cal. 2012).

Mr. Quinn makes several objections, which Lenovo will address *seriatim*.

### 1. The Fact That Some Class Members Will Receive No Compensation Is Common And Does Not Prohibit Approval.

Mr. Quinn objects that "no consideration is provided for the majority of the class members who provide a valuable release to Lenovo but get nothing in return." (Quinn Objection at 4.) Mr. Quinn notes correctly that there is a threshold eligibility requirement that many class members will not meet: "a persistent inability to connect to Wi-Fi . . .." In other words, most class members simply have not suffered any material harm and <u>should</u> not be compensated.

It is common for class settlements to be approved even where 10% or less of the

class members will receive benefits. *See, e.g., In re Toys "R" Us, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 468 (C.D. Cal. 2014) (3%); *In re Apple iPhone 4 Products Liab. Litig.*, 2012 U.S. Dist. LEXIS 113876 (N.D. Cal. Aug. 10, 2012) (less than 1%); *Ferrington v. McAfee, Inc.*, 2012 U.S. Dist. LEXIS 49160, *13, *37 (N.D. Cal. Apr. 6, 2012) (3%-5% accepted as "common" in consumer class actions). Here, with the submission rate already at 2.5% as of October 29, there is no reason to suppose that this is an exceptionally low claim-rate settlement. The fact that 90% or more of a consumer class gets no compensation is typical, and it is not a bar to approval.

### 2. The One-Year Claims Period Is Sufficiently Lengthy.

Mr. Quinn argues that "the claims period is far too short" and that "the design defect may cause Wi-Fi problems that manifest for the first time after the claims period ends." (Quinn Objection at 5.) This argument is belied by the facts.

Some people experience Wi-Fi slowness with the U310 and U410 computers while others do not, mostly because of different environments and usages. But everyone who experiences it does so immediately.

The very crux of the Second Amended Complaint is that Lenovo rolled out the U310 and U410 computers in June of 2012 (¶ 33) and by July of 2012 was faced with a barrage of complaints about Wi-Fi slowness (¶ 35). Indeed, Plaintiffs have specifically alleged that the Wi-Fi problem manifested itself "immediately." (Second Am. Compl., ¶ 35.) Class representative Garrett Kacsuta bought his computer on January 29, 2013 (Order Granting in Part Defendant's Motion to Dismiss at 1) and filed his original suit three weeks later, on February 21, 2013. His Complaint alleged that "[t]he Wi-Fi Defect manifested in all IdeaPad Notebooks almost immediately after the purchase of the IdeaPad Notebooks." (Complaint, ¶ 88.)

No one has ever claimed that Wi-Fi slowness problems arose more than a year after purchase. It is not physically logical. More important, manifestation outside the one-year warranty period changes the analysis that led to the CLRA claim surviving

the motion to dismiss. *See Baba v. Hewlett-Packard Co.*, 2010 WL 2486353 (N.D. Cal. June 16, 2010); *cf.* Order Granting in Part Defendant's Motion to Dismiss at 11. Manifestation outside the warranty changes the CLRA analysis because it increases the "risk of broadening warranty protections." (Order at 11, n. 4.)

In short, the one-year claim period here is plenty long enough for any persistent Wi-Fi problem to manifest itself.

### 3. The Compensation To Harmed Class Members Is Fair.

Mr. Quinn does not dispute the ultimate value calculated by Lenovo's expert, but argues that the "ultimate payout to class members" is inadequate. (Quinn Objection at 5.) While the expected payout is far below the $50 million estimated by Class Counsel, it is still substantial. More important, the individual payouts to affected class members are very substantial – up to $250 in value per person. This reflects a significant percentage of original value (Mr. Quinn's computer cost $665), especially where, as the Court has noted, the Wi-Fi issue is only a matter of convenience and leaves most functions of the computer unaffected. (Order Granting in Part Defendant's Motion to Dismiss at 7.)

If a class member has a persistent Wi-Fi problem, he or she can obtain substantial relief. If no such problem exists, then there is no true harm and there will be no recovery.[1] This is the epitome of a fair settlement.

### 4. While Class Counsel's Fee Request Is Excessive, The Court Can Remedy This By Awarding Only Reasonable Fees.

Lenovo agrees with Mr. Quinn that the fee request is grossly excessive. However, Lenovo disagrees that this constitutes a reason to disapprove of the settlement. Fees should be reasonable, and should not exceed the true value to the class. But that can be accomplished here. The Court should award reasonable fees.

---

[1] Mr. Quinn argues that some people may have an internet slowness issue that does not rise to the level of "persistent." Lenovo submits that the harm to such a person, if any, is immaterial. Intermittent slowness is the experience of every user of every computer, because Wi-Fi speeds are affected by so many factors. Moreover, if a person resolved his or her slowness problem by changing power settings, installing an updated driver, or making software adjustments, this too is a normal part of operating a computer and does not reflect material harm.

3
LENOVO'S RESPONSE TO OBJECTIONS OF CLASS MEMBERS WEIWEI WU AND DOUGLAS QUINN

1 The class will not be harmed by that. *See, e.g., Wolph v. Acer Am. Corp.*, 2013 U.S.
2 Dist. LEXIS 151180 (N.D. Cal. Oct. 21, 2013) (reducing fees and approving
3 settlement).

### B. RESPONSE TO OBJECTION OF WEIWEI WU

The Wu Objection states: "what I would like is an option to return the laptop to Lenovo and [sic] a whole refund." (Wu Objection at 1.) While Lenovo understands Mr. or Ms. Wu's frustration, this settlement is a compromise of a disputed claim. It almost never happens in class action settlements (or any settlement, for that matter) that class members receive 100% of their damages. Many class actions have been approved where class members received just a few dollars in coupons. Here, a class member like Mr. or Ms. Wu can obtain $100 or a credit certificate worth up to $250, which represents a substantial percentage of the value of the computer. Lenovo submits that the settlement provides fair and reasonable compensation to persons such as Weiwei Wu.

### C. CONCLUSION

In a class of over 83,000 persons, the fact that only two people filed objections supports approval of the settlement. *See Roberts v. Electrolux Home Prods.*, 2014 U.S. Dist. LEXIS 130163, *28-29 (C.D. Cal. Sept. 11, 2014) and cases cited therein; *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of the proposed class settlement action are favorable to class members"). The objections should be overruled, the settlement should be approved, and Class Counsel should be awarded only such fees as are reasonable as outlined in Lenovo's Memorandum of Points & Authorities in Opposition to Class Counsel's Fee Request.

//
//
//

Dated: December 1, 2014     Respectfully submitted,

DYKEMA GOSSETT LLP

By: */s/ Daniel J. Stephenson*
    Daniel J. Stephenson
    Attorneys for Defendant
    LENOVO (United States), INC.