**KIESEL LAW LLP**
Paul R. Kiesel (Bar No. CA 119854)
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

**PARADIS LAW GROUP, PLLC**
Paul O. Paradis, Esq. (Pro Hac Vice)
Gina M. Turafo, Esq. (Pro Hac Vice)
570 Seventh Avenue – 20th Floor
New York, New York, 10018
Telephone (212) 986-4500
Facsimile: (212) 986-4501

Interim Class Counsel

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT KACSUTA and MICHAEL WHEELER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LENOVO (United States) Inc., <br><br> Defendant. | Case No. SACV 13-00316-CJC(RNBx) <br><br> **DECLARATION OF PAUL O. PARADIS IN SUPPORT OF CLASS COUNSELS' APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** <br><br> Hearing Date: December 15, 2014 <br> Time:          1:30 p.m. <br> Department:   Courtroom 9B <br> Judge:         Cormac J. Carney |

1

I, Paul O. Paradis, under penalty of perjury, hereby declare that the following is true and correct to the best of my knowledge and belief:

1.      I am over the age of 18 and am fully familiar with the facts and circumstances set forth herein and could competently testify thereto if called upon to do so.

2.      I am a Partner of the Paradis Law Group, PLLC, one of the Court-appointed Interim Class Counsel for Plaintiffs and the Class in this action.   I submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Request for Attorneys' Fees, Reimbursement of Expenses and Plaintiffs' Reimbursement Awards in the above-entitled action.

3.      Class Counsel conducted confirmatory discovery in this action in two phases.   The first phase of confirmatory discovery involved Class Counsel independently confirming that the Repair Option had real value to Class members, *i.e.*, that the relief provided for by the Repair Option component of the Settlement was, in fact, not already being provided by Lenovo at no cost to Class members regardless of warranty status.   The second phase of confirmatory discovery involved Class Counsel obtaining sworn testimony from one or more Lenovo officials with personal knowledge of specific facts necessary to confirm the fairness, reasonableness and adequacy of the settlement.

4.      During the first phase of confirmatory discovery, Class Counsel undertook the following actions.  In mid August 2014, I personally instructed Mr. Joon Yoo to:

        i.      telephonically contact Lenovo's customer service center while posing as an owner of a Lenovo Model U310 laptop computer;

       ii.      inform the Lenovo customer service representative that the U310 Computer in question had repeatedly experienced an inability to connect to the Internet via Wi-Fi using the U310 Computer;

DECLARATION OF PAUL O. PARADIS IN SUPPORT OF CLASS COUNSELS' APPLICATION
FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

iii.   inform the Lenovo customer service representative that Mr. Yoo had read about a Wi-Fi shielding installation procedure that could be performed by Lenovo on U310 and U410 laptop computers in an August 9, 2012 community post published on p. 27 of the following Lenovo Community Forum http://forums.lenovo.com/t5/IdeaPad-Y-U-V-Z-and-P-series/My-new-u310-gives-really-low-speeds-on-wifi/td-p/790527/page/27; and

iv.   request to have Lenovo perform this Wi-Fi shielding installation procedure on the U310 Computer.

5.   On August 20, 2014, I participated in a conversation with Mr. Yoo during which he informed me that that he had telephonically contacted Lenovo's Customer Service Department and spoken with a Lenovo Customer Service Representative and a Lenovo Customer Service Supervisor and requested that the Wi-Fi mask installation service be performed on his U310 computer at no charge to him.

6.   During the same conversation, Mr. Yoo further informed me that, both the Lenovo Customer Service Representative and Lenovo Customer Service Supervisor who he had spoken with informed him that, because the warranty on the U310 Computer had expired on October 31, 2013, there would be an upfront charge of $99.00 to have a Lenovo technician examine and diagnose his U310 laptop computer.

7.   During this same conversation, Mr. Yoo further informed me that, when he sought to confirm the accuracy of the information provided by the initial Lenovo Customer Service Representative with whom he spoke by speaking to a Lenovo Customer Service Supervisor, that Supervisor reiterated what the initial Lenovo Customer Service representative had told Mr. Yoo and once again stated that, because the warranty on the U310 Computer expired in October 2013, there

3

DECLARATION OF PAUL O. PARADIS IN SUPPORT OF CLASS COUNSELS'APPLICATION
FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

1  was no way the Wi-Fi mask installation could be performed on the U310 Computer

2  unless Mr. Yoo agreed to pay for this service procedure.

3       8.    To further confirm that Lenovo *would not* perform the Wi-Fi shielding

4  installation procedure unless Mr. Yoo actually paid Lenovo, I then instructed Mr.

5  Yoo to send the U310 Computer bearing Serial Number: QB05966757 to Lenovo's

6  service center in Grapevine, Texas for evaluation by Lenovo's technicians.  Soon

7  after I had provided these instructions to Mr. Yoo, he informed me that he had

8  complied with my instructions.

9       9.    On or about August 25, 2014, Mr. Yoo informed me that he had

10  received an email from Lenovo entitled "Billable Repair Quotation," which is

11  annexed as Exhibit G to Mr. Yoo's Declaration.  In relevant part, this email states

12  that, because the warranty on the U310 Computer expired in October 2013,

13  Lenovo was treating the service procedure for installing the Wi-Fi shielding mask

14  in the U310 Computer as an "Out of Warranty Repair" and that the cost for

15  installing the Wi-Fi mask in the U310 Computer as an "Out of Warranty Repair"

16  was $269.00.

17       10.    On August 27, 2014, Mr. Yoo informed me that he had received a

18  telephone call voice mail from a Lenovo representative that afternoon informing

19  him that, if Mr. Yoo did not make the required $269.00 payment, the Wi-Fi

20  shielding mask would not be installed in the U310 computer, and Lenovo would

21  return the U310 computer to Mr. Yoo without having installed the Wi-Fi shielding

22  mask.

23       11.    On August 29, 2014, Mr. Yoo informed me that he had received a

24  second telephone call voice mail from a Lenovo representative just after 5 PM ET

25  again informing him that, if Mr. Yoo did not make the required $269.00 payment,

26  the Wi-Fi shielding mask would not be installed in the U310 computer, and

27

28

1   Lenovo would return the U310 computer to Mr. Yoo without having installed the
2   Wi-Fi shielding mask.

3     12. In the early evening of September 1, 2014, Mr. Yoo informed me that
4   he had received a third phone call from a Lenovo representative just after 6 PM ET
5   again informing him that, if Mr. Yoo did not make the required $269.00 payment,
6   the Wi-Fi shielding mask would not be installed in the U310 computer, and
7   Lenovo would return the U310 computer to Mr. Yoo without having installed the
8   Wi-Fi shielding mask.

9     13. Shortly after speaking with Mr. Yoo on September 1, 2014, I
10   instructed him to contact Lenovo's customer service center and inform the
11   representative with whom he spoke that Mr. Yoo did not want to proceed with the
12   installation of the Wi-Fi shielding mask in the U310 computer because he did not
13   want to have to pay for the service procedure.

14     14. Soon after having instructed Mr. Yoo in this manner, he informed me
15   that he had contacted Lenovo's customer service center telephonically and
16   followed my instructions. During the same conversation, Mr. Yoo further
17   informed me that the Lenovo customer service representative with whom he spoke
18   responded by informing Mr. Yoo that, because he was unwilling to pay for the Wi-
19   Fi mask to be installed, Lenovo would be returning the U310 computer without
20   installing the Wi-Fi shielding mask.

21     15. The second phase of confirmatory discovery involved Class Counsel
22   obtaining sworn testimony from a Lenovo official with personal knowledge of
23   specific facts necessary to confirm the fairness, reasonableness and adequacy of
24   the Settlement. To do so, I drafted two declarations. The first declaration
25   concerned sales and return information and the second declaration concerned the
26   remedial measures taken by Lenovo concerning the Wi-Fi shielding fix.  I emailed
27   both draft declarations to Defendant's Counsel on October 3, 2014.

28

DECLARATION OF PAUL O. PARADIS IN SUPPORT OF CLASS COUNSELS'APPLICATION
FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

16.    On October 6, 2014 at 1:19 PM, Defendant's Counsel responded via email and proposed alternative language for inclusion in the draft declaration concerning the remedial measures taken by Lenovo concerning the Wi-Fi shielding fix.   The language Defendant's Counsel proposed to include in this declaration stated in relevant part:

> The design update was implemented at the factory starting in late July 2012. With respect to the U310 and U410 laptops manufactured before the update, Lenovo has implemented the update *free of charge* for any US customer submitting the laptop for the service.

(Emphasis added).   Defendant's Counsel concluded his email by stating, "let me know if you have any problems with the below substantive paragraphs."   *See* Exhibit A hereto.

17.    Because I had previously been involved in conducting the first phase of confirmatory discovery, I knew that the phrase "*free of charge*," which Defendant's Counsel was now proposing be included in this declaration, was false because Lenovo was *not* installing the Wi-Fi shielding "*free of charge to any customer who complained, regardless of whether the unit was under warranty,*" as both Lenovo and Dr. Martin now falsely claim.

18.    Accordingly, late in the afternoon on October 6, 2014, I telephoned Defendant's Counsel and informed him that, Plaintiffs would not agree to the inclusion of the phrase "*free of charge*," which Defendant's Counsel was now proposing be included in this declaration because I knew that this was, in fact, not true because Lenovo was charging Class members who sought to have the Wi-Fi shielding fix installed on laptops that were out of warranty.   Defendant's counsel responded that he would have to speak with his client and would respond further after having done so.

19.    At 6:48 PM later that same day, Defendant's Counsel emailed me and stated in relevant part that the "*free of charge*" language of the declaration that I

had objected to would *not* be included in the final version of the executed declaration.   Defense Counsel's email stated in relevant part, "'***Free of charge' has been removed***."   *See* Exhibit B hereto.   (Emphasis added).

20.   Prior to Plaintiff Wheeler becoming involved in the *Kacsuta* Action, I informed Defendant that I would speak with Plaintiff's Counsel in the *Wheeler* Action and request that the *Wheeler* Action be stayed before the motion to dismiss was briefed and litigated in the *Wheeler* Action.   This offer was squarely rejected by Defendant, who expressed its desire to continue to simultaneously litigate both cases until the mediation was concluded and *Wheeler* agreed to join the *Kacsuta* Action.

21.   Class Counsel has identified at least 53 websites that have published stories about the Settlement.

22.   On September 27, 2014, Ms. Wei Wei Wu ("Wu") filed an objection with the Court and sent copies to Class Counsel.   A true and correct copy of Ms. Wu's objection is attached as Exhibit C hereto.

23.   On November 20, 2014, Mr. Douglas Quinn ("Quinn") filed an objection to the Settlement.   A true and correct copy of Mr. Quinn's objection is attached as Exhibit D to the Paradis Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed this 1st day of December, 2014 at New York, New York.

Paul O. Paradis

DECLARATION OF PAUL O. PARADIS IN SUPPORT OF CLASS COUNSELS' APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

# PARADIS

# DECLARATION

# EXHIBIT

# A

## Paul Paradis

**From:** Stephenson, Daniel [DStephenson@dykema.com]
**Sent:** Monday, October 06, 2014 1:19 PM
**To:** Paul Paradis
**Subject:** Rule 408 - Declaration re Hardware fix

Paul, I have identified the person who will do the hardware declaration – he may do the other one too, though we haven't turned to it yet. He's a VP and pretty high up, so he's basing it on info available to him. Based on discussions with him, I think we could do the below language. Most importantly, note that we're okay with "significantly improved." Lenovo is reluctant to give much detail about specific tests and specific designs due to proprietary information concerns, but I don't think it's necessary to get into that anyway. Let me know if you have any problems with the below substantive paragraphs:

1. In response to these customer posts, Lenovo commenced an investigation. The investigation included receiving additional information from users and extensive testing of sample U310 and U410 models. In July and August of 2012, Lenovo's engineering team identified a remedial measure that involves a design update to the Lenovo U Series Computers (the "Remedial Measure"). The update involved adding RF shielding inside the cover of the laptop.

2. In order to test the efficacy of the Remedial Measure, Lenovo's engineering team obtained U310 and U410 computers from several additional customers and implemented the design update to their laptops. The wireless capabilities of these laptops were significantly improved as a result of the update, and the customers were satisfied. Those customers performed their own comparison tests which confirmed Lenovo's tests.

3. After conducting these tests, Lenovo continued to monitor complaints and Forum posts, the number of which reduced dramatically after the design update was implemented.

4. The design update was implemented at the factory starting in late July 2012. With respect to U310 and U410 laptops manufactured before the update, Lenovo has implemented the update free of charge for any US customer submitting their laptop for this service.

Dan

Dykema | **Daniel J. Stephenson** | 213-457-1780 Direct | 333 South Grand Avenue, Suite 2100
| Member | 213-457-1800 Main | Los Angeles, California 90071
| DStephenson@dykema.com | 855-223-7056 Fax | www.dykema.com

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

# PARADIS

# DECLARATION

# EXHIBIT

# B

# Paul Paradis

**From:** Stephenson, Daniel [DStephenson@dykema.com]
**Sent:** Monday, October 06, 2014 6:48 PM
**To:** Paul Paradis
**Subject:** Lenovo

Paul, we have a single declarant signing for both pieces, so I have combined them into a single Declaration. I'm not positive we'll have the signed version today but tomorrow for sure. You asked about the numbers. The combined U310 and U410 sales number is 83,320. The number of service orders related to or including wi-fi is 119.

"Free of charge" has been removed and we'll retain "in lieu of deposition."

Dan

**DYKEMA** | **Daniel J. Stephenson** | 213-457-1780 Direct | 333 South Grand Avenue, Suite 2100
| Member | 213-457-1800 Main | Los Angeles, California  90071
| DStephenson@dykema.com | 855-223-7056 Fax | www.dykema.com

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

# PARADIS

# DECLARATION

# EXHIBIT

# C

To Whom It May Concern:

My name is Weiwei Wu and I am an Lenovo customer. I am writing this letter to object the class settlement agreed by Lenovo's counsel and the Plaintiffs. What I would like is an option to return the laptop to Lenovo and a whole refund since they failed to provide the reliable product as they claimed and the settlement is not fair for the customers.

Since I got the laptop, the wifi connection has been on and off. At first I thought it maybe the wifi signal in the house, but the wifi connection on my husband's laptop, the Sumsung Android tablet and my iPhone have been working pretty well. After several months I just gave up and purchase a tablet for daily usage. I checked it up later and found out on the forum of Lenovo website many other customer had the same experience and Lenovo is still selling the model without any notice of the shortage of the product. However, the deadline to return my laptop had passed and their customer services is definitely not the best in business. I understand that things break and sometimes we can just fix it or move on if it has worn out. But my laptop is the case. It bears the critical fault due to Lenovo's intention to save money. The cheap products they are making are sold due to "discount". This marketing strategy has to be punished not just corrected.

My Lenovo U410 ordering information:
I placed the order for an IdeaPad U410 Ultrabook ( model No. 59372339, serial No. QB07116520) on July 3rd, 2013 on-line.
My Address: ███████████ North Potomac, Maryland, ██████
Phone No.: ██████████
Email: ████████████████

Attached is my order and shipping confirmation email from Lenovo.

If you need any other information, please reach me via email. Thank you.

Best,

Sep 26th, 2014



# **Shipping Confirmation**

Dear Weiwei Wu ,

We appreciate your order of Lenovo product(s). All or part of your order has shipped. In some instances orders are shipped from more than one location, which will result in multiple email notifications. Please note you will only be invoiced for products that have shipped.

For details of your order, or to track status online, visit Lenovo's Order Status website or click on this link: http://ovp.lenovo.com/lenovo-ovp/public/showDetail!showPublicOrderDetail.action? orderNumber=4242888242&email=iailhc@gwmail.gwu.edu

> Get home delivery on YOUR schedule. Avoid missed delivery attempts.
> Sign up for UPS My Choice(SM). It's free and easy.
> http://www.ups.com/mychoice/index.html?WT.mc_id=MM_03_13

| Shipping address | Billing address | Order information |
|---|---|---|
| Weiwei Wu | Weiwei Wu | Customer number: 2905202719 |
| | | Order number: 4242888242 |
| North Potomac MD | North Potomac MD | |

| Qty | Part number | Description | Status | Price | Total |
|---|---|---|---|---|---|
| 1 | 59372339 | IdeaPad U410 Ultrabook - 59372339 - Ruby -System details | **Shipped** 1ZAF6883DG02715821 | $ 649.00 | $ 649.00 |
| | | | Subtotal | | $ 649.00 |
| | | | Environmental Fee | | $ 0.00 |
| | | | Taxes | | $ 38.94 |
| | | | Total | | $ 687.94 |

If you have any questions about your order please call Lenovo Customer Service at 855-2-LENOVO (855-253-6686) or email websales@lenovo.com. Please include your Customer number and Order number in any communications to help us serve you more quickly.

Thank you for purchasing from Lenovo.

**Lenovo** <lenovo@lenovo.com>
to me

☞ 7/3/13

Lenovo
lenovo@lenovo.com



# Order Confirmation

Add to contacts   Emails

Dear Weiwei Wu,

Thank you for your recent purchase of Lenovo product (s), below are details of your order. You can track the status of your order online by visiting Lenovo's Order Status website or click on this link:
http://ovp.lenovo.com/lenovo-ovp/public/showDetail!showPublicOrderDetail.action?
orderNumber=4242888242&email=jailhc@gwmail.gwu.edu

Once your order has been shipped you will receive a shipping confirmation email. Please note some orders are shipped from multiple locations. If shipping charges are applicable, you will only be billed for a single shipping charge.

| Shipping address | Billing address | Order information |
|---|---|---|
| Weiwei Wu | Weiwei Wu | Date and time: 03/07/2013 10:50 EST |
| | | Customer number: 2905202719 |
| North Potomac MD | North Potomac MD | Order number: 4242888242 |
| | | Payment method: Credit Card |

| Qty | Part no. | Description | Price | Total |
|---|---|---|---|---|
| 1 | 59372339 | IdeaPad U410 Ultrabook - 59372339 - Ruby -System details | $ 649.00 | $ 649.00 |

| | |
|---|---|
| Subtotal | $ 649.00 |
| Environmental Fee | $ 0.00 |
| Taxes | $ 38.94 |
| Total | $ 687.94 |

Your order is being processed and no updates can be made a this time. If you have questions about your order please call Lenovo Customer Service at 855-2-LENOVO (855-253-6686) or email websales@lenovo.com. Please include your Customer number and order number in any communication to help us serve you more quickly.

Thank you for purchasing from Lenovo.

# PARADIS

# DECLARATION

# EXHIBIT

# D

1　Timothy R. Hanigan (Bar No. 125791)
　Lang, Hanigan & Carvalho, LLP
2　21550 Oxnard Street, Ste. 760
　Woodland Hills, California 91367
3　Tel: (818) 883-5644
4　Fax: (818) 704-9372
　Email: trhanigan@gmail.com
5　*Attorneys for Class Member/Objector*
　*Douglas Quinn*
6

7
　　　　　UNITED STATES DISTRICT COURT
8
　　　　　CENTRAL DISTRICT OF CALIFORNIA
9

10　|　| Case No. SACV 13-00316-CJC(RNBx)

11　GARRETT KACSUTA, individually and on behalf
12　of all others similarly situated,

**OBJECTION OF CLASS MEMBER DOUGLAS QUINN TO PROPOSED CLASS ACTION SETTLEMENT**

13　　　　Plaintiffs,

Fairness Hearing Date: December 15, 2014
14　v.　Time: 1:30 p.m.

15　LENOVO (United States) Inc.,　Judge: Cormac J. Carney
　　　　　　Courtroom: Courtroom 9B
16　　　　Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

**Objector Information And Standing**

The name and case number of this action is above.  Objector's full name, address and telephone number is as follows:

> Douglas Quinn
> 99 N Post Oak Lane, # 3102
> Houston, Texas  77024-7727
> 713-828-0001

Objector is a class member and therefore has standing to object.  Objector purchased a Lenovo IdeaPad U310, Serial Number QB07392976.  A copy of Objector's declaration is attached as Exhibit A and is incorporated by reference as though set forth in full.  Objector purchased this computer in order to be able to object to this proposed settlement and to the proposed award of attorneys' fees as set forth below.

Objector is represented by Lang, Hanigan & Carvalho, LLP, contact information below, and Bandas Law Firm, PC., 500 N. Shoreline Blvd., Suite 1020, Corpus Christ, Texas 78401, 361-698-5200  Chris Bandas of Bandas Law Firm, PC does not presently intend on making an appearance for himself or his firm.  Objector does not intend on appearing at the fairness hearing in this case either in person or through counsel.

The reasons Objector objects are below and, in addition, Objector incorporates by reference all other objections, if any, filed in opposition to this proposed settlement or to the proposed award of attorneys' fees that are not inconsistent with this objection.  In addition, to the extent they are not inconsistent with the arguments and authorities contained herein, Objector incorporates by reference the arguments and authorities contained in Lenovo's Memorandum of Points and Authorities in Response to Plaintiffs' Motion for Final Approval of Settlement and

2

1   Class Counsel's Request for Attorneys' Fees (DKT#73) ("Lenovo's Memorandum").[1]  Objection

2   is made to any requirement to object that is not contained in the notice and/or that is not satisfied

3   herein, including not limited to the requirement that the objection be personally signed by an

4   objector represented by counsel.  Objection is made to any settlement provision that purports to

5   limit the right of class members to object or appeal.

6

7                              **The Settlement Is Not Fair, Adequate and Reasonable**

8           Under Rule 23(3)(2) of the Federal Rules of Civil Procedure, a proposed class action

9   settlement may only be approved if it is shown to be "fair, adequate and reasonable."  "In

10  reviewing a proposed settlement, a court should not apply any presumption that the settlement is

11  fair and reasonable." Am. Law Institute, *Principles of the Law of Aggregate Litig.* § 3.05(c)

12  (2010).  "The burden of proving the fairness of the settlement is on the proponents." *In re Dry*

13  *Max Pampers Litig.*, 724 F.3d 713, 717-18 (6th Cir. 2013) (internal quotations omitted).  The

14  proponents of this settlement have not satisfied their burden of proving fairness, and objection is

15  made on that basis.

16

17          This is a claims-made settlement.  In order to file a claim, a class member is instructed as

18  follows:

19                  a.  provide  a  copy  of  your  purchase  receipt/invoice  and/or
20                  documentation sufficient to evidence your purchase of a Lenovo
                    Ultrabook  Model  U310  or  Lenovo  Ultrabook  Model  U410
21                  computer.  Documentation  sufficient  to  evidence  your  purchase
                    may include a sales receipt, credit card or other account statement,
22                  shipping  manifest,  purchase  order  or  other  similar  documentation
                    evidencing  purchase  of  your  Lenovo  Ultrabook  Model  U310  or
23                  Lenovo Ultrabook Model U410 computer; and

24

25  [1]  Objector does not agree with nor does he adopt the conclusion in Lenovo's Memorandum that
26  the proposed settlement is fair, adequate and reasonable and should be approved by the Court.
    Objector does adopt the arguments and authorities in opposition to Class Counsel's proposed
27  award of attorneys' fees and expenses.

28
                                                                                    3

b.  provide the information required in the "Declaration" section below, then date and sign the "Declaration" section under penalty of perjury.

The declaration must state, among other things, that "[t]he computer(s) identified in the preceding paragraph has/have experienced a persistent inability to connect to Wi-Fi networks and/or to attain Wi-Fi data transmission/reception at speeds sufficient to allow me to engage in Internet browsing while the computer(s) are within the range of a wireless Wi-Fi router."

Thus, in order to file a claim, a class member must sign a claim form attaching proof of purchase documents for the subject computer and must make the above declaration under penalty of perjury. As an initial matter, the proposed settlement is unfair because, according to Lenovo, most class members cannot qualify to file a claim. This is especially troubling because this case involves allegations of a design defect in the subject computers. Lenovo gets a broad release from anyone who purchased a computer with a design defect but asserts less than half of the class will even qualify for a payment. *See infra.* Objection is made that no consideration is provided for the majority of the class members who provide a valuable release to Lenovo but get nothing in return.[2] Anyone who purchased an allegedly defective computer should receive something in return for giving up the right to sue Lenovo regardless of whether that defect has manifested or not by the end of the claims period and regardless of whether the class member retained a proof of purchase.

The settlement is unreasonable also because the claims process is so difficult and the language of the required sworn declaration so broad and ambiguous (e.g., what constitutes a "persistent" inability or "sufficient" speed?) that it will discourage valid claims from the

---

[2] Objection is also made to the adequacy of Class Counsel and the Class Representatives for agreeing to a settlement whereby any, let alone a majority, of the class members are completely ineligible for any relief. Lenovo's Memorandum at 2-3.

minority of claimants that may have a right to make a claim. It was clearly calculated to do so, as Lenovo opines that the ultimate payout to class members may be as low as $1.06 million. One would expect the payout and claims rate to be far lower even than this projection given the unreasonable claims process and requirements described above. This is a terribly unfair result in this case that renders the settlement unfair, inadequate and unreasonable. To date, not surprisingly, only a relatively tiny number of claims have been filed. *See generally* Lenovo's Memorandum.

Moreover, in the absence of an appeal, the claims period is far too short in this case. The design defect may cause Wi-Fi problems that manifest for the first time after the claims period ends. These problems are entirely uncompensated under the proposed settlement. Moreover, according to Lenovo, "a significant percentage of class members were not harmed, or did not experience harm above the specified threshold, and are not eligible for any remedy." Lenovo's Memorandum at 2. Indeed, even Lenovo acknowledges that a class member may be harmed in the past, but the harm may not be sufficient to qualify for benefits under the proposed settlement. Lenovo acknowledges that "[f]irst, the majority of class members are not even eligible to make a claim due to the eligibility requirements. Class Counsel has not attempted to quantify this. Second, it is well known that in consumer claims-made settlements, fewer than 10% of class members typically make claims. Again, Class Counsel makes no attempt to quantify this. Third, the repair option is the least attractive option of the three, and adds no significant value." Lenovo's Memorandum at 3. Lenovo wishes to have it both ways: to obtain approval of this settlement but to also substantially reduce the proposed award of fees and expenses. In the end, this gambit will not work. Lenovo's argument makes clear that this is an exceptionally weak settlement and as such is unfair, unreasonable and inadequate.

**Class Counsel's Request For Approval
Of Its Attorneys' Fee And Expense Award Should Be Denied**

Class Counsel and Lenovo correctly cite the applicable law concerning the award of attorneys' fees and expenses in the Ninth Circuit.  As Class Counsel explains, there are two recognized ways of determining a reasonable fee in the context of a class action settlement: percentage of recovery and lodestar.  Class counsel proposes a lodestar analysis with a percentage of recovery cross-check.  This is a permissible methodology, but in light of the glaring deficiencies in this settlement, if any lodestar multiplier is applied it should be a negative number.  It is true that 25% is the "benchmark" in the Ninth Circuit, but that should be a benchmark based on what the class actually receives.  *See eg., In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947-49 (9th Cir. 2011).  The suggestion that the class may receive anywhere near $50 million is absurd.  Here, Class Counsel seeks a fee and expense award that is orders of magnitude greater than what the class will likely receive.  The proposed award of fees and expenses should be calculated as a reasonable percentage of what the class actually receives and the lodestar multiplier should be a negative number.  As explained in Lenovo's Memorandum, the proposed award of attorneys' fees and expenses is grossly excessive.  For the sake of brevity, Lenovo's arguments and authorities in opposition to such fees and expenses are adopted here in opposition to the proposed award of fees and expenses.

Dated: November 20, 2014                     Respectfully submitted,

                              By:     /s/ Timothy R. Hanigan
                                      Timothy R. Hanigan  (Bar No. 125791)
                                      LANG, HANIGAN & CARVALHO, LLP
                                      21550 Oxnard Street
                                      Suite 760
                                      Woodland Hills, CA 91367
                                      Tel: (818) 883-5644
                                      Fax: (818) 704-9372
                                      Email: trhanigan@gmail.com

6

1    For the foregoing reasons, I object to this settlement.

2

3    DATED: November 20, 2014.

4

5                          Douglas Quinn

6                          99 N Post Oak Lane, # 3102
                          Houston, Texas  77024-7727

7                          713-828-0001

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                           7

CASE NO. SACV 13-00316-CJC(RNBx)
OBJECTION OF CLASS MEMBER DOUGLAS QUINN TO PROPOSED CLASS ACTION SETTLEMENT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system. I also certify that all participants in the case have served via facsimile

CLASS COUNSEL FOR PLAINTIFFS AND
THE SETTLEMENT CLASS:

**VIA FACSIMILE:  (212) 986-4501**
Gina M. Tufaro, Esq.
Paradis Law Group, PLLC
570 Seventh Ave. - 20th Fl.,
New York, NY 10018

COUNSEL FOR LENOVO:

**VIA FACSIMILE:  (213) 457-1850**
Dan Stephenson, Esq.
Dykema Gossett PLLC
333 South Grand Avenue - Suite 2100
Los Angeles, CA 90071

I declare under penalty of perjury under the laws of the United States of America that then foregoing is true and correct. Executed this 20th day of November, 2014, at Woodland Hills, CA.


/s/ *Timothy R. Hanigan*
Timothy R. Hanigan

8

# EXHIBIT

# "A"

## DECLARATION OF DOUGLAS QUINN IN SUPPORT
## OF OBJECTION TO CLASS ACTION SETTLEMENT IN
### *KACSUTA V. LENOVO (UNITED STATES) INC.*

Comes now DOUGLAS QUINN and states the following under oath and under penalty

of perjury as follows:

"My name is Douglas Quinn. I am over the age of eighteen (18) years. I have

never been convicted of a felony. I am qualified and competent to make this

affidavit. The facts stated herein are within my personal knowledge."

"My address is 99 N. Post Oak Lane, #3102, Houston, Texas 77024-7727. I am a

resident of Houston, Texas."

"Sections 22 and 23 in the Settlement Agreement provide as follows:

> 22. "Settlement Class" means all persons who purchased a Lenovo
> Ideapad ® model U310 or U410 Ultrabook computer in the United
> States at any time through the date of the entry of the Order of
> Final Approval. Excluded from the Settlement Class are the Judge
> and Magistrate Judge to whom this case is assigned, and any
> members of their immediate families.
> 23. "Settlement Class Member" means any person included within
> the Settlement Class, which includes any person who does not
> timely exercise his or her right to opt out of the Settlement Class
> pursuant to Section VII herein."

"I am a member of the proposed Settlement Class based on the above. I am a person who

purchased a Lenovo IdeaPad, Serial Number QB07392976, Model U310 Ultrabook

computer in the United States. A copy of my proof of purchase is attached."

"I object to the proposed settlement of *Kacsuta v. Lenovo (United States) Inc.*, Civil

Action No. SACV 13-00316-CJC(RNBx) for the reasons stated in my objection."

Executed this the 20th day of November, 2014, at Houston, Texas."

Douglas Quinn

2

From: "auto-confirm@amazon.com" <auto-confirm@amazon.com>
Date: November 17, 2014 at 4:03:58 PM CST
To: Doug Quinn <dogqueen1@gmail.com>
Subject: Your Amazon.com order of "Lenovo IdeaPad U310...".
Reply-To: "auto-confirm@amazon.com" <auto-confirm@amazon.com>

Your Recommendations

| Your
Account |
Amazon.com



## Order Confirmation

Order #109-0164249-3763419

### Hello Doug Quinn,

Thank you for shopping with us. We'll send a confirmation once your item has shipped. Your order details are indicated below. The payment details of your transaction can be found on the order invoice. If you would like to view the status of your order or make any changes to it, please visit Your Orders on Amazon.com.

Your guaranteed delivery date is:
**Wednesday, November 19, 2014**

Your shipping speed:
**One-Day Shipping**

Your order will be sent to:
**Doug Quinn
99 N POST OAK LN # 3102
HOUSTON, TX 77024-7727
United States**



GET $70 INSTANTLY when you get the Amazon.com Rewards Visa Card  Learn more

## Order Details

Order #109-0164249-3763419
Placed on Monday, November 17, 2014



Lenovo IdeaPad U310 13.3-Inch Touchscreen Ultrabook (Graphite Gray)
Personal Computers
Sold by Legendary Juny          **$665.00**
Condition: New

| Item Subtotal: | $665.00 |
| Shipping & Handling: | $29.93 |

| Total Before Tax: | $694.93 |
| Estimated Tax: | $0.00 |
| Order Total: | **$694.93** |

To learn more about ordering, go to Ordering from Amazon.com.
If you want more information or need more assistance, go to Help.

Thank you for shopping with us.
**Amazon.com**

Frequently Bought With Lenovo IdeaPad U310 13.3-Inch To...



Case Logic LAPS-113 13.3-Inch
Laptop / MacBook...
$15.09 ✓Prime



Samsung USB 2.0 Ultra Portable
External DVD...
$38.84



Case Logic LAPS-113 13.3-Inch
Laptop / MacBook...
$17.09 ✓Prime

The payment for your invoice is processed by Amazon Payments, Inc. P.O. Box 81226 Seattle,
Washington 98108-1226. If you need more information, please contact (866) 216-1075

Unless otherwise noted, items sold by Amazon.com LLC are subject to sales tax in select states
in accordance with the applicable laws of that state. If your order contains one or more items
from a seller other than Amazon.com LLC , it may be subject to state and local sales tax,
depending upon the seller's business policies and the location of their operations. Learn more
about tax and seller information.

This email was sent from a notification-only address that cannot accept incoming email. Please
do not reply to this message.